HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

MICHAEL E. GATES
Deputy Assistant Attorney General
Civil Rights Division

MAUREEN RIORDAN
Acting Chief, Voting Section
Civil Rights Division

BRITTANY E. BENNETT
Trial Attorney, Voting Section
Civil Rights Division

U.S. Department of Justice
4 Constitution Square
150 M. Street NE
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Brittany.Bennett@usdoj.gov

Attorneys for Plaintiff, UNITED STATES OF AMERICA

1

United States of America v. Shirley Weber in her Official Capacity as Secretary of State of the State of California
COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>SHIRLEY WEBER, in her official capacity as Secretary of State of the State of California, and the STATE OF CALIFORNIA,<br><br>Defendant(s). | CASE NO:<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>ACTION SEEKING STATEWIDE RELIEF<br><br>1. VIOLATION OF CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20701, *et seq*.<br>2. VIOLATION OF SECTION 8(a)(4) and 8(i) OF THE NVRA, 52 U.S.C. § 20507(a)(4)<br>3. VIOLATION OF SECTION 303(a)(2)(B)(ii) of HAVA, 52 U.S.C. § 21083 |

## **COMPLAINT**

As President Trump said earlier this year, "[f]ree, fair, and honest elections unmarred by fraud, errors, or suspicion are fundamental to maintaining our constitutional Republic."  Exec. Order No. 14248, 90 Fed. Reg. 14005 (Mar. 25,

2

2025).  Indeed, "[t]he right of American citizens to have their votes properly counted and tabulated, without illegal dilution, is vital to determining the rightful winner of an election." *Id*.  Under our Constitution, States "must safeguard American elections in compliance with Federal laws that protect Americans' voting rights and guard against dilution by illegal voting, discrimination, fraud, and other forms of malfeasance and error." *Id*.  Without such safeguards, "[v]oter fraud drives honest citizens out of the democratic process and breeds distrust of our government." *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006).  And "[v]oters who fear their legitimate votes will be outweighed by fraudulent ones will feel disenfranchised." *Id*.

Plaintiff, the United States of America, brings this action against Shirley Weber, in her official capacity as the Secretary of State of the State of California, and alleges as follows:

## I.    **INTRODUCTION**

To prevent fraudulent votes from being cast, federal law requires that states conduct routine list maintenance procedures of their statewide voter registration databases. Accurate voter registration lists prevent the opportunity for fraud in federal elections.  The Civil Rights Division of the Department of Justice is tasked by Congress with ensuring that states conduct voter registration list maintenance to prevent the inclusion of ineligible voters on any state's voter registration list.

The United States brings this action to enforce provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501 *et seq*.; the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901 *et seq*.; and Title III of the Civil Rights Act of 1960 ("CRA"), 52 U.S.C. § 20701 *et seq*.

## **JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 2201(a); 52 U.S.C. §§ 20510(a) and 21111; and 52 U.S.C. § 20705.

United States of America v. Shirley Weber in her Official Capacity as Secretary of State of the State of California
COMPLAINT

2.     Venue is proper in this District pursuant to 28 U.S.C. §§ 84, 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendants are located in and conduct election administration activities in this District.

## II.    PARTIES

3.     Plaintiff, United States of America, through the Attorney General, has authority to enforce the NVRA, 52 U.S.C. § 20510(a), and Sections 21081 through 83, and 21083a of HAVA, 52 U.S.C § 21111. Both the NVRA and HAVA authorize the Attorney General to bring a civil action in an appropriate district court for such declaratory and injunctive relief as are necessary to carry out the relevant requirements under the statute. 52 U.S.C §§ 20510(a) and 21111.

4.     Pursuant to the CRA, 52 U.S.C. § 20705, the Attorney General may compel states to produce certain records and papers relating to the administration of federal elections.

5.     Defendant State of California is a state of the United States of America and is subject to the requirements of the NVRA, HAVA, and the CRA. 52 U.S.C. §§ 20502(4), 20503, 20701, and 21141.

