# Exhibit D

Lalitha D. Madduri (CA Bar No. 301236)
lmadduri@elias.law
Jacob D. Shelly* (DC Bar No. 90010127)
jshelly@elias.law
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
F: (202) 968-4498

Tyler L. Bishop (CA Bar No. 337546)
tbishop@elias.law
Walker McKusick* (WA Bar No. 63205)
wmckusick@elias.law
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180

Omar Qureshi (CA Bar No. 323493)
omar@qureshi.law
Max Schoening (CA Bar No. 324643)
max@qureshi.law
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 600-6096
F: (213) 277-8989

*Counsel for Proposed Intervenor-Defendants NAACP; NAACP California-Hawaii State Conference; and Services, Immigrant Rights and Education Network*

* *Pro hac vice application forthcoming*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHIRLEY N. WEBER, in her official capacity as Secretary of State of California, et al.,<br><br>    Defendants. | Case No: 2:25-cv-09149-MWF-MAR<br><br>**NAACP, NAACP CALIFORNIA-HAWAII STATE CONFERENCE, AND THE SERVICES, IMMIGRANT RIGHTS AND EDUCATION NETWORK'S [PROPOSED] ANSWER**<br><br>Hearing Date: November 10, 2025<br><br>Time: 10:00 a.m.<br><br>Courtroom: 5A, 5th Floor |

# INTERVENORS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The National Association for the Advancement of Colored People ("NAACP"), the NAACP California-Hawaii State Conference, and the Services, Immigrant Rights and Education Network ("Intervenors") answer Plaintiff's Complaint (ECF No. 1) as follows:

The Complaint begins with two unnumbered paragraphs to which no response is required. To the extent a response is required, Intervenors incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiff is entitled to any relief.

## INTRODUCTION[1]

The Complaint continues with another two unnumbered paragraphs to which no response is required. To the extent a response is required, Intervenors incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that this case is brought by the United States as a Plaintiff and that it alleges purported violations of federal law. Intervenors otherwise deny the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required,

---

[1] These headings are included because they appear in the Plaintiff's complaint and are duplicated to aid and assist in ease of comparison between the Plaintiff's complaint and the Intervenors' answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this answer should not be understood otherwise, nor should they be understood to make any admission on behalf of Intervenors.

Intervenors admit that Defendants conduct election administration in the Central District of California.

## PARTIES

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny the allegations in Paragraph 3.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny the allegations in Paragraph 4.

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that Defendant State of California is a state of the United States of America and is subject to certain provisions of the National Voter Registration Act ("NVRA"), the Help America Vote Act ("HAVA"), and the Civil Rights Act of 1960 ("CRA").

6. Intervenors admit that Shirley Weber is the California Secretary of State and that she is sued in her official capacity. The remaining allegations in Paragraph 6 contain legal contentions, characterizations, conclusions, and opinions to which no response is required.

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that Defendant State of California is a state of the United States of America and is subject to certain provisions of the NVRA, HAVA, and CRA.

8. Intervenors admit that Secretary Weber is sued in her official capacity.

## STATUTORY BACKGROUND

**A. The Civil Rights Act of 1960**

9. Paragraph 9 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Intervenors admit that 52 U.S.C. § 20701 *et seq.* empowers the Attorney General to request certain records in certain circumstances and subject to legal requirements. Intervenors deny that the Attorney General is empowered to request each of the records that are the subject of this litigation. Intervenors further deny that the Attorney General has a sufficient basis or purpose for the records requests at issue in this litigation.

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. The statute otherwise speaks for itself.

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Intervenors deny that the statute authorizes the demands that are the subject of this litigation.

**B. The National Voter Registration Act ("NVRA")**

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

15. Paragraph 15 contains legal contentions, characterizations, conclusions,

and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

16. Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that 52 U.S.C. § 20507(c) sets forth a process by which a state "may meet the requirements of" of 52 U.S.C. § 20507(a). Section 20507(c) speaks for itself as to that process.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

20. Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

21. Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise

speaks for itself.

**C. The Help America Vote Act ("HAVA")**

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

27. Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. The statute otherwise speaks for itself.

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the definition of a "state" outlined in 52 U.S.C. § 21141 includes

California.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that 52 U.S.C. § 21083(a)(4)(A) references the NVRA. The statute otherwise speaks for itself.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Intervenors deny that HAVA authorizes the relief the Department of Justice seeks and further deny that it precludes enforcement by parties other than the U.S. Attorney General.

31. Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny the allegation.

## FACTUAL ALLEGATIONS

32. Paragraph 32 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited website contains the quoted text, that the United States Election Assistance Commission (EAC) is an "independent, bipartisan commission," and that the EAC conducts the biennial Election Administration and Voting Survey (EAVS). The cited website otherwise speaks for itself.

33. Intervenors admit that the cited website contains the quoted text. The cited website otherwise speaks for itself.

34. Intervenors admit that on July 10, 2025, the United States sent a letter to Secretary Weber seeking information regarding California's voter registration list. The contents of the letter otherwise speak for themselves.

35. Intervenors lack sufficient knowledge to form a belief as to the truth or

falsity of the allegations in Paragraph 35 and therefore deny them.

36. Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore deny them.

37. Paragraph 37 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited document contains the quoted text. The contents of the document otherwise speak for themselves.

38. Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state that the contents of the document speak for themselves.

39. Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited documents contain the quoted text. The document and statute otherwise speak for themselves. To the extent that Paragraph 39 alleges that the CRA authorizes the Department of Justice's demands here, Intervenors deny the allegation.

