GRAYCE ZELPHIN (SBN 279112)
gzelphin@aclunc.org
ANGELICA SALCEDA (SBN 296152)
asalceda@aclunc.org
SHILPI AGRWAL (SBN 270749)
sagarwal@aclunc.org
ACLU FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
(415) 621-2493

JULIA A. GOMEZ (SBN 316270)
jgomez@aclusocal.org
PETER ELIASBERG (SBN 89110)
peliasberg@aclusocal.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5232

Counsel for Proposed Intervenor-Defendant

*Additional counsel listed below*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHIRLEY N. WEBER, in her official capacity as Secretary of State of California, and the STATE OF CALIFORNIA,<br><br>Defendants. | Case No.: 25-cv-09149-DOC (ADSx)<br><br>**LEAGUE OF WOMEN VOTERS OF CALIFORNIA'S PROPOSED ANSWER**<br><br>DATE: November 17, 2025<br>TIME: 9:00 AM<br>COURTROOM: 10A, 10th Floor<br>JUDGE: Hon. David O. Carter |

THERESA J. LEE (NY 5022769)*
tlee@aclu.org
SOPHIA LIN LAKIN (NY 5182076)*
slakin@aclu.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

PATRICIA J. YAN (NY 5499173)*
pyan@aclu.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

**Application for admission pro hac vice forthcoming*

Proposed Intervenor-Defendant the League of Woman Voters of California (the "League" or "Intervenor-Defendant"), by and through its attorneys, for their Answer to Plaintiff's Complaint, deny each and every allegation of the Complaint not specifically admitted herein, and further answer as follows:

The paragraphs before the first numbered paragraph of the Complaint constitute introductory material to which no response is required. To the extent a response is required, Intervenor-Defendant incorporates by reference the below paragraphs as their response, denies the allegations, and denies that Plaintiff is entitled to the requested relief in this action.

**JURISDICTION**

1. Paragraph 1 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants admit this case is brought by the United States purporting violations of federal law, but otherwise deny the allegations.

2. Paragraph 2 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants admit that Defendants are located within California.

**PARTIES**

3. Paragraph 3 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendant admits that the United States seeks declaratory and injunctive relief, but otherwise denies the allegations.

4. Paragraph 4 contains legal characterizations and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendant admits that the production of certain records and papers may be compelled by appropriate process under the Civil Rights Act, but otherwise denies the allegations.

5. Admitted that California is a state of the United States of America. The remainder of paragraph 5 contains legal arguments to which no response is required. To the extent any further response is required, the remaining allegations are denied.

6. Admitted that Shirley Weber is the Secretary of State of California and is sued in her official capacity. The remainder of paragraph 6 contains legal arguments to which no response is required. To the extent any further response is required, the remaining allegations are denied.

7. This paragraph is duplicative of paragraph 5. Admitted that California is a state of the United States of America. The remainder of paragraph 7 contains legal arguments to which no response is required.

8. Admitted.

## STATUTORY BACKGROUND

### A. The Civil Rights Act of 1960

9. Paragraph 9 contains legal arguments to which no response is required. To the extent a response is required, Intervenor-Defendant admits that the Civil Rights Act of 1960 gives the Attorney General certain powers to request records subject to certain requirements and conditions, but deny that it empowers her to do so as claimed in this lawsuit. To the extent any further response is required, the remaining allegations are denied.

10. Paragraph 10 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

11. Paragraph 11 contains legal arguments to which no response is required. Intervenor-Defendant admits that 52 U.S.C. § 20703 begins with the quoted language. Intervenor-Defendant notes that § 20703 goes on to say: "This demand shall contain a statement of the basis and the purpose therefor." To the extent the averments in this paragraph purport to summarize the Civil Rights Act

of 1960, Intervenor-Defendant refers to that Act for its full and complete contents and deny anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

**B. The National Voter Registration Act**

12. Paragraph 12 contains legal arguments to which no response is required. Intervenor-Defendant admits that the NVRA includes the quoted language. To the extent the averments in this paragraph purport to summarize the NVRA, Intervenor-Defendant refers to the NVRA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

13. Paragraph 13 contains legal arguments to which no response is required. Intervenor-Defendant admits that the NVRA includes the quoted language. To the extent the averments in this paragraph purport to summarize the NVRA, Intervenor-Defendant refers to the NVRA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

14. Paragraph 14 contains legal arguments to which no response is required. Intervenor-Defendant admits that the NVRA includes the quoted language. To the extent the averments in this paragraph purport to summarize the NVRA, Intervenor-Defendant refers to the NVRA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

15. Paragraph 15 contains legal arguments to which no response is required. Intervenor-Defendant admits that the NVRA includes the quoted language. To the extent the averments in this paragraph purport to summarize the NVRA or legislative history, Intervenor-Defendant refers to the NVRA and the legislative history for their full and complete contents and denies anything

inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

16. Paragraph 16 contains legal arguments to which no response is required. Intervenor-Defendant admits that the NVRA includes the quoted language. To the extent the averments in this paragraph purport to summarize the NVRA, Intervenor-Defendant refers to the NVRA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

