GRAYCE ZELPHIN (SBN 279112)
gzelphin@aclunc.org
ANGELICA SALCEDA (SBN 296152)
asalceda@aclunc.org
ACLU FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
(415) 621-2493

JULIA A. GOMEZ (SBN 316270)
jgomez@aclusocal.org
PETER ELIASBERG (SBN 89110)
peliasberg@aclusocal.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
(213) 977-5232

Counsel for Proposed Intervenor-Defendant

*Additional counsel listed below*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>SHIRLEY N. WEBER, in her official capacity as Secretary of State of California, and the STATE OF CALIFORNIA<br><br>Defendants. | Case No.: 2:25-cv-09149-DOC (ADSx)<br><br>**LEAGUE OF WOMEN VOTERS OF CALIFORNIA'S REPLY IN SUPPORT OF MOTION TO INTERVENE (Dkt. 24)**<br><br>DATE: November 17, 2025<br>TIME: 9:30 a.m.<br>COURTROOM: 10A, 10th Floor<br>JUDGE: David O. Carter |

THERESA J. LEE (NY 5022769)*
tlee@aclu.org
SOPHIA LIN LAKIN (NY 5182076)*
slakin@aclu.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

PATRICIA J. YAN (NY 5499173)*
pyan@aclu.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
915 15th Street NW
Washington, DC 20005
(202) 457-0800

*Application for admission pro hac vice forthcoming

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iv

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 1

I. The League is Entitled to Intervention as of Right under Rule 24(a) ................. 1

   A. The League has Significantly Protectable Interests in this Case ..................... 1

      i.   The League's Significant Interests are Legally Protectable ................... 2

      ii.  The League Has a Significantly Protectable Interest in Safeguarding its Members' Sensitive Data .................................................................... 4

      iii. The League's Interests are Distinct and Particularized .......................... 6

   B. The League's Interests Will be Impaired if the Plaintiff Prevails .................. 7

   C. The League's Interests are Not Adequately Represented ............................. 7

II. Alternatively, the League Should be Granted Permissive Intervention Under Rule 24(b) ........................................................................................................... 9

CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES
**Cases** ..................................................................................................**Page(s)**

*Berger v. North Carolina State Conference of the NAACP*,
  597 U.S. 179 (2022) ................................................................................................3

*Boot Barn, Inc. v. Bonta* (No. 2:22-cv-02105-KJM-CKD),
  2023 WL 5155878 (E.D. Cal. Aug. 10, 2023) .........................................................9

*Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*,
  54 F.4th 1078 (9th Cir. 2022) ..................................................................................4

*Cal. ex rel. Lockyer v. United States*,
  450 F. 3d 436 (9th Cir. 2006) ........................................................................ 2, 7, 8

*Callahan v. Brookdale Senior Living Cmtys., Inc.*,
  42 F.4th 1013 (9th Cir. 2022) ..................................................................................8

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
  647 F.3d 893 (9th Cir. 2011) ................................................................................7, 8

*Cooper v. Newsom*,
  26 F.4th 1104 (9th Cir. 2022) ..................................................................................2

*Issa v. Newsom* (No. 2:20-cv-01044-MCE-CKD),
  2020 WL 3074351 (E.D. Cal. June 10, 2023) ............................................. 2, 3, 9

*Kalbers v. U.S. Dep't of Just.*,
  22 F.4th 816 (9th Cir. 2021) .................................................................................3, 5

*League of Women Voters v. Virginia State Bd. of Elections*,
  458 F. Supp. 3d 460 (W.D. Va. 2020) ..................................................................6, 7

*Mussi v. Fontes* (No. CV-24-01310-PHX-DWL),
  2024 WL 3396109 (D. Ariz. July 12, 2024) ...........................................................8

*Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*,
  960 F.3d 603 (9th Cir. 2020) ...................................................................................9

*Project Vote v. Long*,
  682 F.3d 331 (4th Cir. 2012) ...................................................................................4

*Protect Lake Pleasant, LLC v. Johnson* (No. CIV 07–454 PHX RCB),
  2007 WL 1108916 (D. Ariz. Apr. 13, 2007) .........................................................10

