Daniel J. Freeman* (NY Bar No. 4582037)
*freemand@dnc.org*
**DEMOCRATIC NATIONAL COMMITTEE**
430 South Capitol Street SE
Washington, DC 20003
Tel: (202) 863-8000
Fax: (202) 863-8063

Stephen J. Kaufman, Bar No. 131605
*skaufman@kaufmanlegalgroup.com*
Haley J. Rosenspire, Bar No. 385174
*hrosenspire@kaufmanlegalgroup.com*
**KAUFMAN LEGAL GROUP, APC**
445 S. Figueroa Street, Suite 2400
Los Angeles, CA 90071
Tel:  (213) 452-6565
Fax:  (213) 452-6575

Attorneys for Amicus Curiae Democratic National
Committee,
*\* Pro hac vice application forthcoming*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

<table>
<tr><td>

**UNITED STATES OF AMERICA,**

Plaintiff,

**v.**

**SHIRLEY N. WEBER, in her official capacity as Secretary of State of the STATE OF CALIFORNIA, and the State of California,**

Defendants.

</td><td>

Case No.: 2:25-cv-09149-DOC-ADS

**DEMOCRATIC NATIONAL COMMITTEE'S MOTION FOR LEAVE TO FILE AN AMICUS BRIEF**

Date:          Monday, Dec. 8, 2025
Time:          8:30 a.m.
Courtroom:  10A
Judge:         Hon. David O. Carter
Trial Date:    None Set
Action Filed:  Sept. 25, 2025

</td></tr>
</table>

## <u>MOTION FOR LEAVE TO FILE AMICUS BRIEF</u>

The Democratic National Committee (DNC) respectfully moves for leave to submit a brief in this matter as amicus curiae.  The DNC is the oldest continuing

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

party committee in the United States, and its purposes and functions are to communicate the Democratic Party's position on issues, protect voters' rights, and aid the election of Democratic candidates nationwide, including by organizing citizens to register as Democrats and vote in favor of Democratic candidates. The DNC represents tens of millions of voters, including over 10,000,000 registered Democrats in California. In compliance with Local Rule 7-3, the DNC met and conferred with counsel for the United States and for Defendants. *See* Declaration of Daniel J. Freeman, attached hereto as Exhibit "A." The United States opposes the DNC's request to file a brief as amicus curiae, and Defendants take no position on the instant motion. *Id.*

This Court should exercise its discretion to allow the DNC to file an amicus brief. The Federal Rules of Civil Procedure "do not address requests to participate as amici" in district courts. *Stoyas v. Toshiba Corp.*, No. 15-cv-4194, 2021 WL 2315200, at *2 (C.D. Cal. June 7, 2021); *cf.* Fed. R. App. P. 29(b)(2); S. Ct. R. 37. Nonetheless, this Court "has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "The classic role of amicus curiae [is in] assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982); *see also Snitko v. United States*, No. 2:21-cv-04405, 2022 WL 17224713, at *2 (C.D. Cal. Aug. 16, 2022) (finding that a party can qualify as an amicus by making a "showing that [its] participation is useful to or otherwise desirable to the court" (internal citation and quotation marks omitted)).

In this case, the U.S. Department of Justice demands a copy of the State of California's complete, unredacted voter file, which includes the personal identifying information of over 10,000,000 registered Democrats. This demand forces registered Democrats and unregistered citizens who favor Democratic candidates to choose

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

between democratic participation and data privacy. Conditioning the right to vote on the release of private information "creates an intolerable burden on that right." *Project Vote/Voting for America, Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012). The concerns of ordinary Democrats are amplified by uncertainty as to the intended use of their data and the Trump Administration's extraordinary partisan bias and retributive impulse. *See, e.g.*, Jess Bidgood and Devlin Barrett, *Trump's Efforts to Punish His Enemies Are Ramping Up*, N.Y. Times, Sept. 22, 2025, https://perma.cc/BTW5-ZMT3; *see also* Ryan Lucas, *As Trump Talks of Designating Antifa a Foreign Terrorist Group, Experts See Danger*, NPR, Oct. 28, 2025, https://perma.cc/CNM6-A5MC ("Deputy White House Chief of Staff Stephen Miller recently said the Democratic party 'is not a political party. It is a domestic extremist organization.'"). In turn, the DNC has a significant protectable interest in the success of Democratic candidates, and pressure on Democrats to avoid registration or to remove themselves from the voter rolls would impose an intolerable burden on that interest. *See, e.g.*, *Paher v. Cegavske*, No. 3:20-cv-243, 2020 WL 2042365, at *1 (D. Nev. Apr. 28, 2020).

The DNC would also bring substantial expertise concerning the statutes at issue: Title III of the Civil Rights Act of 1960 (Title III), 52 U.S.C. §§ 20701-06, the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. §§ 20501-11, and the Help America Vote Act of 2002 (HAVA), 52 U.S.C. §§ 20901-21145. The DNC routinely litigates matters under both the NVRA and HAVA. *See, e.g.*, *Republican Nat'l Comm. v. N.C. State Bd. of Elections*, No. 5:24-cv-547 (E.D.N.C.) (HAVA); *Mi Familia Vota v. Fontes*, No. 2:22-cv-509 (D. Ariz.) (NVRA). More broadly, the DNC regularly works with state election officials to ensure that elections are conducted in a free, fair, and lawful manner and relies on the document retention requirements at the heart of Title III.

The DNC respectfully requests that this Court grant its motion for leave to file an amicus brief. A proposed amicus brief is attached hereto as Exhibit "B" and a

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

1  Proposed Order is attached hereto as Exhibit "C." Although this Court's local rules

2  do not set page limits for amicus filings, the proposed brief complies with

3  requirements for memoranda of points and authorities, as well as pretrial, trial, and

4  posttrial briefs. *See* L.R. 11-6.

