ROB BONTA
Attorney General of California
R. MATTHEW WISE
SETH E. GOLDSTEIN
Supervising Deputy Attorneys General
ROBERT WILLIAM SETRAKIAN (SBN 335045)
ANNE P. BELLOWS (SBN 293722)
LISA C. EHRLICH (SBN 270842)
MICHAEL S. COHEN (SBN 339846)
KEVIN L. QUADE (SBN 285197)
WILLIAM BELLAMY (SBN 347029)
MALCOLM A. BRUDIGAM (SBN 323707)
Deputy Attorneys General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-7873
  Fax: (916) 454-8171
  E-mail: Malcolm.Brudigam@doj.ca.gov
*Attorneys for Defendants Shirley Weber, in her official capacity as the California Secretary of State, and the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**SHIRLEY WEBER, in her official capacity as Secretary of State of the State of California, and the STATE OF CALIFORNIA,**<br><br>Defendants. | Case No. 2:25-cv-09149-DOC-ADS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS**<br><br>Date:         Monday, Dec. 8, 2025<br>Time:        8:30 a.m.<br>Courtroom:  10A<br>Judge:       Hon. David O. Carter<br>Trial Date:  None set.<br>Action Filed: Sept. 25, 2025 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S *EX PARTE* APPLICATION**

Defendants Shirley Weber, in her official capacity as California's Secretary of State, and the State of California (together, "California") file this response to the U.S. Department of Justice's ("US DOJ") *ex parte* application to clarify the timeline of events that have transpired between the parties leading up to this point. California does not oppose the pending application, and was not given an opportunity to respond to the proposed hearing date of December 22 that is before the Court. California defers to the Court on whether to keep the current hearing date or continue it to December 22.

## BACKGROUND

On September 25, 2025, US DOJ sued California, alleging violations of Title III of the Civil Rights Act of 1960 ("CRA"), the National Voter Registration Act ("NVRA"), and the Help America Vote Act ("HAVA"). ECF 1. Less than a week later, US DOJ filed a motion to stay the case in light of a lapse in appropriations, i.e., the shutdown of the federal government. ECF 6.

This Court never ruled on US DOJ's motion to stay, and US DOJ only withdrew it yesterday, on November 13. ECF 50.

Despite the ongoing government shutdown, US DOJ served California with a summons and copy of the complaint on October 24. ECF 28–29. Under the Federal Rules of Civil Procedure, that service obligated California to prepare a responsive pleading no later than November 14. Fed. R. Civ. P. 12(a)(1)(A). Three days later, on October 27, US DOJ filed an opposition to the pending motions to intervene, each of which were filed during the government shutdown, on October 7 and October 20. ECF 14, 24, 30.

On October 31, counsel for California met and conferred with counsel for US DOJ, pursuant to Local Rule 7-3, regarding California's motion to dismiss the complaint. Declaration of Malcolm Brudigam ("Brudigam Decl.") ¶ 3, Ex. 1. During the meet and confer, US DOJ made no mention of the federal government

shutdown affecting their ability to litigate the case or otherwise oppose the then-forthcoming motion to dismiss. *Id.* ¶ 4. After the meet and confer, on November 2, California memorialized the main arguments of its motion to dismiss in an email to US DOJ. *Id.* ¶ 3, Ex. 1. US DOJ did not respond. *Id.* ¶ 3.

On November 7, one week following the meet and confer, California filed its pending motion to dismiss and noticed a hearing date for December 8. ECF 37.

On November 10, California contacted US DOJ pursuant to the Court's November 7 Order regarding service of that Order on the proposed intervenors. ECF 32; Brudigam Decl. ¶ 5, Ex. 2. US DOJ did not mention that the government shutdown affected US DOJ's ability to prepare an opposition to the motion to dismiss. Brudigam Decl. ¶ 5, Ex. 2.

On November 13, four days before the opposition deadline, US DOJ contacted California asking "if you would be amenable to resetting the hearing for Defendants' Motion to Dismiss to **January 5th** so we may adequately respond." Brudigam Decl. ¶ 6, Ex. 3 (emphasis added). US DOJ explained that "[a] January 5th hearing would give us a response deadline of December 15$^{th,}$ and Defendants would have until December 22nd for a reply. Considering the shutdown and upcoming holidays, I think this would work better for both parties." *Id.* California responded that same day, declining to extend the hearing date out one month because several factors weighed against agreeing to the extension. *Id.* Notably, California explained that the Court never stayed this case, and US DOJ had prosecuted the case during the government shutdown by serving a summons and copy of the complaint, thus triggering California's response deadline; met and conferred regarding California's motion to dismiss; and proposed a schedule that involved working over the holidays. *Id.*

The following day, November 14, at 8:01 a.m. Pacific Time, US DOJ emailed California again asking it to reconsider the extension request and asserting that it did not prejudice California. *Id.* US DOJ did not propose the December 22 hearing

date it now suggests. *Compare id. with* ECF 57. US DOJ stated it would file an *ex parte* application to move the hearing date if California would not reconsider. Brudigam Decl. ¶ 6, Ex. 3. Before California had a chance to respond, at 10:16 a.m., US DOJ filed its pending application. *Id.* ¶ 7; ECF 57.

## CALIFORNIA'S RESPONSE

California does not oppose the pending application. As evidenced in the communications between the parties, California was never presented with the December 22 option as a hearing date. Brudigam Decl. ¶¶ 6–7 & Ex. 3. In any event, California was justified in declining to stipulate to continuing the hearing date to January 5. No stay was ever entered by the Court, and US DOJ's actions during the shutdown—serving California, opposing the motions to intervene, and meeting and conferring with California—all indicated it was operating as usual.

California also has a strong interest in having its motion to dismiss resolved expeditiously in light of US DOJ's public representations about this case's unsubstantiated allegations.[1] It is reasonable that California wanted to move forward on its pending motion to dismiss before next year.

That said, California regrets that the Court was presented with this unnecessary motion and defers to the Court on whether to keep the current hearing date or continue it to December 22.

///
///
///
///
///

---

[1] "'Clean voter rolls are the foundation of free and fair elections,' said Attorney General Pamela Bondi. 'Every state has a responsibility to ensure that voter registration records are accurate, accessible, and secure — states that don't fulfill that obligation will see this Department of Justice in court.'" Press Release, U.S. Dep't of Just., Justice Department Sues Six States for Failure to Provide Voter Registration Rolls (Sept. 25, 2025), https://www.justice.gov/opa/pr/justice-department-sues-six-states-failure-provide-voter-registration-rolls.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: November 14, 2025 | Respectfully submitted, |
| 3 | | ROB BONTA<br>Attorney General of California |
| 4 | | R. MATTHEW WISE<br>SETH E. GOLDSTEIN |
| 5 | | Supervising Deputy Attorneys General |

                                                   /s/ Malcolm A. Brudigam

MALCOLM A. BRUDIGAM
ROBERT WILLIAM SETRAKIAN
ANNE P. BELLOWS
LISA C. EHRLICH
MICHAEL S. COHEN
KEVIN L. QUADE
WILLIAM BELLAMY
Deputy Attorneys General
*Attorneys for Defendants Shirley Weber, in her official capacity as the California Secretary of State, and State of California*

5