ROB BONTA
Attorney General of California
R. MATTHEW WISE
SETH E. GOLDSTEIN
Supervising Deputy Attorneys General
ROBERT WILLIAM SETRAKIAN (SBN 335045)
ANNE P. BELLOWS (SBN 293722)
LISA C. EHRLICH (SBN 270842)
MICHAEL S. COHEN (SBN 339846)
KEVIN L. QUADE (SBN 285197)
WILLIAM BELLAMY (SBN 347029)
MALCOLM A. BRUDIGAM (SBN 323707)
Deputy Attorneys General
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-7873
 Fax: (916) 454-8171
 E-mail: Malcolm.Brudigam@doj.ca.gov
*Attorneys for Defendants Shirley Weber, in her
official capacity as the California Secretary of
State, and the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**SHIRLEY WEBER, in her official capacity as Secretary of State of the State of California, and the STATE OF CALIFORNIA,**<br><br>Defendants. | 2:25-cv-09149-DOC-ADS<br><br>**DEFENDANTS SHIRLEY WEBER'S AND STATE OF CALIFORNIA'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:     Thursday, Dec. 4, 2025<br>Time:     7:30 a.m.<br>Courtroom: TBD [in Los Angeles]<br>Judge:    Hon. David O. Carter<br>Trial Date: None set.<br>Action Filed: Sept. 25, 2025 |

1

## TABLE OF CONTENTS

2

**Page**

3   I.     DOJ's Claim Under Title III of the CRA Should Be Dismissed..........1

4          A.    This Court Lacks Jurisdiction to Compel Relief........................1

           B.    The Court Can Determine DOJ's Compliance with Title
5                III ...............................................................................................2

6                1.    DOJ's asserted purpose and basis for voter data is
                       inconsistent with the demand's substance and scope.......2

7                2.    DOJ's statement of the purpose and the basis must
                       relate to a civil rights investigation into voting
8                      discrimination..................................................................4

9          C.    A Valid Demand Permits Only A Visit to the Secretary's
                 Office .......................................................................................5

10  II.    DOJ's NVRA Claim Should Be Dismissed...........................................6

11  III.   DOJ's HAVA Claim Should Be Dismissed ..........................................6

    IV.    DOJ Has Not Alleged Compliance With Federal Privacy Laws..........8

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

# TABLE OF AUTHORITIES

2

**Page**

3

4

**CASES**

5

*Am. C.R. Union v. Phila. City Comm'rs*
    872 F.3d 175 (3d Cir. 2017) ................................................................................8

6

7

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ........................................................................................6, 7

8

9

*Becker v. United States*
    451 U.S. 1306 (1981) ...........................................................................................2

10

*Bellitto v. Snipes*
    935 F.3d 1192 (11th Cir. 2019) ...........................................................................3

11

12

*Bibiano v. Lynch*
    834 F.3d 966 (9th Cir. 2016) ...............................................................................1

13

14

*D'Alessio v. City of Costa Mesa*
    2025 WL 2633105 (C.D. Cal. Sept. 5, 2025) ...............................................3, 6, 9

15

16

*Est. of Shapiro v. U.S.*
    634 F.3d 1055 (9th Cir. 2011) .............................................................................3

17

18

*Garris v. F.B.I.*
    937 F.3d 1284 (9th Cir. 2019) .............................................................................8

19

20

*Kennedy v. Lynd*
    306 F.2d 222 (5th Cir. 1962) ...........................................................................2, 5

21

22

*MacPherson v. I.R.S.*
    803 F.2d 479 (9th Cir. 1986) ...............................................................................8

23

24

*McCloskey v. Mueller*
    446 F.3d 262 (1st Cir. 2006) ...............................................................................6

25

26

*Niz-Chavez v. Garland*
    593 U.S. 155 (2021) .............................................................................................3

27

28

*Peters v. U.S.*
    853 F.2d 692 (9th Cir. 1988) ...............................................................................9

