**SHIRLEY N. WEBER, Ph.D.** | SECRETARY OF STATE | STATE OF CALIFORNIA
LEGAL AFFAIRS OFFICE
1500 11th Street | Sacramento, CA 95814 | 916.695-1242 | www.sos.ca.gov

August 8, 2025

Via Mail and Email

Michael E. Gates
Deputy Assistant Attorney General
Civil Rights Division
United States Department of Justice
950 Pennsylvania Ave. NW-4CON
Washington, DC 20530

Maureen Riordan
Acting Chief, Voting Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Ave. NW-4CON
Washington, DC 20530
maureen.riordan2@usdoj.gov

Dear Mr. Gates and Ms. Riordan:

I write in response to the U.S. Department of Justice's ("DOJ") July 29, 2025, letter stating that 90 days is not an acceptable amount of time to respond to a series of information and record requests made by DOJ on July 10, 2025. Although we are not required by law to respond by a certain deadline, below is a response to your request for "an unredacted statewide voter registration list by August 8, 2025," as well as records responsive to questions two and five that you highlighted in your July 29 letter.

**California's Voter Registration Database**

We are unable to comply with your request for an electronic copy of an entirely "unredacted statewide voter registration list." First, California law prohibits making available for public inspection or disclosing electronically an entirely "unredacted" voter file. Second, the NVRA has never been interpreted to require total and unqualified access to all information contained in a voter registration record. *Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 56 (1st Cir. 2024) ("[N]othing in the text of the NVRA prohibits the appropriate redaction of uniquely or highly sensitive personal information in the Voter File." (collecting cases)). And finally, there is no need to collect sensitive personally identifiable information of California voters to evaluate whether California is "conduct[ing] a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" death and change in residence. 52 U.S.C. § 20507(a)(4).

Nonetheless, and as required under section 8(i), my office has made available for DOJ's inspection a copy of California's voter registration database at my office located at 1500 11th Street, Sacramento, California 95814. 52 U.S.C. § 20507(i)(1) (requiring States to make the records "available for public inspection and, where available, photocopying at a reasonable cost"); *Greater Birmingham Ministries v. Sec'y of State for Alabama* 105 F.4th 1324, 1333 (11th Cir. 2024) ("'[P]ublic inspection' as used in the National Voter Registration Act does not include electronic disclosure."). DOJ may inspect a copy of our redacted voter registration database during regular business hours by making an appointment with my office. Public inspection satisfies our legal obligations under the NVRA and ensures that this office complies with legal protections for voter registration data under California law. These protections include prohibitions on transferring the data, along with detailed data security and storage requirements. Cal. Code Regs. tit. 2, §§ 19005, 19008(a)(8), 19012, 19013.

Please know that in accordance with California law, the following information has been redacted from all records made available for DOJ's public inspection: voters' driver's license numbers, California identification card numbers, social security numbers, other unique identifier numbers used by the State of California for purposes of voter identification, and voter signatures. Cal. Elec. Code § 2194(b)(1)–(2); *see also* Cal. Gov. Code § 7924.000(b).

Finally, to the extent that DOJ intends to make copies of any records made available for public inspection, we would require that DOJ enter into a Memorandum of Understanding with my office to ensure that the handling of our registered voters' sensitive information meets the data protection standards of California law. In addition, my office requests that you inform us whether DOJ believes data collected from California's voter registration database is subject to the Privacy Act of 1974, along with the legal explanation for your position. Please also provide a citation within the Federal Register to the system of records under which DOJ intends to collect and maintain the records it has requested from California. And please describe how DOJ plans to store, maintain, and use the requested voter registration information.

**California List Maintenance Processes – Response to Questions 2 and 5**

DOJ's July 10, 2025, letter asked the following two questions:

> 2. No data was listed in the EAVS survey for Question A12h for California regarding duplicate registrants who were removed from the statewide voter registration database. Please provide a list of all duplicate registrants who were removed from the statewide voter registration list including the date(s) of removal. If they were merged or linked with another record, please provide that information. Please explain California's process for determining duplicates and what happens to the duplicate registrations.

> 5. The 2022 EAVS report contained 4,984,314 inactive voters, while the 2024 report contained 2,883,995. Please explain the reason for the change in the number of inactive registrations for these years.

While both questions request a narrative response, we are aware of no legal obligation to provide one. Rather, because California strives to have some of the most transparent election processes in

the country, the answer to your questions can be found in the following publicly available documents, which are available online.

In response to question two, please see the following documents:

1. [U.S. Election Administration Commission's (EAC) 2024 Election Administration Policy Survey](), See page 154.

   https://www.eac.gov/sites/default/files/2025-07/2024_EAVS_Report_508.pdf

2. [Guidance: EMS Messages](), See page 6, Section 2.2.

   https://elections.cdn.sos.ca.gov/votecal/guidance/ems-message.pdf

3. [California 2022-2024 Election Administration and Voting Survey to EAC]().

   https://view.officeapps.live.com/op/view.aspx?src=https%3A%2F%2Felections.cdn.sos.ca.gov%2Fnvra%2Freports%2Fbiennial%2Feavs-2024.xlsm&wdOrigin=BROWSELINK

In response to question five, please see the following documents:

1. [California's NVRA Manual, Ch. 4 entitled "Voter Registration Applications and Voter List Maintenance"](), See Ch 4., page 20.

   https://elections.cdn.sos.ca.gov/nvra/nvra-manual/chap-4.pdf

2. [Legislative History of AB-504 (Berman), California Statutes of 2019, Ch. 262 § 6]().

   https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=201920200AB504

3. [Cal. Elec. Code, §§ 2222 through 2226]().

   https://leginfo.legislature.ca.gov/faces/codes_displayText.xhtml?lawCode=ELEC&division=2.&title=&part=&chapter=3.&article=2

4. *[Husted v. A. Philip Randolph Inst.]() 584 U.S. 756 (2018).*

   https://www.supremecourt.gov/opinions/17pdf/16-980_f2q3.pdf

The remaining four questions require compiling records from up to twelve different counties, which will require more time. As such, I cannot agree to your arbitrary deadline of August 29 to answer the remaining requests. Please accept my assurances that my office is looking into your questions and will inform you when the documents are available for inspection at my office.

Finally, I want to remind DOJ that the United States Constitution is clear about where the power to regulate elections is allocated in this country: as sovereigns closest to the people, the States have primary responsibility. Nowhere does the Constitution provide the President or the Executive Branch with *any* independent power to control or otherwise conscript States to carry out non-statutory policy priorities of the President. To the extent DOJ is utilizing the NVRA in a

manner not permitted to advance the President's policy objectives, my office is not obligated to follow along. To the contrary, my obligation is to support and defend the Constitution of the United States and the Constitution of the State of California, ensure election laws are being enforced, and protect California voters from unnecessary and illegitimate intrusions on their privacy.

Please do not hesitate to contact my office regarding when you plan to visit Sacramento to review the voter registration information.

Respectfully,

/s/ Shirley N. Weber

Dr. Shirley N. Weber
California Secretary of State