**SHIRLEY N. WEBER, Ph.D.** | SECRETARY OF STATE | STATE OF CALIFORNIA

LEGAL AFFAIRS OFFICE

1500 11th Street | Sacramento, CA 95814 | 916.695.1242 | www.sos.ca.gov

August 21, 2025

<u>Via Mail and Email</u>

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division
United States Department of Justice
950 Pennsylvania Ave. NW-4CON
Washington, DC 20530
Michael.Gates2@usdoj.gov
Maureen.Riordan2@usdoj.gov

Dear Ms. Dhillon:

I write in response to your August 13, 2025 letter regarding the U.S. Department of Justice's (DOJ) request for a copy of California's voter registration list and associated voter registration records.

DOJ's July 10 and July 29 letters both invoked the National Voter Registration Act's (NVRA) public inspection provision, 52 U.S.C. § 20507(i), in requesting that California provide a copy of its voter registration list. On August 8, I informed your office that we have made available for public inspection a copy of California's voter registration list at my office in Sacramento, with appropriate redactions of social security numbers, driver's license numbers, and similar protected personal identifying information as required under California law and allowed under the NVRA. Despite our invitation, you have not yet made an appointment for the inspection.

My office remains willing and available to facilitate your inspection of the redacted voter file; however, your letter fails to establish a sound legal basis to demand anything more.

  1. **DOJ Has Not Established Legal Authority to Request the Unredacted Voter File Containing Sensitive Personal Identifying Information of Millions of Californians.**

Your August 13 letter—for the first time—references the Help America Vote Act (HAVA) and the Civil Rights Act of 1960 (CRA). But neither statute supports your office's sweeping request. HAVA gives the Attorney General authority to enforce the "uniform and nondiscriminatory election technology and administration requirements" set out in that Act. 52 U.S.C. § 21111. California carefully complies with every HAVA requirement and stands ready to demonstrate

this compliance through its documented policies and practices, should your office so request. Notably, your letter gives no basis for suspecting any shortcoming or failure in California's HAVA compliance, nor suggests that DOJ is actually investigating any alleged HAVA violation.

The CRA also does not authorize your office's sweeping request for all California voters' sensitive, personal identifying information linked to their voter registration. As you note, to validly request election records under the CRA, your office must provide "a statement of the basis and the purpose" of the request. 52 U.S.C. § 20703. Your August 13 letter asserts that the purpose of DOJ's request for the unredacted voter file is "to assist in [DOJ's] determination of whether California's list maintenance program complies with the NVRA." But demonstrating compliance with the NVRA's list maintenance requirements does not require production of sensitive and confidential records of millions of Californians. And your communications with my office articulate no basis for even suspecting a violation of the NVRA, much less a reason why DOJ needs access to confidential voter data to evaluate our list maintenance program.

As you know, the NVRA does not give DOJ general supervisory power over the accuracy of each record in the voter file. Rather, Congress deliberately left the primary responsibility to manage voter lists in the hands of the States, subject to protections against unjustified voter purges and the requirement that States "conduct a general program" to remove voters who become ineligible due to death or change in residence. 52 U.S.C. § 20507(a)(4). To satisfy the NVRA's list maintenance obligations, a State must simply "establish a program that makes a rational and sensible attempt to remove" registrants who have died or moved. *Pub. Int. Legal Found. v. Benson*, 136 F.4th 613, 625 (6th Cir. 2025) (rejecting the argument that the adequacy of a list maintenance program should be judged by statistical indicia).

Because the protected, sensitive data of millions of California voters is not facially germane to an investigation of the State's list maintenance practices, and your office has not provided any other basis or purpose for requesting this confidential data, the CRA does not require its production. *See* 52 U.S.C. § 20703.

DOJ's request to California also does not come in a vacuum. Our sister States have informed us, along with reporting by media outlets, that DOJ is seeking voter registration lists from all 50 States. I understand that many States received letters nearly identical to the August 13 letter sent to my office, each demanding substantially identical data. This nationwide effort undermines DOJ's claim that its data request is necessary for an investigation of *California's* NVRA compliance. Thus, it appears that your requests are not part of any good faith investigation into California's—or any State's—compliance with the NVRA, but rather some undisclosed purpose.

    **2.  California Law Protecting Voters' Sensitive Identifying Information is Not Preempted in these Circumstances.**

As I informed your office in my August 8, 2025 letter, the Secretary of State is required under California law to redact certain information from the copy of the voter registration list which has

been made available for inspection, including social security numbers, driver's license numbers, and contact information of confidential voters like victims of domestic violence. Cal. Elec. Code § 2194; Cal. Gov. Code § 7924.000(b); Cal. Elec. Code §§ 2166, 2166.5, 2166.7, 2166.8; *see also* Cal. Const. art. I, § 1.

These legal protections are not preempted by the NVRA, which does not require the disclosure of sensitive personal identifying information. *Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 56 (1st Cir. 2024) (collecting cases). Nor are they preempted by HAVA, which does not contain any inspection provision and thus does not obligate California to make any records available to DOJ. *See* 52 U.S.C. § 21111. Finally, these legal protections are not displaced by DOJ's mere citation to the CRA, particularly when DOJ has not stated a valid purpose and basis for accessing this sensitive and confidential personal data. *See* 52 U.S.C. § 20703.

### 3. DOJ Has Not Demonstrated that Its Data Request Complies with the Privacy Act.

Finally, from DOJ's correspondence, we understand that DOJ is creating a system of records of California voters (and, apparently, all voters nationwide), which is subject to the Privacy Act of 1974. As I requested in my August 8 letter—but so far have received no response—please explain in detail how DOJ's request complies with the Privacy Act. Specifically, please explain:

1) DOJ's purpose for creating this system of records, including a citation to the notice published in the Federal Register, as required under 5 U.S.C. § 552a(e)(4);
2) Any currently planned or foreseen transfer of the records outside of DOJ's Voting Rights Section and your basis for believing that such a transfer complies with the Privacy Act;
3) How California's voter registration list is necessary and relevant to the reason DOJ is compiling this system of records;
4) How the system of records DOJ is establishing complies with the prohibition in 5 U.S.C. § 552a(e)(7) on maintaining records "describing how any individual exercises rights guaranteed by the First Amendment," considering that voter registration lists include party affiliation and voter participation history, *see id.*; and
5) What, if any, measures DOJ is taking to ensure the new system of records will be maintained with "such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5).

Before my office allows DOJ to make a copy of any part of the voter registration list, we must confirm that DOJ's collection of this data is permitted under the Privacy Act. Additionally, as I informed your office in my August 8 letter, prior to DOJ making copies of any voter file records, we require that DOJ enter into a Memorandum of Understanding with my office to ensure that

the handling of the data meets the standards of California law, the Privacy Act, and any other applicable protections.[1]

Please do not hesitate to contact my office regarding when you plan to visit Sacramento to review the voter registration information.

Respectfully,

/s/ Shirley N. Weber

Shirley N. Weber, Ph.D.
California Secretary of State

---

[1] There is no legal basis for your claim that DOJ is entitled to receive the records in electronic form. The NVRA and the CRA require States to allow inspection and copying of the records, but no more than that. 52 U.S.C. § 20507(i)(1) (requiring States to make covered records "available for public inspection and, where available, photocopying at a reasonable cost"); *id*. § 20703 (requiring the records custodian to make covered records "available for inspection, reproduction, and copying at the principal office of such custodian"). Permitting your inspection satisfies our legal obligations under these statutes and ensures that my office complies with legal protections for voter registration data under California and federal law.