ROB BONTA
Attorney General of California
R. MATTHEW WISE
SETH E. GOLDSTEIN
Supervising Deputy Attorneys General
ROBERT WILLIAM SETRAKIAN (SBN 335045)
ANNE P. BELLOWS (SBN 293722)
LISA C. EHRLICH (SBN 270842)
MICHAEL S. COHEN (SBN 339846)
KEVIN L. QUADE (SBN 285197)
WILLIAM BELLAMY (SBN 347029)
MALCOLM A. BRUDIGAM (SBN 323707)
Deputy Attorneys General
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-7873
 Fax: (916) 454-8171
 E-mail: Malcolm.Brudigam@doj.ca.gov
*Attorneys for Defendants Shirley Weber, in her official capacity as the California Secretary of State, and the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                                   Plaintiff,<br><br>     v.<br><br>**SHIRLEY WEBER, in her official capacity as Secretary of State of the State of California, and the STATE OF CALIFORNIA,**<br><br>                                   Defendants. | 2:25-cv-09149-DOC-ADS<br><br>**Memorandum of Points and Authorities in Support of Ex Parte Application for Motion to Strike Plaintiff's Motion for Order to Produce Records**<br><br>Date:             December 4, 2025<br>Time:             7:30 A.M.<br>Courtroom:    TBD<br>Judge:            Hon. David O. Carter<br>Action Filed: September 25, 2025 |

## INTRODUCTION

Fewer than 72 hours before the hearing on Defendants' Motions to Dismiss, Plaintiff the United States of America ("DOJ") filed a procedurally novel, sprawling motion for an immediate order granting the relief requested in its Complaint. Rather than set a hearing date consistent with the Court's Local Rules, DOJ simply noticed its pending motion for hearing this Thursday morning. This

1

improper hearing date leaves Defendants California Secretary of State Shirley Weber and the State of California no chance to respond to what is functionally a dispositive motion. DOJ's motion is procedurally improper, and the Court should grant this ex parte application to either strike DOJ's pending motion as noncompliant with this Court's Local Rules, or reset the hearing date on the pending motion to comply with this Court's Local Rules.

## ARGUMENT

### A. The Court Should Strike DOJ's Motion, or in the Alternative, the Motion's Hearing Date

DOJ's pending motion has three fatal procedural defects: it violates this Court's Local Rules, it runs roughshod over the tenets of due process, and it deprives this Court of a sensible record on which to base its decision. Accordingly, the Court should either strike DOJ's motion entirely, or strike and reset the hearing date on the motion.

DOJ's failure to comply with the Local Rules, standing alone, is a sufficient basis to strike either the hearing date or the motion in its entirety. Parties must adhere to the Local Rules of this District, and a District Court "has considerable latitude in managing the parties' motion practice and enforcing local rules." *Bus. Sols., LLC v. Ganatra*, No. 18-cv-1426-DOC-KESx, 2019 WL 6332246, at *1 (C.D. Cal. Oct. 23, 2019) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002)). In this District, "every motion shall be presented by written notice of motion . . . filed not later than twenty-eight (28) days before the date set for hearing." C.D. Cal. R. 6-1. And this Court has been crystal clear: "Counsel must comply with the timing requirements of the Local Rules so that chambers can properly prepare for motion matters." ECF No. 23, Initial Scheduling Order, at 3 (listing Local Rule 6-1 as one of the binding requirements). Filings that do not comply with these timing requirements should be stricken. *Latham v. Cambria Co.*

*LLC*, No. 16-cv-0561-DOC-PLAx, 2017 WL 125013, at *14 (C.D. Cal. Jan. 12, 2017).

DOJ's choice to set a hearing date less than 72 hours from its filing was no minor error. *Cf. W. Coast Corvettes, Inc. v. MV Mktg., Inc.*, No. SA CV 12-0269-DOC, 2012 WL 1401433, at *6 (C.D. Cal. Apr. 23, 2012) (rejecting procedural objection where party "served its Motion only 27 days in advance of the hearing, not the 28 days required by Local Rule 6–1," and providing the opposing party additional time to respond). In contrast, this last-minute filing has robbed the State Defendants of "sufficient time to prepare an Opposition." *Woodrum v. Automatic Data Processing Inc.*, No. 17-cv-2264-DOC-ASx, 2018 WL 2150945, at *5 (C.D. Cal. May 9, 2018).[1]

DOJ's only effort to justify brushing aside the Local Rules warns of "excessive delay." ECF No. 87-2 at ¶ 16. The DOJ's desire to move quickly cannot justify its disregard of Local Rules, and its sudden urgency is inconsistent with its delays since initiating this case. DOJ allowed a month to pass between filing this suit and serving California. *Compare* ECF No. 1 *with* ECF No. 28. DOJ received the State Defendants' Motion to Dismiss on November 7, but waited an additional three weeks to file the instant motion that it seeks to have resolved at the same time. *Compare* ECF No. 37 *with* ECF No. 87. DOJ cannot leverage its own delays to withhold California's right to prepare an adequate response to what is functionally a dispositive motion on DOJ's claim brought under the Civil Rights Act of 1960 ("CRA"). ECF No. 87 (seeking immediate relief on the CRA claim).

