1  HARMEET K. DHILLON
   Assistant Attorney General
2  Civil Rights Division
3
4  MAUREEN RIORDAN
   Senior Counsel, Voting Section
5  Civil Rights Division
6  BRITTANY E. BENNETT
   Trial Attorney, Voting Section
7  Civil Rights Division
8       U.S. Department of Justice
        4 Constitution Square, Room 8.141
9       150 M Street NE
10      Washington, D.C. 20002
        Telephone: (202) 704-5430
11      Email: Brittany.Bennett@usdoj.gov
12
13 Attorneys for Plaintiff, UNITED STATES OF AMERICA

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>SHIRLEY WEBER, in her official capacity as Secretary of State of the State of California, and the State of California,<br><br>Defendants. | CASE NO: 2:25-cv-09149-DOC-ADS<br><br>HON. DAVID O. CARTER<br><br>Opposition to Defendants' Ex Parte Application for Motion to Strike Plaintiff's Motion for Order to Produce Records<br><br>Date: December 4, 2025<br>Time: 7:30 A.M.<br>Courtroom: TBD<br>Action Filed: September 25, 2025 |

**Opposition to Defendants' Ex Parte Application for Motion to Strike Plaintiff's Motion for Order to Produce Records (Doc. 88)**

**INTRODUCTION**

On November 24, 2025, pursuant to Local Rule 7-3, the United States participated in a pre-filing conference with all parties. At the conference the United States expressed its intention to file its Motion to Compel Production of Documents ("Motion to Compel") (Doc. 87). While Defendants objected to its filing, the Court has also expressed concern to the parties about excessive delay in this litigation. The Court most recently expressed this concern at the hearing held on November 19, 2025. On December 1, 2025, and seven days after its pre-filing conference, the United States filed its Motion to Compel and asserts that it is dispositive of the United States' Civil Rights Act claim. (Decl. of Eric Neff ¶ 18).

While Defendants claim that Plaintiff's Motion to Compel Production of Documents deprives this Court of a sensible record on which to base its decision, Defendants simultaneously aver that the Court has enough of a record to rule on *their* dispositive Motion to Dismiss. In essence, the Defendants argue that the Court may rule on their dispositive motion but not the United States'. Further, the United States' Motion to Compel simply requests the identical information and records that have been demanded by the United States since July 10, 2025, and are in the possession of Defendants.

The Defendants have had ample time to formulate their defenses, were put on notice of the United States' intent to file its Motion to Compel, and the Court has discretion to control its calendar. It is also highly unlikely, if not definite, that Defendants would assert any new defense that they have not already argued on the record if more time was granted by resetting the hearing. For these reasons the Court should *deny* Defendants' Ex Parte Application for Motion to Strike Plaintiff's Motion for Order to Produce Records and hear oral argument on all pending motions as scheduled.

# ARGUMENT

District courts have broad discretion in interpreting and applying their Local Rules. *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983). *Kelly v. Chino Inv.*, Nos. 90-56318, 91-55568, 1992 U.S. App. LEXIS 14969, at *2 (9th Cir. June 19, 1992). The 9th Circuit has held that "[…] Local Rules are promulgated by District Courts primarily to promote the efficiency of the Court, and that the Court has a large measure of discretion in interpreting and applying them." *Lance, Inc. v. Dewco Servs., Inc.*, 422 F.2d 778, 784 (9th Cir. 1970) (holding that by prematurely approving the creditor's proposed findings, conclusions of law, and judgment, the objections the debtor would have made to them were before the court on the appeal on the merits). Beyond having discretion in applying Local Rules, it is also "[…] well established that '[d]istrict courts have inherent power to control their dockets ….'" *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998)); *Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010).

While the United States has complied with the pre-filing conference requirement of Local Rule 7-3, the Court may use its broad discretion to hear oral argument on the United States' Motion to Compel to promote judicial economy and avoid unnecessary delay. As stated above, Defendants have had ample time to assert all defenses which would be responsive to the Motion to Compel considering it only requests the identical information requested for the last five months. Further, any arguments against granting the Motion to Compel have been fully briefed in Defendants' pleadings and briefs currently on the record, in addition to the briefs filed by Intervenors. In other words, Defendants cannot reasonably argue that the Court does not have an adequate record to enter an order on the United States' Motion to Compel before it while also arguing that it has enough to enter an order on *their* dispositive motion.

While Defendants also assert that the hearing presently set for the Motion to Compel violates due process,[1] this argument is meritless. Defendants have had ample time to be heard in written form and will have the same opportunity to be heard orally at the hearing. Defendants have known since at least November 24, 2025, at the pre-filing conference that the Motion to Compel would be filed. Further, no new position has been asserted by the United States beyond what has been initially pled when this action was filed on *September 25, 2025*.

## CONCLUSION

For these reasons the Court should deny Defendants' Ex Parte Application to Strike Plaintiff's Motion to Compel Production of Documents and proceed with the hearing set for December 4, 2025.

/s/ *Brittany E. Bennett*
Brittany E. Bennett
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: brittany.bennett@usdoj.gov

---

[1] Defendants also claim that the United States has somehow leveraged its own delay, this argument fails to recognize the very limited resources the Department of Justice had during the lapse in appropriations which caused a government shutdown and unintended delays. The backlog upon reopening is also a factor. For these reasons, Defendants' argument fails.

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *Brittany E. Bennett*
Brittany E. Bennett
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: brittany.bennett@usdoj.gov