6.     Defendant, Secretary of State Shirley Weber, is sued in her official capacity as chief state election official responsible for coordinating California's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; Cal. Gov't Code § 12172.5.

7.     Defendant, State of California, is a state of the United States of America and therefore is subject to the requirements of the NVRA, HAVA, and the CRA. 52 U.S.C. §§ 20502(4), 20503, 20701, and 21141.

8.     Secretary Weber is sued in her official capacity only.

## III.    STATUTORY BACKGROUND

### A. The Civil Rights Act of 1960

9.     Congress empowered the Attorney General to request records

4

United States of America v. Shirley Weber in her Official Capacity as Secretary of State of the State of California

COMPLAINT

1　pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701 *et seq*.

2　　　　10.　　Section 301 of the CRA requires state and local officials to retain and
3　preserve records related to voter registration and other acts requisite to voting for
4　any federal office for a period of twenty-two months after any federal general,
5　special or primary election. *See* 52 U.S.C. § 20701.

6　　　　11.　　Section 303 of the CRA provides, in pertinent part, "Any record or
7　paper required by Section 20701 of this title to be retained and preserved shall,
8　upon demand in writing by the Attorney General or his representative directed to
9　the person having custody, possession, or control of such record or paper, be made
10　available for inspection, reproduction, and copying at the principal office of such
11　custodian by the Attorney General or his representative…." 52 U.S.C. § 20703.

12　　　**B. The National Voter Registration Act ("NVRA")**

13　　　　12.　　The NVRA was enacted "to establish procedures that will increase the
14　number of eligible citizens who register to vote in Federal elections "while
15　"ensur[ing] that accurate and current voter registration rolls are maintained." 52
16　U.S.C. § 20501(b)(1), (4).

17　　　　13.　　Section 8 of the NVRA establishes requirements for the
18　administration of voter registration for elections for federal office in covered states,
19　including California. Section 8(a)(4) requires each state to "conduct a general
20　program that makes a reasonable effort to remove the names of ineligible voters
21　from the official lists of eligible voters by reason of" the death of the registrant, or
22　"a change in the residence of the registrant, in accordance with subsections (b), (c),
23　and (d)[.]" 52 U.S.C. §20507(a)(4)(A)-(B).

24　　　　14.　　Subsections (b), (c), and (d) set forth procedures for the removal of
25　ineligible voters from official lists of voters as part of a state's "program or activity
26　to protect the integrity of the electoral process by ensuring the maintenance of an
27　accurate and current voter registration roll for elections for Federal office[.]" *Id*. §
28　20507(b).

United States of America v. Shirley Weber in her Official Capacity as Secretary of
State of the State of California
COMPLAINT

15.     State voter list maintenance programs must be "uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965 (42 U.S.C. 1973, *et seq.*)[.]" 52 U.S.C. § 20507(b)(1); see also S. Rep. No. 103-6 at 31 (Feb. 25, 1993) ("The term 'uniform' is intended to mean that any purge program or activity must be applied to an entire jurisdiction."); accord H.R. Rep. No. 103-9 at 15 (Feb. 2, 1993) (same).

16.     Section 8(d) of the NVRA provides that a "[s]tate shall not remove the name of a registrant from the official list of eligible voters in elections for Federal office on the ground that the registrant has changed residence," unless the registrant:

A.     confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered; or

B.     has failed to respond to a [Confirmation Notice] and has not voted or appeared to vote . . . in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice. 52 U.S.C. § 20507(d)(1).

17.     Section 8(d)(2) sets forth specific requirements for the Confirmation Notice to be sent to registrants, and Section 8(d)(3) provides that a "voting registrar shall correct an official list of eligible voters in elections for Federal office in accordance with change of residence information obtained in conformance with [subsection 8(d)]." *Id.* § 20507(d)(2)-(3).