40. Paragraph 40 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited documents contain the quoted text. The document and statute otherwise speak for themselves.

41. Paragraph 41 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited document contains the quoted text. The contents of the document otherwise speak for themselves. To the extent that Paragraph 41 alleges that the Department of Justice's demand for disclosure is pursuant to a lawful function of its enforcement authority, Intervenors deny the allegation.

42. Paragraph 42 contains legal contentions, characterizations, conclusions,

and opinions to which no response is required. To the extent a response is required, Intervenors state that the contents of the document speak for themselves. Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the characterization of the Department's file-sharing system.

43. Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 43 and therefore deny them.

44. Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 44 and therefore deny them.

45. Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. Intervenors deny the remaining allegations in Paragraph 45 to the extent they suggest Secretary Weber has violated the law.

## CAUSES OF ACTION

## COUNT ONE—CIVIL RIGHTS ACT OF 1960

46. Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

47. Intervenors admit that the Assistant Attorney General of the Civil Rights Division sent a letter to Secretary Weber dated August 13, 2025. Paragraph 47 otherwise contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny the remaining allegations in Paragraph 47.

48. Intervenors admit that Secretary Weber has not produced the state's voter registration list in the manner requested by the Department of Justice, but otherwise deny the allegations in Paragraph 48 including that such refusal violates any federal or state law.

49. Paragraph 49 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny the allegations in Paragraph 49.

## COUNT TWO—THE NVRA

50. Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

51. Intervenors admit that the Attorney General has enforcement authority under the NVRA. Intervenors otherwise deny the allegations in Paragraph 51 to the extent they suggest that the Attorney General's enforcement authority authorizes the Department of Justice's demands here or the instant action, or that Secretary Weber has violated the law.

52. Paragraph 52 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. The cited letters speak for themselves. Intervenors otherwise deny the allegations in Paragraph 52, including the assertion that California is legally required to disclose the requested information.

53. Paragraph 53 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. The cited statute speaks for itself. Intervenors otherwise deny the allegations in Paragraph 53, including that California has failed to provide sufficient responses, that the Attorney General's enforcement authority authorizes the Department of Justice's demands here, and that the information demanded is necessary for the purpose the Attorney General asserts.

54. Paragraph 54 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Intervenors deny the allegations in Paragraph 54 to the extent they suggest that Secretary Weber has violated the NVRA.

55. Intervenors deny the allegations in Paragraph 55.

56. Intervenors deny the allegations in Paragraph 56.

## COUNT THREE—HAVA

57. Intervenors incorporate by reference each of their preceding admissions,

denials, and statements as if fully set forth herein.

58. Paragraph 58 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. Intervenors admit the statute contains the quoted text. The contents of the statute speak otherwise for themselves.

59. Paragraph 59 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny the allegations in Paragraph 59.

60. Paragraph 60 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent that a response is required, Intervenors deny the allegations in Paragraph 60.

61. Paragraph 61 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent that a response is required, Intervenors deny the allegations in Paragraph 61.

62. Paragraph 62 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent that a response is required, Intervenors deny the allegations in Paragraph 62.

63. Paragraph 63 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent that a response is required, Intervenors deny the allegations in Paragraph 63.

## PRAYER FOR RELIEF

The complaint next includes a Prayer for Relief, including sub-paragraphs (1)–(6), demanding equitable and declaratory relief. Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Intervenors deny every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

6. California law grants Intervenors the right to keep their highly sensitive personal information confidential, and preservation of those state rights does not conflict with or otherwise violate federal law.

**INTERVENORS' PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint for Declaratory and Injunctive Relief, Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint for Declaratory and Injunctive Relief;

B. That judgment be entered in favor of Intervenors and against Plaintiff on Plaintiff's Complaint for Declaratory and Injunctive Relief and that Plaintiff takes nothing thereby;

C. That Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

| | | |
|---|---|---|
| 1 | Dated: October 7, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | */s/ Lalitha D. Madduri*<br>Lalitha D. Madduri (CA Bar No. 301236) |
| 4 | | Jacob D. Shelly* (DC Bar No. 90010127)<br>**ELIAS LAW GROUP LLP** |
| 5 | | 250 Massachusetts Ave. NW, Suite 400<br>Washington, DC 20001 |
| 6 | | T: (202) 968-4652 |
| 7 | | F: (202) 968-4498<br>lmadduri@elias.law |
| 8 | | jshelly@elias.law |
| 9 | | |
| 10 | | Tyler L. Bishop (CA Bar No. 337546)<br>Walker McKusick* (WA Bar No. 63205) |
| 11 | | **ELIAS LAW GROUP LLP** |
| 12 | | 1700 Seventh Avenue, Suite 2100<br>Seattle, WA 98101 |
| 13 | | T: (206) 656-0177 |
| 14 | | tbishop@elias.law<br>wmckusick@elias.law |
| 15 | | |
| 16 | | Omar Qureshi (CA Bar No. 323493)<br>Max Schoening (CA Bar No. 324643) |
| 17 | | **QURESHI LAW PC** |
| 18 | | 700 Flower Street, Suite 1000<br>Los Angeles, CA 90017 |
| 19 | | T: (213) 600-6096 |
| 20 | | omar@qureshi.law<br>max@qureshi.law |
| 21 | | |
| 22 | | *Counsel for Proposed Intervenor-* |
| 23 | | *Defendants NAACP; NAACP California-*<br>*Hawaii State Conference; and Services,* |
| 24 | | *Immigrant Rights and Education Network* |
| 25 | | * *Pro hac vice application forthcoming* |
| 26 | | |
| 27 | | |
| 28 | | |