17. Paragraph 17 contains legal arguments to which no response is required. Intervenor-Defendant admits that the NVRA includes the quoted language. To the extent the averments in this paragraph purport to summarize the NVRA, Intervenor-Defendant refers to the NVRA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

18. Paragraph 18 contains legal arguments to which no response is required. Intervenor-Defendant admits that 52 U.S.C. § 20507(c) describes a safe harbor for state list maintenance programs. To the extent the averments in this paragraph purport to summarize the NVRA, Intervenor-Defendant refers to the NVRA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

19. Paragraph 19 contains legal arguments to which no response is required. Intervenor-Defendant admits that the NVRA includes the quoted language. To the extent the averments in this paragraph purport to summarize the NVRA, Intervenor-Defendant refers to the NVRA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

20. Paragraph 20 contains legal arguments to which no response is required. Intervenor-Defendant admits that the NVRA includes the quoted language. To the extent the averments in this paragraph purport to summarize the NVRA, Intervenor-Defendant refers to the NVRA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

21. Paragraph 21 contains legal arguments to which no response is required. Intervenor-Defendant admits that the NVRA includes the quoted language. To the extent the averments in this paragraph purport to summarize the NVRA, Intervenor-Defendant refers to the NVRA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

**C. The Help America Vote Act**

22. Paragraph 22 contains legal arguments to which no response is required. Intervenor-Defendant admits that the House Report includes the quoted language. To the extent the averments in this paragraph purport to summarize the House Report, Intervenor-Defendant refers to the House Report for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

23. Paragraph 23 contains legal arguments to which no response is required. Intervenor-Defendant admits that the House Report includes the quoted language. To the extent the averments in this paragraph purport to summarize the House Report, Intervenor-Defendant refers to the House Report for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

24. Paragraph 24 contains legal arguments to which no response is required. Intervenor-Defendant admits that HAVA includes the quoted language.

To the extent the averments in this paragraph purport to summarize HAVA, Intervenor-Defendant refers to HAVA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

25. Paragraph 25 contains legal arguments to which no response is required. Intervenor-Defendant admits that HAVA includes the quoted language. To the extent the averments in this paragraph purport to summarize HAVA, Intervenor-Defendant refers to HAVA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

26. Paragraph 26 contains legal arguments to which no response is required. Intervenor-Defendant admits that HAVA includes the quoted language. To the extent the averments in this paragraph purport to summarize HAVA, Intervenor-Defendant refers to HAVA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

27. Paragraph 27 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

28. Paragraph 28 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

29. Paragraph 29 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

30. Paragraph 30 contains legal arguments to which no response is required. Intervenor-Defendant admits that HAVA includes the quoted language. To the extent the averments in this paragraph purport to summarize HAVA, Intervenor-Defendant refers to HAVA for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the

remaining allegations are denied.

31. Paragraph 31 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

**FACTUAL ALLEGATIONS**

32. Paragraph 32 contains legal arguments to which no response is required. Intervenor-Defendant admits that the EAC's website includes the quoted language in the first sentence of this Paragraph. The last sentence of paragraph 32 purports to quote a sentence from https://www.eac.gov/about. Intervenor-Defendant denies that this sentence appears on that webpage, and further notes that such language does appear on a different EAC webpage, https://www.eac.gov/research-and-data/studies-and-reports. To the extent the averments in this paragraph purport to summarize the EAC's website, Intervenor-Defendant refers to that website for its full and complete contents and denies anything inconsistent therewith. To the extent any further response is required, the remaining allegations are denied.

33. Paragraph 33 contains legal arguments to which no response is required. Intervenor-Defendant admits that the paragraph quotes language from the 2024 EAVS Report. To the extent the averments in this paragraph purport to summarize the EAC's website and/or the 2024 EAVS Report, Intervenor-Defendant refers to that website and report for their full and complete contents and denies anything inconsistent therewith. Intervenor-Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33.

34. Admitted that lawyers from the U.S. Department of Justice sent a letter to Secretary Weber on July 10, 2025. Denied that "the Attorney General" sent the July 10 Letter. To the extent the averments in paragraph 34 purport to summarize the July 10 Letter, Intervenor-Defendant refers to the July 10 Letter for

its full and complete contents and denies anything inconsistent therewith. Intervenor-Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.

35. Intervenor-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, so therefore denies them.

36. Intervenor-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36, so therefore denies them.

37. Admitted that Secretary Weber sent a letter dated August 8, 2025 to two attorneys at the U.S. Department of Justice. To the extent the averments in paragraph 37 purport to summarize the August 8 Letter, Intervenor-Defendant refers to the August 8 Letter for its full and complete contents and denies anything inconsistent therewith, and otherwise denies the allegations in paragraph 37.

38. Paragraph 38 contains legal arguments to which no response is required. To the extent a response is required, admitted that lawyers from the U.S. Department of Justice sent a letter to Secretary Weber on August 13, 2025. Denied that "the Attorney General" sent the August 13 Letter. To the extent the averments in paragraph 38 purport to summarize the August 13 Letter, Intervenor-Defendant refers to the August 13 Letter for its full and complete contents and denies anything inconsistent therewith, and otherwise denies the allegations in paragraph 38.