*Pub. Int. Legal Found., Inc. v. N.C. State Bd. of Elections*,
  996 F.3d 257 (4th Cir. 2021) ................................................................................. 5

*Republican Nat'l Comm. v. Aguilar* (No. 2:24-cv-00518-CDS-MDC),
  2024 WL 3409860 (D. Nev. July 12, 2024) .......................................................... 9

*Sagebrush Rebellion, Inc. v. Watt*,
  713 F.2d 525 (9th Cir. 1983) ............................................................................ 2, 3

*Sw. Ctr. for Biological Diversity v. Berg*,
  268 F. 3d 810 (9th Cir. 2001) ................................................................................ 2

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) .............................................................................................. 5

*United States v. Alabama* (No. 2:06–cv–392–WKW),
  2006 WL 2290726 (M.D. Ala. Aug. 8, 2006) ....................................................... 3

*United States v. New York State Board of Elections*,
  312 Fed.App'x 353 (2d Cir. 2008) ........................................................................ 3

*Washington v. U.S. Dep't of Trans.* (No. 2:25-cv-00848-TL),
  2025 WL 3023041 (W.D. Wash. Oct. 29, 2025) ................................................... 9

*Wilderness Soc'y v. U.S. Forest Serv.*,
  630 F.3d 1173 (9th Cir. 2011) ........................................................................... 2, 7

**Statutes ........................................................................................................ Page(s)**

52 U.S.C. § 20510(b) ..................................................................................................... 4

Cal. Elec. Code §§ 2265(b)(4)(c), (f) ........................................................................ 3, 5

**Rules ............................................................................................................. Page(s)**

Federal Rule of Civil Procedure 24 ....................................................................... *passim*

v
LWVC's Reply in Support of Motion to Intervene | Case No. 2:25-cv-09149-DOC (ADSx)

# INTRODUCTION

Federal Rule of Civil Procedure 24(a)(2) makes plain that the League's intervention is required. It is undisputed that the League's motion is timely. The League has strong interests in this matter: (1) advancing its core mission, (2) protecting legislation it has supported and other advocacy, and (3) protecting its members' sensitive information. Each of these interests will be substantially impacted by this action, which seeks disclosure of unredacted, sensitive voter data in violation of state and federal law. The League's interests will not be represented if intervention is denied because its ultimate objectives and interests are distinct from Defendant Weber's. Accordingly, Rule 24(a)(2) intervention is warranted.

Defendant Weber does not oppose intervention and, while Plaintiff objects, Dkt. 27 ("Opp'n"), Plaintiff's opposition fails to justify denial. Plaintiff's unsupported and contradictory assertions that the League has no protectable interests and that the League's interests are represented by the State fall apart under binding precedent and the facts before this Court. Because the League meets all the criteria for both mandatory and permissive intervention, the Court should grant the League's motion. Dkt. 24 ("LWV MTI").

# ARGUMENT

**I.  The League is Entitled to Intervention as of Right under Rule 24(a)**

Plaintiff does not dispute that the League's motion is timely. The League also meets the other Rule 24(a) requirements for mandatory intervention, and Plaintiff's opposition does not, and cannot, show otherwise.

**A.  The League has Significantly Protectable Interests in this Case**

In its opening brief, the League identified at least three separate protectable interests supporting mandatory intervention. *See* LWV MTI at 9-11. Plaintiff does not address or challenge the League's interest in advancing its non-partisan advocacy efforts, including involvement in the Motor Voter Task Force and other legislative advocacy, *see* Dkt. 24-1, Decl. of Helen Hutchison ("Hutchison Decl.")

1

¶¶ 10-11, 19, nor does Plaintiff address the League's interest in avoiding diversion of its limited resources to educate members about increased privacy concerns, *id.* ¶¶ 24-25, both of which are legally protectable interests, *see, e.g., Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 526-28 (9th Cir. 1983) (holding that a public interest organization had a protectable interest in defending the legality of an administrative action it supported); *Issa v. Newsom*, 2020 WL 3074351, at *3 (E.D. Cal. June 10, 2023) (in granting intervention, noting that "asserting the rights of members to vote safely" and "diverting . . . limited resources to educate" them "are routinely found to constitute significant protectable interests"). Plaintiff's blanket arguments that the League has no interest in this matter are therefore unpersuasive.