5

6  Dated: November 13, 2025          Respectfully submitted,

7                                    */s/ Daniel J. Freeman*

8                                    Daniel J. Freeman* (NY Bar No. 4582037)

9                                    Democratic National Committee

10                                   430 South Capitol Street SE

11                                   Washington, DC 20003

12                                   T: (202) 863-8000

13                                   F: (202) 863-8063

14                                   freemand@dnc.org

15

16                                   */s/ Stephen J. Kaufman*

17                                   Stephen J. Kaufman (SBN 131605)

18                                   Kaufman Legal Group, APC

19                                   445 S. Figueroa Street, Suite 2400

20                                   Los Angeles, CA 90071

21                                   T: (213) 452-6565

22                                   F: (213) 452-6575

23                                   skaufman@kaufmanlegalgroup.com

24

25                                   *Attorneys for Amicus Curiae Democratic*

26                                   *National Committee*

27                                   *\* Pro hac vice application forthcoming*

28

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

# EXHIBIT A

1  Daniel J. Freeman* (NY Bar No. 4582037)
   *freemand@dnc.org*
2  **DEMOCRATIC NATIONAL COMMITTEE**
3  430 South Capitol Street SE
   Washington, DC 20003
4  Tel: (202) 863-8000
   Fax: (202) 863-8063
5
   Stephen J. Kaufman, Bar No. 131605
6  *skaufman@kaufmanlegalgroup.com*
7  Haley J. Rosenspire, Bar No. 385174
   *hrosenspire@kaufmanlegalgroup.com*
8  **KAUFMAN LEGAL GROUP, APC**
9  445 S. Figueroa Street, Suite 2400
   Los Angeles, CA 90071
10 Tel:  (213) 452-6565
   Fax:  (213) 452-6575
11
   Attorneys for Amicus Curiae Democratic National
12 Committee.
   * *Pro hac vice application forthcoming*
13

14          **UNITED STATES DISTRICT COURT**

15      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16

17 **UNITED STATES OF**                    Case No.: 2:25-cv-09149-DOC-ADS
   **AMERICA**,
18                                         **DECLARATION OF COUNSEL**
                      Plaintiff,           **DANIEL J. FREEMAN UNDER**
19                                         **LOCAL RULE 7-3**
           v.
20                                         Date:         Monday, Dec. 8, 2025
   **SHIRLEY N. WEBER, in her**            Time:         8:30 a.m.
21 **official capacity as Secretary of**   Courtroom:    10A
   **State of the STATE OF**               Judge:        Hon. David O. Carter
22 **CALIFORNIA, and the State of**        Trial Date:   None Set
   **California,**                         Action Filed: Sept. 25, 2025
23
                      Defendants.
24

25
           I, Daniel J. Freeman, hereby declare as follows:
26
           1.     I am a U.S. citizen, over the age of 18, am competent to testify, and
27
28 have personal knowledge of the facts and information set forth in this declaration.

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

2.     I am the litigation director at and counsel for the Democratic National Committee, the proposed amicus curiae in this matter.

3.     Proposed amicus curiae made a good-faith attempt to confer with counsel for Plaintiff and Defendants about relief sought by this Motion, as required by Local Rule 7-3.

4.     On November 10, 2025, I conferred by telephone with Defendants' counsel regarding this motion. Defendants' counsel indicated that they have no position on this Motion for Leave to File as Amicus Curiae.

5.     On November 12, 2025, I conferred by telephone with Plaintiff's counsel regarding this motion. Plaintiff's counsel indicated that they oppose this Motion for Leave to File as Amicus Curiae.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: November 13, 2025

*/s/ Daniel J. Freeman*

Daniel J. Freeman

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Daniel J. Freeman* (NY Bar No. 4582037)
*freemand@dnc.org*
**DEMOCRATIC NATIONAL COMMITTEE**
430 South Capitol Street SE
Washington, DC 20003
Tel: (202) 863-8000
Fax: (202) 863-8063

Stephen J. Kaufman, Bar No. 131605
*skaufman@kaufmanlegalgroup.com*
Haley J. Rosenspire, Bar No. 385174
*hrosenspire@kaufmanlegalgroup.com*
**KAUFMAN LEGAL GROUP, APC**
445 S. Figueroa Street, Suite 2400
Los Angeles, CA 90071
Tel:  (213) 452-6565
Fax:  (213) 452-6575

Attorneys for Amicus Curiae Democratic National Committee,
* *Pro hac vice application forthcoming*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No.: 2:25-cv-09149-DOC-ADS |
| Plaintiff, | **[PROPOSED] BRIEF OF AMICUS CURIAE THE DEMOCRATIC NATIONAL COMMITTEE** |
| v. | |
| **SHIRLEY N. WEBER, in her official capacity as Secretary of State of the STATE OF CALIFORNIA, and the State of California,** | Date:         Monday, Dec. 8, 2025<br>Time:         8:30 a.m.<br>Courtroom:  10A<br>Judge:       Hon. David O. Carter<br>Trial Date:   None Set<br>Action Filed: Sept. 25, 2025 |
| Defendants. | |

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

# TABLE OF CONTENTS

Page

I.      INTEREST OF AMICUS CURIAE ................................................. 2

II.     BACKGROUND ............................................................................. 3

III.    LEGAL STANDARD ...................................................................... 5

IV.     ARGUMENT ................................................................................... 6

    A.      DOJ HAS OBSCURED THE TRUE BASIS AND PURPOSE
            FOR ITS TITLE III DEMAND. .............................................. 6

    B.      THE NVRA DOES NOT REQUIRE PUBLIC
            DISCLOSURE OF UNREDACTED VOTER FILES. ............... 12

    C.      HAVA DOES NOT PROVIDE DOJ WITH SUBPOENA
            AUTHORITY. ......................................................................... 14

V.      CONCLUSION ............................................................................ 15

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

i

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

# TABLE OF AUTHORITIES

Page

**Cases**

*Becker v. United States*, 451 U.S. 1306, 1308 (1981) ...............................................9

*Bellitto*, 935 F.3d at 1205 .........................................................................................11