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Pub. Int. Legal Found. v. Benson*
    136 F.4th 613 (6th Cir. 2025)................................................................3

*Ruell v. McDonough*
    2024 WL 4771390 (E.D. Pa. Nov. 13, 2024).......................................9

*Smith v. United States*
    592 F. Supp. 753 (D. Conn. 1984) ......................................................1

*U. S. v. Golden Valley Elec. Ass'n*
    689 F.3d 1108 (9th Cir. 2012)..............................................................2

*U.S. v. Kentucky*
    No. 3:17-cv-00094 (E.D. Ky. June 21, 2018) ....................................3

*U.S. v. Torrey*
    523 F. App'x 467 (9th Cir. 2013).......................................................10

*United States v. Powell*
    379 U.S. 48 (1964) ...............................................................................2

**STATUTES**

United States Code, Title 5
    § 552a(a)(3) ..........................................................................................9
    § 552a(e)(1) ..........................................................................................8
    § 552a(e)(7) ..........................................................................................8

United States Code, Title 26
    § 7604(a)................................................................................................2

United States Code, Title 52
    § 20507(i) ..............................................................................................6
    § 20507(a)(4) ........................................................................................3
    § 20507(a)(4) ......................................................................................10
    § 20703 .......................................................................................1, 2, 5
    § 20705 ...........................................................................................1, 2

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3    California Elections Code

4        § 2193 .......................................................................................................... 3
         § 2201 .......................................................................................................... 3
5        § 2205-06 ..................................................................................................... 3
         § 2220-27 ..................................................................................................... 3
6

7    **REGULATIONS**

8    California Code of Regulations, Title 2

9        § 19060-62 .................................................................................................... 4
         § 19077-81 .................................................................................................... 4
10       § 20070 ......................................................................................................... 4
         § 20074-75 .................................................................................................... 4
11

12   **COURT RULES**

13   Fed. R. Civ. P. 81(a)(5)................................................................................. 2

14   **OTHER AUTHORITIES**

15   68 Fed. Reg. 47,610 ....................................................................................... 9

16

17   70 Fed. Reg. 43,904 ....................................................................................... 9

18   82 Fed. Reg. 24,147 ....................................................................................... 9

19

20

21

22

23

24

25

26

27

28

1    This case is about DOJ's demand that California turn over the voter

2    registration records for 23 million voters, including their most sensitive data (SSNs,

3    DLNs) protected by state law, without any plausible explanation or reason. DOJ's

4    attempts to use three different voting and election administration laws (Title III of

5    the Civil Rights Act ("CRA"), the National Voter Registration Act ("NVRA"), and

6    the Help America Vote Act ("HAVA")) to obtain California voters' highly sensitive

7    personal information fundamentally misunderstands those laws' purpose,

8    application, and scope. The Court should grant California's motion.

9    I.    **DOJ's Claim Under Title III of the CRA Should Be Dismissed**

10          A.    **This Court Lacks Jurisdiction to Compel Relief**

11    Only certain federal district courts have jurisdiction to enforce Title III. 52

12    U.S.C. § 20705. The records demanded—a copy of California's *entire* voter

13    registration database—reside at the Secretary's Sacramento office. ECF 37-2

14    ("Brudigam Decl.") Exs. 4, 6; *Elections Division*, California Secretary of State (last

15    visited Nov. 23, 2025), https://tinyurl.com/3vec2kfk; *see also* 52 U.S.C. § 20703

16    (demand only permits visit to custodian's "*principal* office"). Because DOJ has not

17    satisfied the jurisdictional requirements under Title III, this Court cannot compel

18    relief. *Cf. Smith v. United States*, 592 F. Supp. 753, 755 (D. Conn. 1984) ("While

19    the government clearly may issue a summons to someone out of this district, and

20    the recordkeeper could choose to comply, the I.R.S. could not enforce that

21    summons in this district[.]" (citing 26 U.S.C. § 7604(a))).