---

[1] In *Woodrum*, the movant failed to satisfy Local Rule 7-3's meet-and-confer requirement. While DOJ met and conferred with the State seven days before filing this motion, Declaration of Malcolm Brudigam ("Brudigam Decl.") ¶ 3, Ex. 1, the meeting did not provide the State with a "thorough[]" understanding of "the substance of the contemplated motion." C.D. Cal. L.R. 7-3. DOJ promised at that meeting to send the State an advanced copy of its papers, but it never did so, and it provided only scant detail on the substance of the motion that it planned to file. *Id.* ¶¶ 3–4 & Ex. 1.

3

DOJ's motion also violates basic precepts of due process. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'") (citation omitted)). Given the novel and important issues raised by DOJ's motion, California notified DOJ during the meet and confer that it will seek an opportunity to conduct discovery relevant to its opposition, including cross examining any declarants supporting DOJ's motion.[2] Brudigam Decl. ¶¶ 3–4 & Ex. 1; C.D. Cal. R. 7-6 ("[T]the Court may, in its discretion, require or allow oral examination of any declarant or any other witness."). By seeking an immediate hearing and an order granting immediate relief that is dispositive of this entire case, DOJ asks this Court to dispense with any semblance of due process.[3]

Finally, DOJ's timeline would deprive the Court of the opportunity to review thorough briefing and an adequate factual record on this motion. But "[o]bserving the standard structure and timetable for motions aids both the Court and the litigants." *Craftwood II, Inc. v. Tomy Int'l, Inc.*, No. SA CV 12-1710-DOC-ANX, 2013 WL 12140944, at *1 (C.D. Cal. Sept. 19, 2013). Here, "allowing the parties to file an Opposition and Reply . . . undoubtedly will assist the Court in reaching a fair ruling and advances the general preference that actions are decided on the merits." *Chi. Title Co. v. Mireles*, No. 22-cv-1995-MWF-AFMx, 2023 WL 4155406, at *3 (C.D. Cal. Feb. 27, 2023).

---

[2] Courts may allow discovery in actions to enforce a federal agency's investigative subpoenas and demands where "the defendant has presented meaningful evidence that the agency is attempting to abuse its investigative authority." *Reich v. Montana Sulphur & Chem. Co.*, 32 F.3d 440, 449 (9th Cir. 1994) (citation omitted). California is confident it will be able to make this showing with adequate time to prepare its response. At the very least, the Court should allow it the opportunity to do so.

[3] At a prior hearing in this case, the Court noted that DOJ should have the right to respond to Intervenor-Defendants' Motions to Dismiss. Brudigam [--]. Just as DOJ benefitted from that due-process protection, the State should now receive the same benefit. *See Nippon Sigmax Co., Ltd v. Kranos Corp.*, No. 8:21-cv-00375-DOC-ADSx, 2021 WL 2634823, at *2, 5 (C.D. Cal. June 25, 2021) (recognizing "what's good for the goose is good for the gander" in granting reciprocal motion).

### B. This Ex Parte Application is Proper

California presents this application ex parte because DOJ's actions in setting the hearing on its motion for a time less than 72 hours after filing do not leave time for California to seek relief on an ordinary schedule.

Earlier today, California notified counsel for DOJ and all other parties in the case of its plans to file this ex parte application. Pursuant to C.D. Cal. R. 7-19, California provides the name, phone number, and email address for counsel for the United States:

Eric Vincent Neff, 202-532-3628, Eric.Neff@usdoj.gov

Julie Ann Hamill, 213-894-2464, julie.hamill@usdoj.gov

Maureen S. Riordan, 202-702-6110, maureen.riordan2@usdoj.gov

Brittany E Bennett, 202-704-5430, brittany.bennett@usdoj.gov

In response to State Defendants' notice, DOJ has indicated it opposes this application, and the Intervenor Defendants have indicated that they consent to this application. Brudigam Decl. ¶ 6.

### CONCLUSION

The Court should grant this ex parte application and either strike DOJ's motion, or strike and reset DOJ's proposed hearing date.

| | | |
|---|---|---|
| 1 | Dated: December 2, 2025 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | R. MATTHEW WISE<br>SETH E. GOLDSTEIN |
| 4 | | Supervising Deputy Attorneys General |

/s/ Malcolm A. Brudigam
_____
MALCOLM A. BRUDIGAM
ROBERT WILLIAM SETRAKIAN
ANNE P. BELLOWS
LISA C. EHRLICH
MICHAEL S. COHEN
KEVIN L. QUADE
WILLIAM BELLAMY
Deputy Attorneys General
*Attorneys for Defendants Shirley Weber, in her official capacity as the California Secretary of State, and State of California*

SA2025305412

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Secretary of State Shirley Weber and the State of California, certifies that this brief contains 1,677 words and 7 pages, which:

\_\_ complies with the word limit of L.R. 11-6.1.

\_X\_ complies with the limits set by the Procedures page on the Court's website.

Dated: December 2, 2025                    Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
SETH E. GOLDSTEIN
Supervising Deputy Attorneys General


/s/ Malcolm A. Brudigam
_____
MALCOLM A. BRUDIGAM
ROBERT WILLIAM SETRAKIAN
ANNE P. BELLOWS
LISA C. EHRLICH
MICHAEL S. COHEN
KEVIN L. QUADE
WILLIAM BELLAMY
Deputy Attorneys General
*Attorneys for Defendants Shirley Weber, in her official capacity as the California Secretary of State, and State of California*