18.     Section 8 of the NVRA also provides an example of a voter list maintenance program that constitutes a reasonable effort to remove registrants who have become ineligible due to a change of residence. 52 U.S.C. § 20507(c)(1). Under this program, a state uses information from the United States Postal Service National Change of Address ("NCOA") program to identify registrants who may

United States of America v. Shirley Weber in her Official Capacity as Secretary of State of the State of California

COMPLAINT

have changed residence. 52 U.S.C. § 20507(c)(1)(A). Where it appears from the NCOA information that a registrant has moved to a new address in the same jurisdiction, the registration record is updated to show the new address, and the registrant is sent a notice of the change by forwardable mail that includes a postage-prepaid, pre-addressed return form by which the registrant may verify or correct the address information. 52 U.S.C. § 20507(c)(1)(B)(i). Where it appears from the NCOA information that a registrant has moved to a new address in a different jurisdiction, the procedure set out in Section 8(d)(2), described above, is used to confirm the address change. 52 U.S.C. § 20507(c)(1)(B)(ii).

19.     Section 8(i) of the NVRA provides that:

> "Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered." 52 U.S.C. § 20507(i)(1).

20.     Section 8(i)(2) further specifies:

> "The records maintained pursuant to paragraph (1) shall include lists of the names and addresses of all persons to whom notices described in subsection (d)(2) are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the records is made." 52 U.S.C. § 20507(i)(2).

21.     Section 10 of the NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA.  52 U.S.C. § 20509.

**C. The Help America Vote Act ("HAVA")**

United States of America v. Shirley Weber in her Official Capacity as Secretary of State of the State of California
COMPLAINT

22.     The purpose of HAVA "can be stated very simply—it is to improve our country's election system." H.R. Rep. 107-329(I) at 31 (2001). "Historically, elections in this country have been administered at the state and local level[,]" but Congress found that "the federal government can play a valuable [role] by assisting state and local government in modernizing their election systems." *Id*. at 31-32.

23.     HAVA imposes "minimum requirements" for the conduct of federal elections, which "allow the states to develop their own laws and procedures to fulfill the requirements" to the extent that they are consistent with the standards set by HAVA. *Id*. at 35.

24.     HAVA requires all states to implement "in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level," that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

25.     The computerized list required by HAVA "shall be coordinated with other agency databases within the State." 52 U.S.C. § 21083(a)(1)(A)(iv).

26.     HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records." 52 U.S.C. § 21083(a)(4). Section 303 provides that a state's "election system shall include provisions to ensure that voter registration records in the State are accurate and are updated regularly," including by use of a "system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters" and "[s]afeguards to ensure that eligible voters are not removed in error from the official list of eligible voters." *Id*.

27.     HAVA mandates that a state may not process a voter-registration application without the applicant's driver's license number, where an applicant has a current and valid driver's license, or, for other applicants, the last four digits of

United States of America v. Shirley Weber in her Official Capacity as Secretary of State of the State of California

COMPLAINT

the applicant's Social Security number. *Id.* § 21083(a)(5)(A). For applicants who have neither a driver's license nor a social security number, a state must assign a unique identifying number for voter registration purposes. *Id.* § 21083(a)(5)(A)(ii). A state must then determine the validity of the information provided by the applicant. *Id.* § 21083(a)(5)(A)(iii).

28.     HAVA applies to all fifty states, including California. 52 U.S.C. § 21141.

29.     Section 303 of HAVA incorporates by reference certain provisions of the NVRA. See 52 U.S.C. § 21083(a)(4)(A). These provisions, unless explicitly noted otherwise, apply to all states covered under HAVA. *Id.*

30.     HAVA vests the Attorney General of the United States with sole authority to "bring a civil action against any State or jurisdiction in an appropriate United States District Court for such declaratory and injunctive relief . . . as may be necessary to carry out the uniform and nondiscriminatory election technology and administration requirements under sections 21081-83, and 21083a of [HAVA]." 52 U.S.C. § 21111.