39. Paragraph 39 contains legal arguments to which no response is required. To the extent a response is required, admitted that the cited August 13 Letter includes the quoted language; Intervenor-Defendant refers to the August 13 Letter for its full and complete contents and denies anything inconsistent therewith, and otherwise denies the allegations in paragraph 39.

40. Paragraph 40 contains legal arguments to which no response is

required. To the extent a response is required, admitted that the cited August 13 Letter includes the quoted language; Intervenor-Defendant refers to the August 13 Letter for its full and complete contents and denies anything inconsistent therewith, and otherwise denies the allegations in paragraph 40.

41. Paragraph 41 contains legal arguments to which no response is required. To the extent a response is required, admitted that the cited August 13 Letter includes the quoted language; Intervenor-Defendant refers to the August 13 Letter for its full and complete contents and denies anything inconsistent therewith, and otherwise denies the allegations in paragraph 41. To the extent paragraph 41 alleges that the Department of Justice's demand for disclosure is pursuant to a lawful function of its enforcement authority, Intervenor-Defendant denies the allegation.

42. Paragraph 42 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

43. Intervenor-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, so therefore denies them.

44. Intervenor-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, so therefore denies them.

45. Paragraph 45 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

**CAUSES OF ACTION**

**COUNT ONE – CIVIL RIGHTS ACT OF 1960**

46. Intervenor-Defendant incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

47. Paragraph 47 contains legal arguments to which no response is

required. To the extent a response is required, admitted that lawyers from the U.S. Department of Justice sent a letter to Secretary Weber on August 13, 2025. Denied that "the Attorney General" sent the August 13 Letter. Intervenor-Defendant otherwise denies the allegations.

48. Intervenor-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Secretary Weber has not produced the state's voter registration list in the manner requested by the Department of Justice, so therefore denies the allegation. Intervenor-Defendant denies the remaining allegations in paragraph 48 including that such refusal violates any federal or state law.

49. Paragraph 49 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

**COUNT TWO – THE NVRA**

50. Intervenor-Defendant incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

51. Intervenor-Defendant admits that the Attorney General has enforcement authority under the NVRA. Intervenor-Defendant otherwise denies the allegations in Paragraph 51 to the extent they suggest that the Attorney General's enforcement authority authorizes the Department of Justice's demands here or the instant action, or that Secretary Weber has violated the law.

52. Paragraph 52 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

53. Paragraph 53 contains legal arguments to which no response is required. To the extent a response is required, Intervenor-Defendant admits the cited statute contains the quoted text, but otherwise the allegations are denied.

54. Paragraph 54 contains legal arguments to which no response is required. To the extent a response is required, Intervenor-Defendant admits the

cited statute contains the quoted text, but otherwise the allegations are denied.

55. Intervenor-Defendant denies the allegations in paragraph 55.

56. Intervenor-Defendant denies the allegations in paragraph 56.

**COUNT THREE – VIOLATION OF HAVA**

57. Intervenor-Defendant incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

58. Paragraph 58 contains legal arguments to which no response is required. To the extent a response is required, Intervenor-Defendant admits the cited statute contains the quoted text, but otherwise the allegations are denied.

59. Paragraph 59 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

60. Paragraph 60 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

61. Paragraph 61 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

62. Paragraph 62 contains legal arguments to which no response is required. To the extent a response is required, the allegations are denied.

63. Intervenor-Defendant denies the allegations in paragraph 63.

**PRAYER FOR RELIEF**

The remainder of the Complaint is Plaintiff's requested relief, to which no response is required. To the extent a response is required, the League denies that Plaintiff is entitled to the requested relief or any other relief.

**AFFIRMATIVE DEFENSES**

The League asserts the following affirmative defenses:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The relief sought is barred in whole or in part by equity, including on the basis of unclean hands and on the basis of laches.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The authority claimed by Plaintiff as grounds for the relief sought is ultra vires.

5. The relief sought by Plaintiff is contrary to law.

**INTERVENOR-DEFENDANT'S REQUEST FOR RELIEF**

WHEREFORE, Intervenor-Defendants deny that the United States is entitled to judgment in its favor on any grounds, and Intervenor-Defendants respectfully request that the relief requested by the United States be denied in its entirety.

Dated October 20, 2025

Respectfully submitted,

/s/ *Grayce Zelphin*

GRAYCE ZELPHIN (SBN 279112)
gzelphin@aclunc.org
ANGELICA SALCEDA (SBN 296152)
asalceda@aclunc.org
ACLU FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
(415) 621-2493

JULIA A. GOMEZ (SBN 316270)
jgomez@aclusocal.org
PETER ELIASBERG (SBN 89110)
peliasberg@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5232

THERESA J. LEE (NY 5022769)*
tlee@aclu.org
SOPHIA LIN LAKIN (NY 5182076)*

slakin@aclu.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

PATRICIA J. YAN (NY 5499173)*
pyan@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

**Application for admission pro hac vice forthcoming*

Counsel for Intervenor-Defendant League of Women Voters of California