> i. **The League's Significant Interests are Legally Protectable**

Plaintiff asserts that the League lacks a protectable interest because neither the Help America Vote Act ("HAVA") nor the Civil Rights Act of 1960 ("CRA") creates a private right of action. Opp'n at 12-18. But under Ninth Circuit precedent, the "legally protected interest need not be protected under the statute under which the litigation is brought." *Cooper v. Newsom*, 26 F.4th 1104, 1106 (9th Cir. 2022) (citations omitted). In fact, no "specific legal or equitable interest need be established" for intervention as of right. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F. 3d 810, 818 (9th Cir. 2001); *see also Cal. ex rel. Lockyer v. United States*, 450 F. 3d 436, 441 (9th Cir. 2006) (same). The League seeks to intervene to defend *its* protectable interests; that the League does not hold the same voter list maintenance or document disclosure responsibilities as Defendant Weber is not consequential to the Rule 24(a)(2) analysis.[1] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1178-79 (9th Cir. 2011) (holding that Rule 24 does not "engraft[] a limitation on intervention of right to parties liable to the plaintiffs on the same grounds as the defendants.").

---

[1] It highlights how the League's interests diverge from Defendant Weber's, demonstrating Defendant Weber's inability to adequately represent their interests.

League members unambiguously have an interest in protecting their sensitive personal information, which they submitted for the purpose of registering to vote, and in ensuring that their information is used *only* for that purpose, *see* Hutchison Decl. ¶¶ 7, 23, a right that is protected by law, *see, e.g.*, Cal. Elec. Code §§ 2265(b)(4)(c), (f) (Motor Voter Law data usage and sharing limits); *see also Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 827 (9th Cir. 2021) (holding that non-disclosure of proposed intervenor's confidential documents was a "straightforward" protectable interest under Rule 24). As noted above, the League's other stated interests are also legally protectable. *Sagebrush Rebellion*, 713 F.2d 525; *Issa v. Newsom*, 2020 WL 3074351, at *3.

Plaintiff's citations to *United States v. Alabama*, 2006 WL 2290726, at *1 (M.D. Ala. Aug. 8, 2006), and *United States v. New York State Board of Elections*, 312 Fed.App'x 353 (2d Cir. 2008), Opp'n at 17, are not binding and are off base. The League has an interest in updating accurate voter guidance, safeguarding members' sensitive personal data from unlawful disclosure, and defending legislation and policies it has supported, Hutchison Decl. ¶¶ 7, 19-24—these are not the speculative "perception" of partisan politics that was at issue in *Alabama*. 2006 WL 2290726, at *4. Plaintiff's reliance on *New York State Board of Elections* is similarly unhelpful, as it is likely no longer good law following *Berger v. North Carolina State Conference of the NAACP*, 597 U.S. 179 (2022) (holding intervention for state legislators was proper because their interests were not adequately represented by state board of elections). However, were it still good law, that case was decided based on the proposed intervenor county having its interests adequately represented by the state—not because the county lacked a protectable interest or was an improper defendant under HAVA. *See N.Y. State Bd. of Elections*, 312 Fed.App'x at 355.

Even if Plaintiff was right that intervention is appropriate only when the statutes at issue provide a private right of action—it is not—Plaintiff fails to address

that it also brought a claim under the National Voter Registration Act ("NVRA"), *see* Compl. ¶ 50-56, which has a private right of action, 52 U.S.C. § 20510(b); *see also Project Vote v. Long*, 682 F.3d 331, 332-34 (4th Cir. 2012) (in an action by a private plaintiff, affirming holding that state violated NVRA).

### ii. The League Has a Significantly Protectable Interest in Safeguarding its Members' Sensitive Data

Plaintiff next makes arguments premised on a requirement for Article III standing, *see* Opp'n at 18-21, even though intervenors do not need to establish such standing for Rule24(a)(2) intervention in the Ninth Circuit, *Cal. Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1085 (9th Cir. 2022) (holding that "intervenors that seek the same relief sought by at least one existing party to the case" need not establish constitutional standing). But we address Plaintiff's arguments in turn.