*Bobreski v. EPA*, 284 F. Supp. 2d 67, 75-78 (D.D.C. 2003) .................................14

*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971) ........10

*Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 603 U.S. 799, 817 (2024) .................................................................................................................7

*Cuahy Packing Co. v. Holland*, 315 U.S. 357, 364-66 (1942) ...............................14

*Dep't of Commerce v. New York*, 588 U.S. 752, 781-85 (2019) .............................7

*In re Coleman*, 208 F. Supp. 199, 201 (S.D. Miss. 1962) ....................................10

*Kennedy v. Bruce*, 298 F.2d 860, 862 (5th Cir. 1962) ...........................................9

*Kennedy v. Lynd*, 306 F.2d 222, 225 (5th Cir. 1962) .........................................9, 10

*LULAC v. Exec. Off. of the President*, 780 F. Supp. 3d 135, 187 n.29 (D.D.C. 2025) ...............................................................................................................10

*McCreary Cnty. v. ACLU*, 545 U.S. 844, 862 (2005) ...........................................10

*Niz-Chavez v. Garland*, 593 U.S. 155, 166 (2021) .................................................7

*Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 476 (2019) .....................15

*Paher v. Cegavske*, No. 3:20-cv-243, 2020 WL 2042365 (D. Nev. Apr. 28, 2020) .................................................................................................................3

*Project Vote/Voting for America, Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012) ..............................................................................................................3, 13

*Pub. Interest Legal Found. v. Bellows*, 92 F.4th 36, 56 (1st Cir. 2024) .......6, 12, 13

*Public Interest Legal Found. v. Schmidt*, No. 23-1590 (3d Cir. Nov. 6, 2023) .....13

*Republican Nat'l Comm. v. Benson*, No. 24-1985, 2025 WL 2731704 (6th Cir. Sept. 25, 2025) ...............................................................................................11

*Shelby Cnty. v. Holder*, 570 U.S. 529, 549 (2013) ...............................................14

*Sugarloaf Funding, LLC v. U.S. Dep't of Treasury*, 584 F.3d 340, 347-50 (1st Cir. 2009) ...............................................................................................................9

*United States v. Bellows*, No. 1:25-cv-468 (D. Me. Sept. 18, 2025) .......................9

*United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 15 (1926) .....................10

*United States v. Iannone*, 610 F.2d 943, 945-46 (D.C. Cir. 1979)....................6, 14

*United States v. Powell*, 379 U.S. 48, 57-58 (1964)................................................9

*Universal Health Servs. v. United States ex. rel. Escobar*, 579 U.S. 176, 188
  (2016) .............................................................................................................7

*Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 478 U.S. 252, 267
  (1977) .............................................................................................................10

**Statutes**

39 C.F.R. § 122.2(b) ...............................................................................................8

42 U.S.C. § 1306c(d) ..............................................................................................8

42 U.S.C. § 1974b ...................................................................................................9

42 U.S.C. § 1974d ...................................................................................................10

5 U.S.C. § 552(b)(6) ...............................................................................................13

52 U.S.C. § 20507..............................................................................4, 8, 11, 12, 13

52 U.S.C. § 20510(a) ..............................................................................................8

52 U.S.C. § 20701, 3 ...............................................................................................5

52 U.S.C. § 21083(a)(2)(A)(ii) ...............................................................................8

52 U.S.C. § 21085...................................................................................................14

52 U.S.C. § 21111...............................................................................................6, 14

52 U.S.C. §§ 20501-11 ............................................................................................5

52 U.S.C. §§ 20701-06 .........................................................................................4, 5

52 U.S.C. §§ 20901-21145 ..................................................................................6, 14

52 U.S.C. § 41111 ....................................................................................................4

6 U.S.C. § 111(b) ....................................................................................................8

Fed. R. Civ. P. 81(a)(5)............................................................................................9

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

Federal law authorizes the Attorney General to demand voter registration records, but she cannot do so based on a misrepresentation.  Rather than disclosing "the basis and the purpose" for its demand for the complete, unredacted California voter file—as Title III of the Civil Rights Act of 1960 requires, 52 U.S.C. § 20703—the Department of Justice suggests it is engaged in routine enforcement of the National Voter Registration Act (NVRA).  In fact, the Justice Department intends to transfer the personal identifying information and partisan affiliation of every registered voter in California to the Department of Homeland Security and is reportedly consolidating state databases into a national voter file.  This deception invalidates the Title III demand.  Invocations of the public records provision of the NVRA and basic enforcement authority under the Help America Vote Act (HAVA) fare no better; neither authorizes demands for unredacted personal information.  A Department of Justice that cannot be honest with state officials cannot be trusted with the personal information of every registered voter in California, including over ten million voters identified as Democrats on California's voter registration rolls. The Democratic National Committee submits this amicus brief to protect the privacy interests of its members and the interests of its candidates and campaigns in free and fair elections and respectfully requests that this Court grant Defendants' motion to dismiss.

## I.    Interest of Amicus Curiae

The Democratic National Committee (DNC) is the oldest continuing party committee in the United States.  Its purposes and functions are to communicate the Democratic Party's position on issues, protect voters' rights, and aid the election of Democratic candidates nationwide, including by organizing citizens to register as Democrats and vote in favor of Democratic candidates.  The DNC represents millions of voters, including more than ten million registered Democrats in California.

The U.S. Department of Justice (DOJ) has demanded a copy of the State of

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

California's complete, unredacted voter file. This demand forces registered Democrats and unregistered citizens who favor Democratic candidates to choose between democratic participation and the privacy and security of their personal information. Conditioning the right to vote on the release of private information "creates an intolerable burden on that right." *Project Vote/Voting for America, Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012). The concerns of ordinary Democrats are amplified by uncertainty as to the intended use of their data and the Trump Administration's extraordinary partisan bias and retributive impulse. *See, e.g.*, Jess Bidgood and Devlin Barrett, *Trump's Efforts to Punish His Enemies Are Ramping Up*, N.Y. Times, Sept. 22, 2025, https://perma.cc/BTW5-ZMT3; *see also* Ryan Lucas, *As Trump Talks of Designating Antifa a Foreign Terrorist Group, Experts See Danger*, NPR, Oct. 28, 2025, https://perma.cc/CNM6-A5MC ("Deputy White House Chief of Staff Stephen Miller recently said the Democratic party 'is not a political party. It is a domestic extremist organization.'"). In turn, the DNC has a significant protectable interest in the success for Democratic candidates, and pressure on Democrats to avoid registration or even remove themselves from the voter rolls would impose an intolerable burden on that interest. *See, e.g.*, *Paher v. Cegavske*, No. 3:20-cv-243, 2020 WL 2042365 (D. Nev. Apr. 28, 2020).