22    DOJ's argument that "millions of the records demanded . . . are created and

23    maintained by" county elections officials outside of Sacramento is irrelevant and

24    wrong. ECF 64-1 ("Opp.") at 18. The Complaint does not allege this, nor could it.

25    The overwhelming majority of voters are registered through the DMV or through

26    online voter registration—data that feeds directly to the Secretary's Sacramento

27    office. Finally, DOJ mistakes Title III's jurisdictional requirement to be a venue

28    provision, Opp. at 18 n.8, but the two concepts are not the same. *Bibiano v. Lynch*,

1   834 F.3d 966, 971 n.7 (9th Cir. 2016). Here, Title III's dictates which federal

2   district courts "shall have *jurisdiction*," 52 U.S.C. § 20705 (emphasis added), so the

3   only proper result would be to dismiss—the Court has no jurisdiction to transfer.

4   **B.   The Court Can Determine DOJ's Compliance with Title III**

5        DOJ argues that a records demand under Title III "is not the commencement

6   of an ordinary, traditional civil action" and that "it does not require pleadings which

7   satisfy usual notions under the Federal Rules of Civil Procedure." Opp. at 11

8   (quoting *Kennedy v. Lynd*, 306 F.2d 222, 225–26 (5th Cir. 1962)). But Title III's

9   text states only that a district court "shall have jurisdiction *by appropriate process*

10  to compel the production of such record or paper." 52 U.S.C. § 20705 (emphasis

11  added). There is no mention of "a special statutory proceeding" or any abbreviated

12  procedure that diminishes the Court's role to issuing rubber-stamped approval.

13       In the years since Title III was enacted, the Supreme Court confirmed that the

14  Federal Rules of Civil Procedure ("FRCP") govern federal-government document

15  demands. *Becker v. United States*, 451 U.S. 1306, 1307–08 (1981); *see also* Fed. R.

16  Civ. P. 81(a)(5). In fact, two years after the Fifth Circuit's decision in *Lynd*, the

17  Supreme Court applied the FRCP's ordinary process to a similarly worded statute,

18  which also contained "no provision specifying the procedure to be followed in

19  invoking the court's jurisdiction." *United States v. Powell*, 379 U.S. 48, 57–58 &

20  n.18 (1964) (citing 26 U.S.C. § 7604(a)); *compare* 26 U.S.C. § 7604(a) *with* 52

21  U.S.C. § 20705. Thus, contrary to DOJ's assertions, exercising "appropriate

22  process" under the FRCP entails this Court ensuring that DOJ has met Title III's

23  statutory requirements and that its demand satisfies a baseline level of rationality.

24  *See, e.g., U. S. v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113 (9th Cir. 2012).

                **1.   DOJ's asserted purpose and basis for voter data is**
25              **inconsistent with the demand's substance and scope**

26       DOJ has not satisfied an essential statutory requirement of Title III. Title III

27  requires a statement of "*the* basis and *the* purpose" for the records demand. 52

28  U.S.C. § 20703 (emphasis added). The text's use of the definite article indicates

                                        2

1    that the Attorney General must offer "a discrete thing," *Niz-Chavez v. Garland*, 593

2    U.S. 155, 166 (2021), and the text's use of "and" requires two discrete things—*the*

3    basis and *the* purpose, ECF 37-1 ("MPA") at 7 (citation omitted).