31.     HAVA contains no private right of action. See 52 U.S.C. §§ 20901 to 21145.

## IV.     FACTUAL ALLEGATIONS

32.     The U.S. Election Assistance Commission (EAC) was established by HAVA and "is an independent, bipartisan commission whose mission is to help election officials improve the administration of elections and help Americans participate in the voting process." EAC website, "About the EAC," https://www.eac.gov/about. The EAC conducts a biennial Election Administration and Voting Survey ("EAVS"), "an analysis of state-by-state data that covers various topics related to the administration of federal elections[,]" including voter registration and list maintenance. *Id.*

33.     The EAC's most recent report, "Election Administration and Voting

9

United States of America v. Shirley Weber in her Official Capacity as Secretary of State of the State of California
COMPLAINT

Survey 2024 Comprehensive Report: A Report from the U.S. Election Assistance Commission to the 119th Congress" ("2024 EAVS Report"), explains that as part of the 2024 EAVS, states "reported data on their efforts to keep voter registration lists current and accurate, known as list maintenance[,]" such as the number of confirmation notices states sent "to verify continued eligibility from registered voters[,]" and the number of voter registration records that state removed from their voter lists. EAC, 2024 EAVS Report, https://www.eac.gov/sites/default/files/2025-07/2024_EAVS_Report_508.pdf, at 7.

34.    After reviewing California's responses to the 2024 EAVS Survey, on July 10, 2025, the Attorney General requested the following information regarding specific answers it provided in the EAVS survey:

A. The current electronic copy of California's computerized statewide voter registration list ("statewide voter registration list") as required by Section 303(a) of the Help America Vote Act. Please include all fields contained within the list. Please produce each list in a .xls, .csv, or delimited-text file format.

B. California reported 2,178,551 duplicate registrations (15.6 percent of the total registered voters). However, seven counties failed to provide data regarding duplicate registrations. Please provide a list of all duplicate registration records in Imperial, Los Angeles, Napa, Nevada, San Bernardino, Siskiyou, and Stanislaus counties.

C. No data was listed in the EAVS survey regarding duplicate registrants who were removed from the statewide voter registration database. Please provide a list of all duplicate registrants who were removed from the statewide voter registration list including the date(s) of removal. If they were merged or linked with another record, please provide that information. Please explain California's process for determining duplicates and what happens to the duplicate registrations.

10
United States of America v. Shirley Weber in her Official Capacity as Secretary of State of the State of California
COMPLAINT

    D. California reported 378,349 voters (11.9 percent) were removed because of death, which was well below the national average. Please provide a list of all registrations that were cancelled because of death. Please explain California's process for determining who is deceased and removing them from the voter roll and when that occurs.

    E. California's Confirmation Notice data required by Sec. 8(d)(2) of the NVRA was missing in the EAVS survey for several counties in California. Please provide the data for each county in California. In the 2022 EAVS report California reported 4,984,314 inactive voters, while in 2024 California reported 2,883,995 inactive voters. Please explain the reason for the change in the number of inactive registrations for these years.

    F. A list of all registrations, including date of birth, driver's license number, and last four digits of Social Security Number, that were cancelled due to non-citizenship of the registrant.

35.    On July 22, 2025, Defendants responded to the Attorney General's July 10, 2025, letter asking for more time.

36.    The United States responded to Defendants' July 22nd letter and advised that most of the requested information should be readily available. Nonetheless, the United States agreed to give Defendants until August 29, 2025, to respond to all other requests that may not have been readily accessible.

37.    On August 8, 2025, Defendants sent a letter to the United States expressing concerns about privacy protections of the voter registration list and other requested information. Defendants further refused to cooperate by stating "DOJ may inspect a copy of our redacted voter registration database during regular business hours by making an appointment with my office. Public inspection satisfies our legal obligations under the NVRA and ensures that this office complies with legal protections for voter registration data under California law."

11

United States of America v. Shirley Weber in her Official Capacity as Secretary of
State of the State of California
COMPLAINT

Defendants ended this letter with an obtuse "Please do not hesitate to contact my office regarding when you plan to visit Sacramento to review the voter registration information."

38.    In an August 13, 2025, letter, the Attorney General made a demand for the current electronic copy of California's computerized statewide voter registration list ("SVRL") with all fields, including each registrant's full name, date of birth, residential address, their state driver's license number, and the last four digits of their Social Security number as authorized by the CRA.  52 U.S.C. § 20703.  The United States also requested original and completed voter registration applications.