Plaintiff first argues, without support, that the League's interest in protecting its members' privacy is speculative and unfounded. Opp'n at 18-20. Plaintiff asserts that its Complaint seeks only information that is required to be disclosed by the CRA, NVRA, and HAVA. *Id.* at 18. This is untrue. Plaintiff seeks California's complete and **unredacted** voter registration list with all fields. *Id.* at 9-10. Such disclosure is unprecedented and goes beyond what is required by the law.[2] Despite Plaintiff's assumption otherwise, courts have consistently held that redactions or other exemptions from disclosure are necessary to protect sensitive personal information like social security numbers or confidential voter categories. *Project*

---

[2] Contrary to Plaintiff's insinuation that the League's counsel recently requested and obtained a "complete voter registration list" from New Hampshire, Opp'n at 9 n.3, in the matter referenced the voter data was **redacted** and excluded sensitive information like social security numbers, was secured by a comprehensive protective order, and was sought in a different context unrelated to list maintenance. *See Coal. for Open Democracy v. Scanlan*, Case No. 1:24-cv-00312-SE-TSM (D.N.H Jun. 18, 2025), ECF Nos. 87, 87-1.

*Vote*, 682 F.3d at 339 (the NVRA grants access to registration records with voters' "uniquely sensitive information" redacted); *Pub. Int. Legal Found., Inc. v. N.C. State Bd. of Elections*, 996 F.3d 257, 267 (4th Cir. 2021) (same). The League intends to protect its members' privacy interests by preventing disclosures that are *not* required by any law. *See* Hutchison Decl. ¶¶ 21-23. This includes preventing members' data from disclosures which would conflict with legislation the League has supported, and its members rely upon, such as California's Motor Voter Law. *Id*. ¶¶ 19, 22; *see also*, Cal. Elec. Code §§ 2265(b)(4)(c), (f) (Motor Voter Law data use and sharing limits). Protecting members' sensitive or confidential data from disclosure where the lawfulness of disclosure is the central issue of the case is precisely the type of interest that is sufficient to establish a right to intervene. *See Kalbers,* 22 F.4th at 827 ("there is a direct, antagonistic relationship between [proposed intervenor]'s interest in confidentiality and [plaintiff's] interest in obtaining the documents at issue").

Indeed, courts have consistently recognized the mere "disclosure of private information" as an injury "traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). Moreover, the League's members have legitimate concerns about their sensitive personal information being handed over by California to the federal government. *See* Hutchison Decl. ¶¶ 7, 22-23. The Department of Justice ("DOJ") recently targeted political opponents,[3] and the prospective voter data misuse has been publicly reported.[4] This public targeting of political opponents and unexplained collection of sensitive data creates fear and distrust and threatens voter engagement.

---

[3] Alan Feur & Lily Boyce, *How Trump Is Using the Justice Department to Target His Enemies*, N.Y. Times (Oct. 17, 2025), https://bit.ly/43acHPi.

[4] Devlin Barret & Nick Corasantini, *Trump Administration Quietly Seeks to Build a National Voter Roll*, N.Y. Times (Sept. 9, 2025), https://bit.ly/4qCzHAs; *see also* Kaylie Martinez-Ochoa, et al., *Tracker of Justice Department Requests for Voter Information*, Brennan Center (Oct. 28, 2025), https://bit.ly/3Lk4h1J.

*See id*. ¶ 23. The League's intervention protects against this, allowing it to take legal positions that will safeguard its members' sensitive data and advocate for transparency in the process to enhance voter engagement. *See id*. ¶¶ 21-23.

Plaintiff's next argument is even less credible. Plaintiff points to a consent judgment and order in a recent North Carolina district court case and claims that it shows a proposed intervenor's privacy interests were "objectively proved to be unfounded." Opp'n at 19. **The cited order shows no such thing**. Instead, it reflects only that a state defendant settled a lawsuit with the DOJ and agreed to provide sensitive voter data and comply with various sections of HAVA, and the motions to intervene were moot because the case was resolved. Dkt. 27-1. Plaintiff acknowledges in a footnote that the proposed intervenors in that case are seeking reconsideration. Opp'n at 19. Arguing that this order "proved" anything at issue, or that it somehow undermines the League's motion to intervene (which is obviously not moot), is absurd.