## II.     Background

In June 2025, DOJ began sending letters to state officials demanding complete, unredacted copies of state voter files, and a senior official eventually acknowledged that DOJ intends to send demands to all 50 states. *See* Jonathan Shorman, *DOJ Plans to Ask All States for Detailed Voting Info*, Stateline, Aug. 1, 2025, https://perma.cc/526V-97C3. Early letters indicated that the files would be used to oversee "HAVA compliance" or "full compliance with the NVRA." *E.g.*, Let. from Maureen Riordan, U.S. Dep't of Justice, to Steve Simon, Minn. Sec'y of State (June 25, 2025), https://perma.cc/NZ9N-FCDC; Let. from Michael E. Gates, U.S. Dep't of Justice, to Deirdre Henderson, Lt. Gov. of Utah (July 15, 2025),

https://perma.cc/FV8G-W965.  However, DOJ has publicly confirmed that it is sharing lists it receives with the Department of Homeland Security (DHS), and reporting indicates that DOJ is developing a national voter file.  *See* Jonathan Shorman, *DOJ Is Sharing State Voter Roll Lists with Homeland Security*, Stateline, Sept. 12, 2025, https://perma.cc/C6RQ-6ATP (quoting DOJ and DHS statements); Devlin Barrett and Nick Corasaniti, *Trump Administration Quietly Seeks to Build National Voter Roll*, N.Y. Times, Sept. 9, 2025, https://perma.cc/9PM4-2A6R.

On July 10, DOJ sent a letter to California Secretary of State Shirley N. Weber demanding all fields within California's statewide voter registration list—which includes driver's license number, partial Social Security number, date of birth, and party affiliation—pursuant to Section 8(i) of the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. § 20507(i).  *See* July 10 Let., ECF No. 37-2, at 6. Following an exchange of letters regarding the timing of the request, *see* July 22 Let., ECF No. 37-2, at 10, July 29 Let., ECF No. 37-2, Secretary Weber indicated that she would not produce the "unredacted statewide voter registration list" because it is not subject to disclosure under California law or the NVRA.  *See* Aug. 8 Let., ECF No. 37-2, at 15.  DOJ then sent another letter to Secretary Weber requesting an unredacted copy of the voter file by August 21.  *See* Aug. 13 Let., ECF No. 37-2, at 20.  This final DOJ letter invoked Title III of the Civil Rights Act of 1960 (Title III), 52 U.S.C. §§ 20701-06, as authority for the demand and stated that the purpose of the request was "to assist in our determination of whether California's list maintenance program complies with the NVRA." *Id.* at 2.  The final DOJ letter also asserted that Section 401 of HAVA, 52 U.S.C. § 41111, provides authority to demand unredacted voter files.  *See id.* at 1.  On August 21, Secretary Weber sent another letter to DOJ declining to provide the unredacted California voter file.  *See* Aug. 21 Let., ECF No. 37-2, at 24.

On September 25, the United States filed suit against Secretary Weber and the State of California, demanding production of the unredacted statewide voter

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

4

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

1   registration database.  *See* Compl., ECF No. 1.  Defendants moved to dismiss on

2   November 7.  Or. Mot., ECF No. 37.[1]

3   **III.    Legal Standard**

4   Title III of the Civil Rights Act of 1960 (Title III), 52 U.S.C. §§ 20701-06,

5   dictates that "every officer of election shall retain and preserve, for a period of

6   twenty-two months from the date of any [federal election], all records and papers

7   which come into his possession relating to any application, registration, payment of

8   poll tax, or other act requisite to voting in such election" or transfer such materials to

9   another officer of election or designated custodian.  52 U.S.C. § 20701.  In turn,

10  "[a]ny record or paper required by [Title III] to be retained and preserved shall, upon

11  demand in writing by the Attorney General or his representative directed to the

12  person having custody, possession, or control of such record or paper, be made

13  available for inspection, reproduction, and copying at the principal office of such

14  custodian by the Attorney General or his representative."  *Id.* § 20703.  "This

15  demand shall contain a statement of the basis and the purpose therefor."  *Id.*  "The

16  United States district court for the district in which a demand is made pursuant

17  to [Title III], or in which a record or paper so demanded is located, shall have

18  jurisdiction by appropriate process to compel the production of such record or

19  paper."  *Id.* § 20705.

20  The National Voter Registration Act of 1993 (NVRA), 52 U.S.C. §§ 20501-

21  11, aims to improve both voter registration access and accuracy.  *See* 52 U.S.C.

22  § 20501(b)(1)-(4).  To facilitate public oversight, Section 8(i) requires each covered

23

24  ―――――――――――――

25  [1] DOJ has thus far sued California and seven additional states to seek complete,
26  unredacted voter files.  *See* Press Release, U.S. Dep't of Justice, *Justice Department Sues Oregon and Maine for Failure to Provide Voter Registration Rolls* (Sept. 16,
27  2025), https://perma.cc/8URN-US8S; Press Release, U.S. Dep't of Justice, *Justice Department Sues Six States for Failure to Provide Voter Registration Rolls* (Sept. 25,
28  2025), https://perma.cc/6Q23-2X8Y.

state to "maintain for at least 2 years and . . . make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," subject to specified exceptions.  *Id.* § 20507(i).