4           DOJ's alleged purpose is implausible and its unpled basis fares no better.

5    DOJ's purpose fails because, though it raises the specter of an NVRA violation, its

6    pleaded facts do not match the charge. DOJ alleges it requires California's

7    unredacted statewide voter list "to assist in [its] determination of whether

8    California's list maintenance program complies with the NVRA."[1] Brudigam Decl.

9    Ex. 5. This is inconsistent with its demand's substance and scope. Line-by-line

10   voter information contained in the statewide voter list does not bear on whether

11   California "conduct[s] a general program that makes a reasonable effort to remove

12   the names of ineligible voters from the official lists of eligible voters by reason of"

13   death or a change in residence. 52 U.S.C. § 20507(a)(4). NVRA compliance is

14   principally assessed by evaluating a state's *procedures*, not each individual voter's

15   data.[2] *See Pub. Int. Legal Found. v. Benson*, 136 F.4th 613, 624–25 (6th Cir. 2025);

16   *Bellitto v. Snipes*, 935 F.3d 1192, 1205 (11th Cir. 2019).

17          On review of those procedures, California has shown in its responses to DOJ,

18   and in its statutes, regulations, and guidance that its list-maintenance efforts meet

19   this standard. *See* Cal. Elec. Code §§ 2193, 2201, 2205–06, 2220–27; Cal. Code

20

21          [1] By failing to respond, DOJ forfeits its argument that it is entitled "all original and completed voter registration applications from December 1, 2023 through July 1, 2025." MPA at 7 (pointing out that DOJ alleged no purpose or basis for these records); Opp. at 12, 15 (referencing Title III demand for "California's computerized Statewide Voter Registration List"); *see D'Alessio v. City of Costa Mesa*, 2025 WL 2633105, at *4 (C.D. Cal. Sept. 5, 2025), *appeal docketed*, No. 25-6846 (9th Cir. 2025); *Est. of Shapiro v. U.S.*, 634 F.3d 1055, 1060 (9th Cir. 2011).

          [2] DOJ's request is even more puzzling when, for decades, DOJ has been able to investigate NVRA (and HAVA) compliance without requiring production of unredacted statewide voter registration lists. *See, e.g.*, *U.S. v. Kentucky*, No. 3:17-cv-00094 (E.D. Ky. June 21, 2018), ECF 35 (DOJ's complaint in intervention). DOJ's complaint alleged NVRA violations by describing the state's program, alleging specific programmatic deficiencies, and accurately articulating the NVRA's requirements. And the initial information request sent to Kentucky—a letter attached as an exhibit to the complaint (ECF 35-1)—did not demand access to the state's voter registration list.

1  Regs. tit. 2, §§ 19060–62, 19077–81, 20070, 20074–75; Brudigam Decl. Exs. 4, 8.

2  In contrast, DOJ has not alleged any violation of Section 20507(a)(4). In fact, DOJ

3  admits that it cannot identify any NVRA (or HAVA) violation. Compl. ¶¶ 53, 63.

4  DOJ cannot use these wholly speculative concerns to invoke Title III's demanding

5  remedy. Because the substance and scope of DOJ's request is so far afield from its

6  stated purpose, the Court should find Title III's purpose requirement unmet.

7      DOJ also offers no qualifying basis to obtain these records. Opp. at 12–13. Its

8  purported basis: questions DOJ posed about California's responses to the 2024

9  Election Administration and Voting Survey ("EAVS"). This ad hoc justification to

10  obtain sensitive information from 23 million California voters makes no sense. DOJ

11  never cited this supposed basis when it requested the data—nor did it mention the

12  CRA in its July 10 letter posing the questions. Brudigam Decl. Ex. 1. This

13  newfound basis also ignores California's detailed responses to DOJ's questions,

14  which did not concern voter SSNs or DLNs. *Id.* Ex. 8. DOJ does not allege how

15  California's "insufficient" answers mandate a Title III fishing expedition. Nor could

16  it: California's in-depth responses concerning its EAVS reporting do not vindicate

17  DOJ's demand for SSNs, DLNs, and other protected voter information from current

18  registrants. As shown above, that information is irrelevant to NVRA compliance.

19      Rather than explain itself, DOJ contends it is free from scrutiny or even

20  review, arguing that its basis "is not open to judicial review or ascertainment." Opp.