39.    The United States explained in the August 13th letter that:

"Section 303 of the CRA provides, in pertinent part, 'Any record or paper required by section 20701 to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative….' 52 U.S.C. § 20703."

40.    The United States then explained in the letter that pursuant to Section 304 of the CRA:

"Unless otherwise ordered by a court of the United States, neither the Attorney General nor any employee of the Department of Justice, nor any other representative of the Attorney General, shall disclose any record or paper produced pursuant to this chapter, or any reproduction or copy, except to Congress and any committee thereof, governmental agencies, and in the presentation of any case or proceeding before any court or grand jury."

41.    The United States also advised Defendants that "HAVA specifies that

12

United States of America v. Shirley Weber in her Official Capacity as Secretary of State of the State of California

COMPLAINT

the 'last 4 digits of a social security number . . . shall not be considered a social security number for purposes of section 7 of the Privacy Act of 1974'" (5 U.S.C. § 522(a) note); 52 U.S.C. § 21083(c)).  In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Justice Department is now doing."

42.    To further address the concerns of Defendants, the United States also responded that responsive information such as California's voter registration list and original and completed voter registration applications may be sent by encrypted email or via the Department's secure file-sharing system even though California privacy laws are preempted by applicable federal law.

43.    On August 21, 2025, Defendants responded and refused to provide the requested information.

44.    On August 29, 2025, and September 12, 2025, Defendants provided minimal responses to the inquiries regarding the EAVs responses but continued to refuse to fully comply with Plaintiff's requests for information and records as described in its initial letter of July 10, 2025.

45.    The United States has now been forced to bring the instant action to seek legal remedy for Defendants' refusal to comply with lawful requests pursuant to federal law.

## V.    CAUSES OF ACTION

### COUNT ONE- CIVIL RIGHTS ACT OF 1960

46.    The United States restates and incorporates the preceding paragraphs as if fully restated herein.

47.    On August 13, 2025, the Attorney General made a demand for the current electronic copy of California's SVRL with all fields, including each registrant's full name, date of birth, residential address, their state driver's license

13

number, and the last four digits of their Social Security number as authorized by 52 U.S.C. § 20703.  The United States also made a demand for original and completed voter registration applications. *Id*.

48.    On September 12, 2025, Defendants refused to provide the requested records in violation of the CRA. 52 U.S.C. §§ 20701-20706.

49.    Unless and until ordered to do so by this Court, Defendants' refusal to provide these records as requested constitutes a continuing violation of federal law.

## **COUNT TWO- VIOLATION OF THE NVRA**

50.    The United States restates and incorporates the preceding paragraphs as if fully restated herein.

51.    The Attorney General has enforcement authority to ensure compliance with the requirements of the NVRA. 52 U.S.C. § 20510(a).

52.    The United States's July 10 and August 13 letters requested the information that California is required to disclose pursuant to 52 U.S.C. 20507(i).

53.    Defendants have failed to provide sufficient responses to the United States's specific inquiries regarding its maintenance procedures, despite the Attorney General's enforcement authority of these requirements under both the NVRA and HAVA.  This information is necessary for the Attorney General to determine if California is conducting "a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters" as required by 52 U.S.C. § 20507(a)(4).

54.    The NVRA requires Defendant's to provide "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered." 52 U.S.C. § 20507(i)(1).

55.    The requested SVRL and registration application data are records

14

United States of America v. Shirley Weber in her Official Capacity as Secretary of State of the State of California

COMPLAINT

1  regarding California's list maintenance program and are required to be disclosed to
2  the United States.

3       56.    Unless and until ordered to do so by this Court, Defendants' refusal to
4  provide these records prevents the Attorney General from determining Defendants'
5  compliance with the list maintenance requirements of the NVRA and represents an
6  ongoing violation of law.

7  <u>**COUNT THREE- VIOLATION OF HAVA**</u>

8       57.    Plaintiff realleges the preceding paragraphs as if fully stated herein.

9       58.    Pursuant to HAVA, Defendants are responsible for removing voters
10  who are "not eligible to vote." 52 U.S.C. § 21083(a)(2)(B)(ii)-(iii).