Plaintiff's tenuous promise that it will protect voter information consistent with the Privacy Act, the CRA, and other federal law (glaringly omitting state law), Opp'n at 19, is unconvincing and conflicts with the demands it has made in its Complaint. Finally, Plaintiff relies on nonbinding cases to argue that the League's injury is speculative. Opp'n at 19-20. Those cases are easily distinguishable, as the League's interest in preventing unlawful disclosure of its members' sensitive data goes to the very heart of the transaction that is the subject of the proceeding; in the cases cited by Plaintiff, the interests were merely tangential.

### iii. The League's Interests are Distinct and Particularized

The League has identified specific interests in this case. LWV MTI at p. 9-12 (describing interests); Hutchison Decl. ¶¶ 21-25 (same).

The League's interests are plainly distinguishable from the generalized interests shared by every voter in California. In fact, the League itself is not a voter and that alone distinguishes this matter from *League of Women Voters v. Virginia*

1  *State Bd. of Elections*, 458 F. Supp. 3d 460 (W.D. Va. 2020) and its collected cases. Those cases involved generalized interests by individual voters that are materially different from the League's interests. *Id*. at 464. The League's core mission—its reason for existing—is implicated in this lawsuit. Further, as a practical matter, if the DOJ is successful in this lawsuit, the League will be forced to divert its limited resources to revise its voter guidance materials, retrain volunteers, and forfeit legislative advocacy that it has supported. Hutchison Decl. ¶¶ 24-25. For all these reasons, the League has protectable interests in this action.

   **B.   The League's Interests Will be Impaired if the Plaintiff Prevails**

   Gutting a policy the League fought to establish and expand, exposing the League's thousands of members to the risk of unwarranted disclosure of sensitive data, and forcing the League to revise its voluminous training materials and upend its voter engagement strategies are all direct and foreseeable results if Plaintiff prevails. This would obviously impair the League's interests. *E.g.*, *Wilderness Soc'y*, 630 F.3d at 1179. Plaintiff's recycled argument that there can be no harm because there is no interest, Opp'n at 22, falls flat. Further, the League lacks any other forum in which to protect its interests. *See Lockyer*, 450 F.3d at 443 (granting intervention where the proposed intervenors had no enforceable rights under the challenged measure, so they had no alternative forum to protect their interests). The law is clear that where "an absentee would be substantially affected in a practical sense by the determination made in an action," as is the case here, "he should, as a general rule, be entitled to intervene . . . ." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (citing Fed. R. Civ. P. 24 advisory committee's note).

   **C.   The League's Interests are Not Adequately Represented**

   The League cannot rely on the existing parties to adequately represent its interests. *See* LWV MTI. at 12-14. The League's objectives are broader than Defendant Weber's, as it seeks to enhance protection of sensitive voter data,

advance its advocacy goals, and effectively encourage and educate voters. Hutchison Decl. ¶¶ 21-25. Without intervention, the League will have no way to ensure these objectives are pursued. As was illustrated by the North Carolina settlement cited by Plaintiff, Dkt. 27-1, a state defendant like Defendant Weber might take positions diametrically opposed to League's interests simply to avoid "protracted and costly litigation."

After *Berger*, the Ninth Circuit reconsidered the "same ultimate objective" test and shifted to finding adequate representation only where intervenor's "interest is *identical* to that of an existing party." *See Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1021 n.5 (9th Cir. 2022) (emphasis added). While the Circuit has not yet provided guidance on whether *Berger* abrogates the presumption of adequate representation by government parties, any presumption here is overcome because the League's ultimate objectives are broader than Defendant Weber's. *See Citizens for Balanced Use*, 647 F.3d at 899 (where intervenor sought "to secure the broadest possible restrictions on recreational uses" of a wilderness area and [defendant government agency] simply sought to comply with its statutory mandate, the parties' "differing points of view . . . on the litigation as a whole" defeated any presumption).