The Help America Vote Act of 2002 (HAVA), 52 U.S.C. §§ 20901-21145, imposes additional requirements on the administration of federal elections.  The Attorney General may enforce only "the uniform and nondiscriminatory election technology and administration requirements" in Sections 301 to 304 of the Act.  52 U.S.C. § 21111.  HAVA does not contain express subpoena authority or public disclosure requirements.

### IV.    Argument

DOJ has no legal basis to obtain the complete, unredacted California voter file.  By refusing to offer an honest statement of "the basis and the purpose" for the demand, the Attorney General has forfeited Title III authority.  52 U.S.C. § 20703.  The NVRA's public records provision does not authorize disclosure of sensitive personal information.  *See, e.g.*, *Pub. Interest Legal Found. v. Bellows*, 92 F.4th 36, 56 (1st Cir. 2024).  And HAVA contains no subpoena authority at all.  *See* 52 U.S.C. § 21111; *see also, e.g.*, *United States v. Iannone*, 610 F.2d 943, 945-46 (D.C. Cir. 1979) (rejecting claim of implied subpoena authority).  Because the United States' complaint does not state a claim upon which relief can be granted, this Court should grant Defendants' motion to dismiss.

### A.    DOJ Has Obscured the True Basis and Purpose for its Title III Demand.

DOJ's Title III demand for California's complete, unredacted voter file should be denied because the demand did not state "the basis and the purpose therefor."  52 U.S.C. § 20703; *see also* Defs.' Mem. 7-8, ECF No. 37-1.  Title III requires candor between federal officials and state and local election administrators who safeguard

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

1   voters' sensitive personal information.  *See id.*  Yet DOJ has provided California and

2   its citizens less than a half-truth.  DOJ told Secretary Weber that the purpose of the

3   request was "to assist in our determination of whether California's list maintenance

4   program complies with the NVRA."  Aug. 13 Let. at 2.  However, DOJ has publicly

5   confirmed that it is sharing voter files it obtains with DHS, and reporting indicates

6   that DOJ is compiling a national voter file for its own use.  *See DOJ Is Sharing State*

7   *Voter Roll Lists with Homeland Security*, *supra*; *Trump Administration Quietly Seeks*

8   *to Build National Voter Rolls*, *supra*.  As explained below, neither action is related to

9   NVRA enforcement.[2]

10      Title III demands a statement of "*the* basis and *the* purpose" for the demand,

11  not merely *a* basis and *a* purpose.  52 U.S.C. § 20703 (emphasis added).  By twice

12  using the definite article, Title III requires that the Attorney General to offer "a

13  discrete thing":  the complete basis and purpose of the request and not merely one

14  basis and purpose among many.  *Niz-Chavez v. Garland*, 593 U.S. 155, 166 (2021);

15  *see also, e.g.*, *Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 603 U.S.

16  799, 817 (2024) (emphasizing distinction between definite and indefinite article).

17  Ultimately, "half-truths—representations that state the truth only so far as it goes,

18  while omitting critical qualifying information—can be actionable

19  misrepresentations." *Universal Health Servs. v. United States ex. rel. Escobar*, 579

20  U.S. 176, 188 (2016) (recognizing that"); *cf. Dep't of Commerce v. New York*, 588

21  U.S. 752, 781-85 (2019) (setting aside agency action due to pretextual invocation of

22  the Voting Rights Act).  Thus, DOJ's refusal to be forthright with state officials and

23  registered voters about the intended use of sensitive personal information is fatal to

---

[2] DOJ similarly invoked the NVRA when requesting records from Fulton County, Georgia related to the 2020 Presidential election, even while claiming its actual interest was "transparency."  Oct. 30 Let., https://perma.cc/WCM3-FVTW.  Repeat demands for records based on pretextual invocation of the NVRA further undercut purported reliance on that statute here.

1  the demand.

2      DHS has broad authority over counterterrorism, emergency management,

3  immigration, and border protection, but its powers do not extend to NVRA

4  enforcement.  *See* 6 U.S.C. § 111(b); *cf.* 52 U.S.C. § 20510(a) (DOJ authority).

5  Even if DOJ were only interested in comparing California's voter registration

6  records with DHS data—which would not require transferring California's voter file

7  to DHS custody—such database matching would not advance NVRA enforcement.

8  The NVRA's affirmative list maintenance mandate concerns only deceased

9  registrants and those who have moved outside the jurisdiction of a local registrar.

10  *See* 52 U.S.C. § 20507(a)(4).  Federal data concerning deaths and changes of address

11  are held by the Social Security Administration and the U.S. Postal Service

12  respectively, not DHS.  *See* 42 U.S.C. § 1306c(d) (defining the Social Security Death

13  Master File); 52 U.S.C. § 20507(c)(1) (describing use of Postal Service address

14  information by election officials); *see also* 39 C.F.R. § 122.2(b) (providing for

15  prompt transmission of change-of-address information to election officials); Exec.

16  Order. No. 14,248, § 3(a), 90 Fed. Reg. 14005, 14007 (Mar. 25, 2025) (ensuring that

17  the Social Security Administration allows election officials to access the Death

18  Master File).  Thus, DHS data is not relevant to NVRA enforcement.

19      Adding the complete, unredacted California voter file to a DOJ national voter

20  database also does not advance the stated purpose of investigating California's

21  NVRA compliance.  The NVRA requires that states conduct only a "reasonable

22  effort to remove the names of ineligible voters by reason of the death of the

23  registrant[] or a change in the residence of the registrant."  52 U.S.C. § 20507(a)(4).

24  With respect to movers, the "reasonable effort" requirement can be met using Postal

25  Service data alone.  *See id.* § 20507(c)(1).  In any case, joining the California voter

26  file to another state's voter file—a file California does not possess and is not legally

27  required to obtain—does not help DOJ determine whether California has met the

28  "reasonable effort" requirement.  *Cf. id.* § 21083(a)(2)(A)(ii) (requiring voter file

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

1   coordination with in-state databases on felony status and records of death).