21  at 14 (quoting *Lynd*, 306 F.2d at 226; emphasis removed). According to DOJ, "the

22  statistics included in [its] July 10, 2025, letter became immaterial beyond satisfying

23  [Title III's] requirement for *a basis* for the request." *Id.* at 13 (emphasis added). But

24  Title III's text is clear: "the basis" is a discrete thing, and the DOJ must provide

25  "the basis"—not "a basis"—to satisfy Title III's requirement for a valid demand.

26  **2.    DOJ's statement of the purpose and the basis must relate to a civil rights investigation into voting discrimination**

27      Not only does DOJ's statement of the purpose and the basis lack a baseline

28  level of relevance to the scope and substance of the records demanded, but the

1    statements are unrelated to Title III's aim. DOJ concedes it is not conducting a civil

2    rights investigation and fails to substantively respond to California's argument that

3    a valid statement of the purpose and the basis under Title III is one that relates to a

4    civil rights investigation into voting discrimination. MPA at 8–11; Opp. at 9–11 &

5    n.2. The legislative history and case law are unanimous in describing Title III's

6    objective, which informs what constitutes a valid statement of the purpose and the

7    basis for a Title III demand. MPA at 8–10. DOJ's only counter is that Title III's text

8    is "unambiguous," its legislative history "immaterial." Opp. at 10 (quoting

9    *Alabama ex rel. Gallion v. Rogers*, 187 F. Supp. 848, 855 (M.D. Ala. 1960), 11 n.2.

10   But DOJ then invokes legislative history itself to argue that "[t]he only language

11   that is required in the Attorney General's demand is that it 'was made for the

12   purpose of investigating possible violations of a Federal statute.'" *Id.* at 10 (quoting

13   *Coleman v. Kennedy*, 313 F.2d 867, 868 (5th Cir. 1963) (quoting legislative

14   history)). This history must be read alongside the reams of materials presented by

15   California that unequivocally show that the CRA was enacted to permit review of

16   voting records for "question[s] concerning infringement or denial of [a person's]

17   constitutional voting rights." *Lynd*, 306 F.2d at 228; MPA at 9–10. Absent this

18   logical limitation on a Title III demand, DOJ would have this Court render the

19   statement of the purpose and the basis requirement meaningless. MPA at 8.

20       **C.    A Valid Demand Permits Only A Visit to the Secretary's Office**

21       Finally, the CRA requires the Secretary to only make the records "available

22   for inspection, reproduction, and copying at the principal office of such custodian,"

23   52 U.S.C. § 20703, something California offered months ago, contingent on

24   compliance with other laws. Brudigam Decl. Ex. 4. But DOJ's sought relief goes

25   beyond that text. Compl. at 16, ¶ 5. And DOJ never addresses California's

26   argument that Title III allows for redaction of sensitive information under state law.

27   *Compare* MPA at 12 *with* Opp. at 15; *see also* ECF 67 ("LWVC MTD") at 12. This

28   failure to respond forfeits DOJ's argument. *D'Alessio*, 2025 WL 2633105, at *4.

## II. DOJ's NVRA Claim Should Be Dismissed

DOJ's slipshod response to California's NVRA arguments nearly abandons its claim. DOJ contends it "has properly alleged in its Complaint that Defendants have failed to engage in reasonable list maintenance efforts" and that "California's voter registration metrics are among the worst in the nation and are strongly suggestive of its list maintenance violations." Opp. at 22. These are just assertions in a brief—assertions at odds with DOJ's own Complaint. *Compare id. with* Compl. ¶¶ 53, 56. DOJ did not allege any violation of NVRA's list maintenance requirements (let alone facts in support of such a violation) and seeks to use this lawsuit to trawl through confidential voter files to find one. Compl. ¶¶ 53, 56 61–62; Opp. at 21–22. That is not how civil litigation in federal court works. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *McCloskey v. Mueller*, 446 F.3d 262, 271 (1st Cir. 2006) ("[P]laintiffs should not be permitted to conduct fishing expeditions in hopes of discovering claims that they do not know they have.").