11       59.    Defendants have failed to take the actions necessary for the State of
12  California to comply with Section 303 of HAVA.

13       60.    Defendants' failure to provide sufficient information in response to
14  requests made by the Justice Department's Civil Rights Division in its July 10 and
15  August 13 demand letters prevent the Attorney General from evaluating
16  California's compliance with HAVA, pursuant to the Attorney General's statutory
17  enforcement authority under 52 U.S.C. § 21111.

18       61.    Defendants' refusal to provide to the United States the current
19  electronic copy of California's computerized statewide voter registration list, with
20  all fields, including each registrant's full name, date of birth, residential address,
21  and either their state driver's license number or the last four digits of their Social
22  Security number prevents the Attorney General from determining California's
23  compliance with the list maintenance requirements of HAVA. 52 U.S.C. §
24  21083(a)(5)(A).

25       62.    Defendants' failure to provide unredacted voter registration lists to
26  include non-citizen voter data constitutes a violation of HAVA. 52 U.S.C. §
27  21083(a)(2)(B)(ii)-(iii).

28       63.    Unless and until ordered to do so by this Court, Defendants' refusal to

United States of America v. Shirley Weber in her Official Capacity as Secretary of
State of the State of California
COMPLAINT

provide these records prevents the Attorney General from making a determination of Defendants' compliance with the list maintenance requirements of HAVA and represents an ongoing violation of law.

### VI.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, the United States of America prays that this Court:

1. Declare that Defendants' refusal to provide registration records and California's electronic statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, their state driver's license number, and the last four digits of their Social Security number, upon a demand by the Attorney General violates Title III of the CRA. 52 U.S.C. § 20703;

2. Declare that Defendants have failed to make available and provide to the United States "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," in violation of the NVRA. 52 U.S.C. § 20507(i)(1);

3. Declare that the Defendants' refusal to provide the requested records concerning the voter registration and list maintenance records prevents the Attorney General from enforcing HAVA's list maintenance requirements;

4. Declare that any state law that prohibits Defendants from providing the requested statewide voter registration list is preempted by federal law;

5. Order Defendants to provide to the United States the current electronic copy of California's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, or the last four digits of their Social Security number and original and completed voter registration applications as required by the CRA, NVRA, and HAVA;

16

1      and

2      6. Order such additional relief as the interests of justice may require.

3

4    DATED: September 25, 2025                    Respectfully submitted,

5

6                                               HARMEET K. DHILLON
                                                Assistant Attorney General
7                                               Civil Rights Division

8

9                                               /s/  Michael E. Gates
10                                              MICHAEL E. GATES
                                                Deputy Assistant Attorney General
11                                              MAUREEN RIORDAN
12                                              Acting Chief, Voting Section
                                                BRITTANY E. BENNETT
13                                              Trial Attorney, Voting Section
14                                              Civil Rights Division
                                                U.S. Department of Justice
15                                              4 Constitution Square
16                                              150 M Street NE, Room 8.141
                                                Washington, D.C. 20002
17                                              Telephone: (202) 704-5430
18                                              Email: brittany.bennett@usdoj.gov

19

20

21

22

23

24

25

26

27

28

17

United States of America v. Shirley Weber in her Official Capacity as Secretary of
State of the State of California
COMPLAINT

1

### CERTIFICATE OF SERVICE

2

   I hereby certify that on September 25, 2025, a true and correct copy of

3

the foregoing document was served via the Court's ECF system to all counsel of

4

record.

5

6
                  /s/ *Brittany E. Bennett*

7
                  Brittany E. Bennett

8
                  Trial Attorney, Voting Section
                  Civil Rights Division

9
                  U.S. Department of Justice

10
                  4 Constitution Square
                  150 M Street NE, Room 8.141

11
                  Washington, D.C. 20002

12
                  Telephone: (202) 704-5430
                  Email: brittany.bennett@usdoj.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

United States of America v. Shirley Weber in her Official Capacity as Secretary of
State of the State of California
COMPLAINT