Further, the League also has strong interest in government transparency, while Defendant Weber has taken the position that voter data need only be provided in-person at her office during business hours. *Compare* Hutchison Decl. ¶ 21 *with* Compl. ¶ 37. Courts have held that such differing constructions of law between intervenors and government entities are a compelling showing that representation is inadequate. *See, e.g.*, *Lockyer*, 450 F.3d at 444 (finding that the government's construction of a law, conflicting with the proposed intervenor's, helped overcome presumption of government's adequacy). Because it is likely that Defendant Weber will take legal positions the League finds undesirable, *see* Hutchison Decl. ¶ 21, cases cited by Plaintiff, Opp'n at 23, are distinguishable, *see Mussi v. Fontes*, No.

CV-24-01310-PHX-DWL, 2024 WL 3396109 at *3 (D. Ariz. July 12, 2024) (proposed intervenors failed to demonstrate the state defendants would "stake out an undesirable legal position") (citation omitted); *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020) (same). Additionally, Defendant Weber's decision not to oppose intervention supports the finding of inadequate representation. *Boot Barn, Inc. v. Bonta,* No. 2:22-cv-02105-KJM-CKD, 2023 WL 5155878, at *3 (E.D. Cal. Aug. 10, 2023) (holding intervenors would not be adequately represented by state defendants that elected not to oppose intervention). The League, a pro-voter advocacy organization, cannot be adequately represented by Defendant Weber. *See Issa*, 2020 WL 3074351, at *3 (in case against Secretary of State, granting intervention where intervenors sought to ensure "the voters they represent have the opportunity to vote" and "allocating their limited resources to inform voters about the election").

## II. Alternatively, the League Should be Granted Permissive Intervention Under Rule 24(b).

The League also meets each of the three necessary elements for permissive intervention: its motion is timely, it does not assert any new claims, and it shares common questions of law and fact with the main action. LWV MTI at 14-17.

The League has stated specific interests and perspectives that will add value to this litigation. *See* LWV MTI at 10-12. The League's involvement in this litigation will add critical nuance to interpreting relevant laws as well as bringing the important perspective of a large, non-partisan pro-voter advocacy organization with deep expertise. Such a "unique perspective and expertise" weighs in favor of allowing permissive intervention. *See Washington v. U.S. Dep't of Trans.*, No. 2:25-cv-00848-TL, 2025 WL 3023041, at *13 (W.D. Wash. Oct. 29, 2025) (granting permissive intervention to nonprofit organization with hundreds of thousands of members and a long history of relevant advocacy); *Republican Nat'l*

*Comm. v. Aguilar*, No. 2:24-cv-00518-CDS-MDC, 2024 WL 3409860, at *1, *3 (D. Nev. July 12, 2024) (finding intervenor's participation would contribute to the just and equitable resolution of challenge to a state's NVRA compliance).

The League's intervention will not unduly delay or prejudice the adjudication of the original parties' rights. The League will be bound by the same deadlines and briefing schedules as the original parties and will work cooperatively with Defendant Weber and any other intervenors to avoid any unnecessary duplication of briefing. *Protect Lake Pleasant, LLC v. Johnson*, No. CIV 07–454 PHX RCB, 2007 WL 1108916, at *5 (D. Ariz. Apr. 13, 2007) (granting permissive intervention where intervenor agreed to be bound by the same deadlines and briefing schedules as the original parties). The fact that Defendant Weber does not oppose the League's Motion is additional evidence that cooperation is anticipated. There is nothing in the record that would suggest that the League's intervention will cause any delay or prejudice either of the original parties.

Finally, the League will be without sufficient recourse if intervention is denied here. Without intervention, the League cannot ensure that Defendant Weber would be willing to consult with the League about how to proceed in this litigation. This would result in the League's interests, and the interests of its thousands of members, to be powerless in pushing for the legal positions and perspectives that are crucial to protecting the League's interests. Serving as an amici curae simply would not suffice to defend the League's critical interests at stake in this litigation.

## CONCLUSION

For the foregoing reasons, Proposed Intervenor the League of Women Voters of California respectfully requests the Court GRANT its Motion to Intervene, Dkt. 24, pursuant to Rule 24(a)(2), or, in the alternative, pursuant to Rule 24(b).

| | | |
|---|---|---|
| 1 | Dated: November 3, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ *Grayce Zelphin* <br> Grayce Zelphin |
| 4 | | |
| 5 | | Counsel for Proposed Intervenor-Defendant |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28