2          DOJ cannot avoid scrutiny of the basis and purpose for its Title III demand by

3   claiming that the Civil Rights Act of 1960 authorizes a "special statutory

4   proceeding," as it recently has elsewhere.  *See* DOJ Mot. 8, *United States v. Bellows*,

5   No. 1:25-cv-468 (D. Me. Sept. 18, 2025), ECF No. 5-1 (quoting *Kennedy v. Lynd*,

6   306 F.2d 222, 225 (5th Cir. 1962)).  In the six decades since DOJ last litigated a

7   contested Title III action, the Supreme Court has confirmed that "the Federal Rules

8   apply to proceedings to compel the giving of testimony or production of documents

9   in accordance with a subpoena issued by an officer or agency of the United States

10  under any statute of the United States except as otherwise provided by statute or by

11  rules of the district court or by order of the court in the proceedings."  *Becker v.*

12  *United States*, 451 U.S. 1306, 1308 (1981) (internal citation and quotation marks

13  omitted); *see also* Fed. R. Civ. P. 81(a)(5) (contemporary restatement).  Indeed, just

14  two years after *Kennedy v. Lynd*, on which DOJ recently relied, the Supreme Court

15  held that the IRS Commissioner bears the burden to establish statutory requirements

16  before a tax subpoena may be enforced.  *See United States v. Powell*, 379 U.S. 48,

17  57-58 (1964); *see also, e.g.*, *Sugarloaf Funding, LLC v. U.S. Dep't of Treasury*, 584

18  F.3d 340, 347-50 (1st Cir. 2009) (allowing summons recipient opportunity to rebut

19  government's prima facie case).  Nothing in the text of Title III insulates the

20  sufficiency of the requisite "statement of the basis and the purpose" of a demand

21  from judicial review.  52 U.S.C. § 20703.[3]  Rather, Title III's jurisdictional provision

---

23  [3] Facing resistance from district judges in the Jim Crow South, the Fifth Circuit

24  indicated in 1962 that "the factual foundation for, or the sufficiency of, the Attorney

    General's 'statement of the basis and the purpose' contained in the written demand is

25  not open to judicial review or ascertainment."  *Lynd*, 306 F.2d at 226 (quoting former

26  42 U.S.C. § 1974b); *see also, e.g.*, *Kennedy v. Bruce*, 298 F.2d 860, 862 (5th Cir.

    1962) (reversing district court dismissal in conflict with controlling precedent).

27  Although racist mass disenfranchisement may have warranted truncating

28  proceedings in the early 1960s, the Supreme Court's 1964 decision in *Powell* makes

    clear that even in exigency, the government must establish the requirements that

1  authorizes only "appropriate process to compel the production" of documents. *Id.* §

2  20705; *see also Lynd*, 306 F.2d at 230 (anticipating that "'appropriate process' . . .

3  will include the power and duty to issue protective orders" (quoting former 42

4  U.S.C. § 1974d)).  While DOJ might ordinarily be presumed to be acting in good

5  faith, "appropriate process" requires an opportunity to prove otherwise. *See In re*

6  *Coleman*, 208 F. Supp. 199, 201 (S.D. Miss. 1962) (ascribing good faith to Title III

7  request "unless otherwise shown"); *see also, e.g.*, *LULAC v. Exec. Off. of the*

8  *President*, 780 F. Supp. 3d 135, 187 n.29 (D.D.C. 2025) (describing

9  misrepresentation in recent election litigation).[4]

10      Even if Title III required the Attorney General's representative to provide only

11  "a purpose" and not "the purpose" of a demand—and it does not—DOJ's demand for

12  California's complete, unredacted voter file is unrelated to a "determination of

13  whether California's list maintenance program complies with the NVRA."  Aug. 13

14  Let. at 2.[5]  For nearly two decades, DOJ has neither demanded nor required a

15

16

17  Congress has set to issue a document request.  *See* 379 U.S. at 57-58.

18  [4] The presumption of regularity articulated in *United States v. Chemical Foundation,
   Inc.*, 272 U.S. 1, 15 (1926), does not shield official actions "from a thorough,

19  probing, in-depth review." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401
   U.S. 402, 415 (1971); *see also, e.g.*, *McCreary Cnty. v. ACLU*, 545 U.S. 844, 862

20  (2005).  In recent months, district courts have repeatedly "identified serious defects

21  in the government's explanations and representations . . . prompting judges to
   discount government submissions, compel expedited discovery, and withhold the

22  presumption."  Ryan Goodman et al., *The "Presumption of Regularity" in Trump

23  Administration Litigation* (Oct. 15, 2025), https://perma.cc/VMA2-YJDQ

24  [5] In other states, DOJ asserted that the purpose of obtaining the unredacted voter file
   was to ascertain "compliance with the list maintenance requirements of the NVRA

25  and HAVA," the Help America Vote Act.  *E.g.*, Let. from Harmeet K. Dhillon, U.S.
   Dep't of Justice, to Tobias Read, Or. Sec'y of State (Aug. 14, 2025),

26  https://perma.cc/3JGD-GEB9.  DOJ has not invoked HAVA in support of its Title III

27  request here.  The Justice Department's assertion of varying purposes for identical
   voter file requests suggests that the claimed NVRA enforcement aim here is mere

28  pretext. *Cf. Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 478 U.S. 252,