DOJ believes it "unnecessary" to address the legal authorities in California's motion regarding the heart of this action—whether the NVRA requires it to turn over sensitive voter information protected by California law. Opp. at 22. It attempts to distinguish those cases—and DOJ's prior legal position on this topic—on the grounds that the cases cited involved data demands by private organizations. *Id.* That is not a distinction based in law: the NVRA requires States to make certain records "available for public inspection." 52 U.S.C. § 20507(i). Anyone can make a request under Section 20507(i), which is why courts have limited disclosure of voter's sensitive data under that provision. MPA at 14 (collecting authority).

Finally, DOJ forfeits any argument that the NVRA preempts California's voter data protections because it does not respond to California's contention that these state laws do not conflict with Section 20507(i). MPAs at 14–16; Opp. at 22 n.10.

## III. DOJ's HAVA Claim Should Be Dismissed

DOJ also fails to allege any plausible HAVA violation. First, DOJ's

1    conclusory allegations are insufficient. HAVA requires a *system* of list maintenance

2    procedures, which California possesses and has explained in detail. Tellingly, DOJ

3    points to no specific facts in California's responses that it finds insufficient. DOJ's

4    bare assertion that California failed to comply with HAVA, Compl. ¶ 59, and

5    "provide sufficient information in response to requests" that "prevent the Attorney

6    General from evaluating California's compliance," *id.* ¶ 60, do not satisfy the

7    requirements of *Iqbal*. DOJ's conclusory statements–with *no* factual allegations to

8    support them— "disentitles them to the presumption of truth," and fails to bring the

9    claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 681, 683.

10          Second, whether HAVA creates a private right of action has no bearing on

11   whether it has a disclosure requirement that California somehow violated, as DOJ

12   admits. Opp. at 20. Thus, failure to comply with a disclosure request does not allege

13   (and could not establish) a HAVA violation. Compl. ¶¶ 61–62. That DOJ might

14   receive information through discovery *in litigation*, Opp. at 21, does not create an

15   independent violation of HAVA for refusing to turn over information *prior* to

16   litigation—which is the HAVA violation DOJ alleged, Compl. ¶ 62.

17          Third, California law prohibits production of an unredacted voter list. HAVA

18   does not preempt those laws. HAVA includes no disclosure requirement, much less

19   one that directly conflicts with the state law prohibiting disclosure of sensitive voter

20   information. MPA at 19. California can thus enforce its laws without violating

21   HAVA. *Id.* at 19–20. DOJ argues that a Third Circuit opinion "has no bearing on

22   this action." Opp. at 21 n.9. But that case references this exact situation—DOJ

23   alleges California's failure to provide an unredacted voter list in contravention of

24   state law violates HAVA, Compl. ¶¶ 62–63, when HAVA imposes no such duty

25   that conflicts with California law. *See Am. C.R. Union v. Phila. City Comm'rs*, 872

26   F.3d 175, 186 (3d Cir. 2017). Thus, DOJ's HAVA claim must be dismissed.

27   ///

28   ///

1   **IV.   DOJ HAS NOT ALLEGED COMPLIANCE WITH FEDERAL PRIVACY LAWS**

2   Even if the Court holds that DOJ stated a claim on the above causes of action,

3   it still should dismiss for failure to plead compliance with federal privacy laws.[3]

4   ***A. The Privacy Act Stops DOJ's Indiscriminate Data Collection.*** DOJ fails to

5   rebut the California's two Privacy Act arguments. The Act bars DOJ from seeking

6   "record[s] describing how any individual exercises rights guaranteed by the First

7   Amendment." 5 U.S.C. § 552a(e)(7). DOJ does not dispute it seeks such records.

8   Instead, it claims it can obtain these protected records because its request is

9   "pertinent to and within the scope of an authorized law enforcement activity":

10  enforcing its NVRA and HAVA claims. Opp. at 25 (citation omitted).