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

complete, unredacted voter file to investigate NVRA violations or oversee compliance with a remedy.  *See, e.g.*, Press Release, U.S. Dep't of Justice, *United States Announces Settlement with Kentucky Ensuring Compliance with Voter Registration List Maintenance Requirements*, July 5, 2018, https://perma.cc/G2EZ-UUA5 (describing 2017 letters to all 44 states covered by the NVRA requesting list maintenance information but not demanding voter files).  And with good reason.  As noted above, the NVRA's affirmative list maintenance mandate requires only a "reasonable effort" to remove deceased registrants and movers.  *See* 52 U.S.C. § 20507(a)(4); *see also id.* § 20507(c)(1) (allowing the requirement concerning movers to be met as a matter of law using safe harbor procedures).  DOJ has recognized this flexible standard since the Act's passage.  *See, e.g.*, U.S. Dep't of Justice, *The National Voter Registration Act of 1993* (last updated Nov. 1, 2024), https://perma.cc/D8YZ-F9AM; U.S. Dep't of Justice, *NVRA List Maintenance Guidance* (Sept. 2024), https://perma.cc/J3C2-WSSE.  Thus, state and local procedures establish compliance; voter files that result from those procedures do not. *See Pub. Int. Legal Found. v. Benson*, 136 F.4th 613, 624-26 (6th Cir. 2025), *petition for cert. pending*, No. 24-1255 (filed Oct. 7, 2025) (defining "reasonable effort" as "a serious attempt that is rational and sensible" and rejecting any "quantifiable, objective standard"); *Bellitto*, 935 F.3d at 1205 (finding a "reasonable effort" based on safe harbor procedures alone).  Even if DOJ could identify movers and deceased voters on the registration rolls, this would not indicate that efforts taken to remove such voters did not meet the "reasonable effort" requirement.  *See Benson*, 136 F.4th at 626-27 (rejecting identification of "27,000 'potentially deceased' voters on Michigan's registration rolls" as evidence of an NVRA violation); *Republican Nat'l Comm. v. Benson*, No. 24-1985, 2025 WL 2731704 (6th Cir. Sept. 25, 2025) (per

---

267 (1977) (deeming departures from substantive and procedural norms to be evidence of pretext).

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

1    curiam) (acknowledging that some movers remain on the rolls temporarily due to the

2    NVRA's "procedural restraints"); *see also* 52 U.S.C. § 20507(d)(1) (limiting

3    removal of movers).  Ultimately, the NVRA places responsibility for voter

4    registration list maintenance with the States and does not authorize the Justice

5    Department to search for individual registrants that federal officials suspect may not

6    meet state eligibility requirements.[6]  Therefore, Title III provides no basis for DOJ's

7    request for the unredacted California voter file.

**B.    The NVRA Does Not Require Public Disclosure of
Unredacted Voter Files.**

10    The United States' request for California's complete unredacted voter file

11    under Section 8(i) of the NVRA fares no better.  Section 8(i) requires public

12    disclosure of voter registration rolls, but "nothing in the text of the NVRA prohibits

13    the appropriate redaction of uniquely or highly sensitive personal information in the

14    Voter File." *Bellows*, 92 F.4th at 56; *see also* Defs.' Mem. at 16-18.  Moreover, the

15    NVRA does not "prohibit the redaction of personal information that can be

16    particularly sensitive in certain circumstances, including those circumstances

17    explicitly recognized by federal courts." *Id.*; *see also, e.g.*, *Pub. Interest Legal

18    Found, Inc. v. N.C. State Bd. of Elections*, 996 F.3d 257, 268 (4th Cir. 2021)

19    (remanding for redactions).  DOJ has historically agreed, recognizing that "the

20    NVRA does not prohibit States from redacting 'uniquely sensitive information' like

21    voters' Social Security Numbers before disclosing records" under Section 8(i).  DOJ

---

[6] In 2006, DOJ sought and obtained a state voter registration file, including Social
Security numbers, for the ostensible purpose of assessing NVRA compliance.  *See*
Compl. ¶ 9, *United States v. Georgia*, No. 1:06-cv-2442 (N.D. Ga. Oct. 12, 2006);
*see also* Consent Decree, *United States v. Georgia*, No. 1:06-cv-2442 (N.D. Ga. Oct.
30, 2006).  DOJ did not pursue an enforcement action based on the file, *see* U.S.
Dep't of Justice, *Cases Raising Claims under the National Voter Registration Act*,
https://perma.cc/A3JG-CNZA, and for the next 19 years abandoned attempts to use
voter files to assess NVRA compliance.

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

Amicus Br. 27, *Pub. Interest Legal Found. v. Bellows*, No. 23-1361 (1st Cir. July 23, 2023) (quoting *Project Vote*, 682 F.3d at 339), https://perma.cc/ML4S-5V4S; *see also* DOJ Amicus Br. 28-29, *Public Interest Legal Found. v. Schmidt*, No. 23-1590 (3d Cir. Nov. 6, 2023), https://perma.cc/3BQ9-36UJ ("States may redact certain information before disclosing Section 8(i) records."); DOJ Amicus Br. 24-26, *Project Vote/Voting for America, Inc. v. Long*, No. 11-1809 (4th Cir. Oct. 18, 2011), https://perma.cc/HSM3-U964.

Because Section 8(i) is a public records provision, redactions are necessary to avoid widespread risk of identity theft and voter intimidation. Social Security numbers are "are uniquely sensitive and vulnerable to abuse" and "a statute that conditions voting on public release of a voter's Social Security number creates an intolerable burden on that right as protected by the First and Fourteenth Amendments." *Project Vote*, 682 F.3d at 339 (internal citations and quotation marks omitted); *see also* Liz Landers and Doug Adams, *How the Trump Administration Is Trying to Change the Way People Vote*, PBS News Hour, Sept. 26, 2025, https://perma.cc/7V2J-QY9V (describing Social Security number, driver's license number, and date of birth as "the holy trinity of identity theft"); *cf.* 5 U.S.C. § 552(b)(6) (allowing redactions from publicly available information if disclosure "would constitute a clearly unwarranted invasion of personal privacy"). Once again, DOJ has historically agreed, arguing under Section 8(i) that a litigant was "wrong to claim that disclosures of personally identifiable information are 'imaginary monsters.'" U.S. Amicus Br. 29, *Pub. Interest Legal Found. v. Bellows*, *supra* (internal citation omitted). And Section 8(i) does not distinguish between categories of requestors when making information available, which might allow election officials to provide unredacted information only to favored individuals, groups, or entities. *See* 52 U.S.C. § 20507(i); *cf.* 11 C.F.R. 9428.7 (requiring biennial state production of NVRA-related information only to the U.S. Election Assistance

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

Commission).[7]  Perhaps for that reason, DOJ has not historically invoked the NVRA's public records provision when seeking election records, relying instead on its Title III authority.  *See, e.g.*, Let. from Michael L. Jones, Off. Ala. Sec'y of State, to DOJ (Sept. 19, 2024), https://perma.cc/LN4M-HH9E (producing records "in compliance with Title III of the Civil Rights Act of 1960").  Thus, the NVRA also provides no basis for DOJ's request for the unredacted California voter file.