11  DOJ cannot seek this data on these characterizations. This Circuit takes "a

12  *narrow* reading of 'law enforcement activities' [to] better serve[] the goal of

13  privacy and avoid[] infringing on the overall First Amendment concerns of section

14  (e)(7)." *MacPherson v. I.R.S.*, 803 F.2d 479, 482 (9th Cir. 1986). Accordingly,

15  courts review "on an individual, case-by-case basis," *id.* at 484, and require the

16  government to show "'good reason to believe'" the records are "'relevant'" to the

17  claimed law enforcement basis, *Garris v. F.B.I.*, 937 F.3d 1284, 1299 (9th Cir.

18  2019) (citation omitted). Here, by contrast, DOJ seeks to collect individualized data

19  from millions of voters to supposedly enforce (1) HAVA's requirement to collect

20  DLNs or SSNs, and (2) the NVRA's requirement to conduct a general voter list

21  maintenance program. Opp. at 25–26. The full, unredacted voter registration list is

22  neither "pertinent to" nor "within the scope" of either enforcement purpose, and

23  DOJ has not pleaded "good reason to believe" otherwise. *Garris*, 937 F.3d at 1299

24  (government's burden not met by a "remote possibility" that records would provide

25  a "minuscule" "potential advantage" in an investigation); 5 U.S.C. § 552a(e)(1).

26

27        [3] DOJ appears to concede, as it must, that California's affirmative defenses grounded in federal privacy law may properly be raised in the instant Motion to

28  Dismiss. *Compare* MPA at 20 *with* Opp. at 23.

1    Even if DOJ passes this barrier, it identifies no qualifying System of Records

2    Notice ("SORN"), as the Privacy Act requires. DOJ identifies three SORNs, Opp.

3    at 23–24, but provides no context on why they apply, forfeiting the issue.

4    *D'Alessio*, 2025 WL 2633105, at \*4. Even if considered, none authorize DOJ's data

5    dragnet. One SORN, concerning records "indicat[ing] a violation or potential

6    violation of law," covers "[s]ubjects of investigations, victims, [and] potential

7    witnesses." 68 Fed. Reg. 47,610, 47,611. This fails to "put [the] reader on notice,"

8    *Ruell v. McDonough*, 2024 WL 4771390, at \*8 (E.D. Pa. Nov. 13, 2024), that all

9    voters' intimate data nationwide will be seized and maintained by DOJ. The

10    government cannot rest a data-grab of this magnitude—encompassing all or nearly

11    all registered voters in California or nationwide—on a SORN limited to discrete

12    investigations. *Peters v. U.S.*, 853 F.2d 692, 699–700 (9th Cir. 1988) (blocking

13    federal data-gathering as unreasonably overbroad). Another SORN, just an update

14    to the first, allows public disclosure of information after "the investigation is

15    closed," among other irrelevant conditions. 70 Fed. Reg. 43,904, 43,904. These do

16    not apply, and also suggest that DOJ may eventually seek to disclose registered

17    voters' SSNs "[t]o the local community or public"—a startling thought. *Id.* And the

18    third concerns disclosure after a data breach—again, an irrelevant and unsettling

19    provision on which to base this collection of uber-sensitive information. 82 Fed.

20    Reg. 24,147, 24,151. Finally, DOJ's argument that the Privacy Act does not apply

21    to States misses the point entirely. The Privacy Act governs DOJ's collection of

22    records. 5 U.S.C. § 552a(a)(3). If a federal agency has not satisfied the Privacy

23    Act's requirements, it cannot lawfully receive the records.

24    ***B. The E-Government Act's Procedural Safeguards Apply.*** DOJ claims the

25    E-Government Act, Pub. L. No. 107–347 ("E-Gov't Act) is inapplicable because it

26    is "not initiating a new process" of "contacting individuals for information," Opp.