### C. HAVA Does Not Provide DOJ with Subpoena Authority.

The United States' invocation of HAVA as a third basis for its demand is at best puzzling, as HAVA contains neither subpoena authority nor a public records provision.  *See* 52 U.S.C. §§ 20901-21145; *cf. id* § 21003(b) (requiring states to submit HAVA compliance plans to the U.S. Election Assistance Commission as a condition for federal funding); *see also* Defs.' Mem. at 17-18.  Although DOJ claims that HAVA "provides authority for the Justice Department to seek the State's [voter file] via Section 401," Aug. 13 Let. at 1, that provision merely authorizes the Attorney General to enforce four sections of the Act, *see* 52 U.S.C. § 21111.  An enforcement provision alone does not grant subpoena authority to the enforcement agency.  *See, e.g.*, *Iannone*, 610 F.2d at 945-46; *Bobreski v. EPA*, 284 F. Supp. 2d 67, 75-78 (D.D.C. 2003); *see also Cuahy Packing Co. v. Holland*, 315 U.S. 357, 364-66 (1942) (rejecting implied subpoena delegation authority).  In turn, enforcement authority does not mandate direct oversight of state election authorities, which would impose substantial federalism costs.  *See, e.g.*, *Shelby Cnty. v. Holder*, 570 U.S. 529, 549 (2013); *see also* 52 U.S.C. § 21085 (codifying state discretion).  Ultimately, the United States may demand records relevant to HAVA compliance under Title III, although it must follow the requirements of that law.

---

[7] In recent months, the federal government has not shown itself to be a uniquely dependable custodian of sensitive data.  *See, e.g.*, Fatima Hussein, *After Trump's DOGE Action, 300 Million People's Social Security Data Is at Risk, Whistleblower Says*, AP, Aug. 26, 2025, https://perma.cc/G77Z-K7Y5.

If enforcement authority were always accompanied by the authority to demand relevant documents, express subpoena provisions throughout the United States Code would be meaningless surplusage. *See, e.g.*, *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 476 (2019) (recognizing that courts "generally presum[e] that statutes do not contain surplusage" (internal citation and quotation marks omitted)). Title III itself would not have been needed to ensure that DOJ could effectively enforce the Civil Rights Act of 1957. *See* S. Rep. No. 86-1205 (1960). These arguments do not bear scrutiny. Therefore HAVA provides no basis for DOJ's request for the unredacted California voter file.

## V.      Conclusion

For the reasons set out above, this Court should grant Defendants' motion to dismiss.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 9007
Tel: (213) 452-6565 Fax: (213) 452-6575

Dated: November 13, 2025

Respectfully submitted,

*/s/ Daniel J. Freeman*

Daniel J. Freeman* (NY Bar No. 4582037)

Democratic National Committee

430 South Capitol Street SE

Washington, DC 20003

T: (202) 863-8000

F: (202) 863-8063

freemand@dnc.org


*/s/ Stephen J. Kaufman*

Stephen J. Kaufman (SBN 131605)

Kaufman Legal Group, APC

445 S. Figueroa Street, Suite 2400

Los Angeles, CA 90071

T: (213) 452-6565

F: (213) 452-6575

skaufman@kaufmanlegalgroup.com


*Attorneys for Amicus Curiae Democratic National Committee*

*\* Pro hac vice application forthcoming*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Amicus Curiae, the Democratic National Committee, certifies that this brief contains 15 pages, which:

__ complies with the word limit of L.R. 11-6.1.

 x  complies with the page limit set by Section 6 under "Judge's Procedures" on Judge Carter's courtroom website,

https://apps.cacd.uscourts.gov/Jps/honorable-david-o-carter

Dated: November 13, 2025                Respectfully submitted,

*/s/ Daniel J. Freeman*

Daniel J. Freeman* (NY Bar No. 4582037)

Democratic National Committee

430 South Capitol Street SE

Washington, DC 20003

T: (202) 863-8000

F: (202) 863-8063

freemand@dnc.org


*/s/ Stephen J. Kaufman*

Stephen J. Kaufman (SBN 131605)

Kaufman Legal Group, APC

445 S. Figueroa Street, Suite 2400

Los Angeles, CA 90071

T: (213) 452-6565

F: (213) 452-6575

skaufman@kaufmanlegalgroup.com

*Attorneys for Amicus Curiae Democratic National Committee*

*\* Pro hac vice application forthcoming*

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 9007I
Tel: (213) 452-6565 Fax: (213) 452-6575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575

# EXHIBIT C

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>SHIRLEY N. WEBER, in her official capacity as Secretary of State of the State of California, and the STATE OF CALIFORNIA,<br><br>    Defendants. | Civil Action No. 2:25-cv-09149-DOC-ADS<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO FILE AMICUS BRIEF**<br><br>Courtroom:    10A<br>Judge:       Hon. David O. Carter<br>Trial Date:   None Set<br>Action Filed: Sept. 25, 2025 |

On November 13, 2025, Democratic National Committee (DNC) moved for leave to file a brief as amicus curiae. Because the DNC's participation as amicus would be useful to this Court, the DNC's motion is hereby GRANTED.

SO ORDERED on this _____ day of _____, 2025.

_____

DAVID O. CARTER

UNITED STATES DISTRICT JUDGE

KAUFMAN LEGAL GROUP, APC
445 S. Figueroa St., Ste. 2400
Los Angeles, CA 90071
Tel: (213) 452-6565 Fax: (213) 452-6575