27    at 26, but instead is seeking voter information that California already maintains.

28    This misreads the statute, which requires federal agencies to conduct a privacy

1    impact assessment (PIA) before "initiating a new collection of information" that

2    permit "the contacting of a specific individual." E-Gov't Act, § 208(b)(1)(A)(ii).

3    DOJ's request for voter data is governed by the Act. OMB Guidance also makes

4    clear that PIAs must be "updated" where agencies obtain qualifying information

5    "from public sources" and incorporate it "into existing information systems." OMB

6    Guidance, M-03-22 (Sept. 26, 2003), https://perma.cc/E6PW-YQTP, Att. A §

7    II(B)(b)(6). Thus, the PIA cited by DOJ, which is unrelated to this current effort to

8    collect voter data from California and other states, does not suffice. Opp. at 27 n.14.

9         DOJ also floats the idea that California lacks standing to raise this affirmative

10   defense. *Id.* at 27. But "Article III standing is a requirement that applies 'almost

11   invariably' to plaintiffs and [California] is in a purely defensive posture." *U.S. v.*

12   *Torrey*, 523 F. App'x 467, 468 n.1 (9th Cir. 2013) (quotations omitted). And

13   though DOJ claims (without authority) that the E-Government Act is inapplicable

14   to HAVA and NVRA enforcement, the statute does not exempt voter data, and

15   instead protects personal information "as agencies implement citizen-centered

16   electronic Government." E-Gov't Act, § 208(a).

17        ***C. The Driver's Privacy Protection Act Bars DOJ's Collection of DLNs.***

18   DOJ does not meaningfully respond to California's contention that it has not

19   plausibly alleged the applicability of the government use exception to California

20   DLNs. Opp. at 28. There is no plausible governmental use for DLNs given DOJ's

21   stated purpose to use this information to evaluate compliance with 52 U.S.C. §

22   20507(a)(4). *See* MPA at 15–16, 25; *supra* at 3. DOJ has not plausibly alleged its

23   demand for DLNs from 23 million California voters will be "*used* for the identified

24   purpose." MPA at 25 (citation omitted).

25                              *          *          *

26        The Court should grant California's motion to dismiss.

27

28

1  Dated:  November 25, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14  SA2025305412

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
SETH E. GOLDSTEIN
Supervising Deputy Attorneys General


 /s/ Malcolm A. Brudigam
_____
MALCOLM A. BRUDIGAM
ROBERT WILLIAM SETRAKIAN
ANNE P. BELLOWS
LISA C. EHRLICH
MICHAEL S. COHEN
KEVIN L. QUADE
WILLIAM BELLAMY
Deputy Attorneys General
*Attorneys for Defendants Shirley
Weber, in her official capacity as the
California Secretary of State, and
State of California*

1

## CERTIFICATE OF COMPLIANCE

2     The undersigned, counsel of record for Defendants Secretary of State Shirley

3  Weber and State of California, certifies that this reply brief is 10 pages, which:

4     __ complies with the word limit of L.R. 11-6.1.

5     _X_ complies with the page limit set by Section 6 under "Judge's Procedures"

6  on Judge Carter's courtroom website, https://apps.cacd.uscourts.gov/Jps/honorable-

7  david-o-carter.

8

9  Dated: November 25, 2025                    Respectfully submitted,

10                                              ROB BONTA
                                                Attorney General of California
11

12

13                                               /s/ Malcolm A. Brudigam
                                                _____
                                                MALCOLM A. BRUDIGAM
14                                              Deputy Attorney General
                                                *Attorneys for Defendants Shirley*
15                                              *Weber, in her official capacity as the*
                                                *California Secretary of State, and*
16                                              *State of California*

17

18

19

20

21

22

23

24

25

26

27

28