```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                  (WESTERN DIVISION - LOS ANGELES)



UNITED STATES OF AMERICA,     ) CASE NO: 2:25-cv-09149-DOC-ADS
                              )
              Plaintiff,      )           CIVIL
                              )
     vs.                      )      Los Angeles, California
                              )
SHIRLEY WEBER, ET AL,         )    Monday, November 17, 2025
                              )     (9:01 a.m. to 9:07 a.m.)
              Defendants.     )     (9:28 a.m. to 9:34 a.m.)


                           HEARING RE:

MOTION TO STAY CASE PENDING LAPSE IN APPROPRIATIONS [DKT.NO.6];

       NAACP; NAACP CALIFORNIA-HAWAII STATE CONFERENCE;
    AND SERVICES, IMMIGRANT RIGHTS AND EDUCATION NETWORK
         MOTION TO INTERVENE AS DEFENDANTS [DKT.NO.14];

              MOTION TO INTERVENE [DKT.NO.24]


              BEFORE THE HONORABLE DAVID O. CARTER,
                   UNITED STATES DISTRICT JUDGE



APPEARANCES:              SEE PAGE 2


Court Reporter:           Recorded; CourtSmart


Courtroom Deputy:         Karlen Dubon


Transcribed by:           Exceptional Reporting Services, Inc.
                          P.O. Box 8365
                          Corpus Christi, TX 78468
                          361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

**APPEARANCES:**

| | |
|---|---|
| For Plaintiff: | ERIC V. NEFF, ESQ.<br>U.S. Department of Justice<br>150 M St. NE, Suite 8-139<br>Washington, DC 20002<br>202-532-3628<br><br>AUSA JULIE A. HAMILL<br>U.S. Attorney's Office<br>300 N. Los Angeles, Suite 7516<br>Los Angeles, CA 90012<br>213-894-2464<br><br>MAUREEN S. RIORDAN, ESQ.<br>U.S. Department of Justice<br>Civil Rights Division<br>950 Pennsylvania Avenue<br>Washington, DC 20005<br>202-702-6110 |
| For Movants: | GRAYCE S.P. ZELPHIN, ESQ.<br>American Civil Liberties<br>Union of Northern California<br>39 Drumm Street<br>San Francisco, CA 94111<br>530-515-8978<br><br>CHRISTOPHER D. DODGE, ESQ.<br>Elias Law Group<br>250 Massachusetts Ave. NW<br>Suite 400<br>Washington, DC 20001<br>202-987-4928<br><br>MAX SCHOENING, ESQ.<br>Qureshi Law<br>700 Flower St.<br>Suite 1000<br>Los Angeles, CA 90017<br>213-600-6096 |
| For Defendants: | MALCOLM A. BRUDIGAM, ESQ.<br>Office of the Attorney General<br>1300 I Street<br>Suite 125<br>Sacramento, CA 95814<br>916-210-7873 |

1   **Los Angeles, California; Monday, November 17, 2025; 9:01 a.m.**

2                              --oOo--

3          **THE COURT:** Let's call the United States versus
4   Shirley Weber matter which is 25-01949 [sic]. And for want of
5   a better word, I'm just going to refer to that as "the State
6   Case". It's a simple way versus the county case.
7          And counsel, do I have the same appearances on behalf
8   of the government on that case?
9          **MR. NEFF:** Yes, you do, Your Honor.
10         **THE COURT:** And you've been in my court before. I've
11  seen you once before.
12         **MS. HAMILL:** Yes, Your Honor.
13         **THE COURT:** Okay. Just your name once again for my
14  record.
15         **MS. HAMILL:** Julie Hamill.
16         **THE COURT:** Okay. And Counsel?
17         **MS. RIORDAN:** Maureen Riordan.
18         **THE COURT:** Okay, thank you.
19         And then on behalf of the State, so Counsel?
20         **MR. BRUDIGAM:** Yes. Good morning, Your Honor.
21  Deputy Attorney General Malcolm Brudigam on behalf of the State
22  Defendants.
23         **THE COURT:** Okay.
24         **MR. BRUDIGAM:** And I have a colleague here --
25         **THE COURT:** Well they can all identify themselves,

1  they've got mouths so who are you?

2  **MR. DODGE:** Good morning, Your Honor.  Christopher

3  Dodge on behalf of the Proposed Intervenors NAACP and SIREN.

4  **THE COURT:** Okay now do me a favor.  I'm getting

5  confused between counsel and intervenors.  Just take your

6  chairs and wheel them right up against the wall for a moment,

7  okay?  If you're intervenors, I'll get to you in a moment, I

8  promise you.  I just want to see counsel for a moment.

9  All right.  Now the first issue before we ever get to

10  the intervenors is this.  You've got a motion for me to

11  continue the briefing in this matter.  Is that correct?

12  **MR. NEFF:** Yes, Your Honor.

13  **THE COURT:** Why?

14  **MR. NEFF:** With the government shutdown, our office

15  would be very pressed to reply by the -- to give sufficient

16  briefing to Your Honor by the end of the day today.

17  **THE COURT:** Undirected to you, who caused this mess?

18  Now, hold on.  You see my clerk who didn't get paid.  Karlen,

19  were you on your duty station working when you weren't getting

20  paid?  Yep.  Why don't you just say "yes" for the record.

21  **THE CLERK:** Yes.

22  **THE COURT:** My law clerks, were you working when you

23  weren't gonna get paid?  Might as well say "yes".

24  **(Multiple speakers respond in the affirmative)**

25  Absolutely.  Was I working?  Yes.

1          **MR. NEFF:**  And --

2          **THE COURT:**  Hold on.  Was my court reporter working?
3   Yeah, the federal judiciary did not stand down even when we
4   weren't getting paid.  Why did you?

5          **MR. NEFF:**  As to whether the United States --

6          **THE COURT:**  Now maybe I should talk to the President
7   about that and Congress about that and you're not responsible
8   but by the same token, you're kind of caught in-between when
9   all of us are dutifully showing up.  And I don't propose to
10  give you a hard time about you know 5:00 o'clock today.  I get
11  that.  But as far as showing mercy on briefing and continuing
12  the matter over, I want to work with you but not holding this
13  up and let me explain to you why.

14         This needs to be resolved.  And whatever the Court
15  eventually rules on this, it needs time to get to the Ninth
16  Circuit because one of you is going to take it to the Ninth
17  Circuit no matter what.  Somebody's going to prevail and lose.

18         And then you're going to have time to get to the
19  Supreme Court and here's the problem.  This hangs out there as
20  an unanswered question with primaries coming as early as June
21  in Los Angeles; a general election in November; and we're still
22  deciding this issue?  Absolutely not.  This issue needs to get
23  decided thoughtfully, thoroughly, giving you some kind of time
24  but not today certainly.  I won't do that to you, I promise
25  you.  But you can imagine my thought when I got this, when

1  everybody's working without pay, but the executive and
2  legislative branch that's decided to get in this interesting
3  situation which then causes a shutdown which then causes
4  apparently the executive and legislative branches to stop
5  working, Congress went home, the executive branch stopped
6  because you need more time?  Falling on deaf ears.  I'm not
7  sympathetic.
8          So what gets this case moving because this case is
9  going to move.  Now I'm going to go take a recess and all of
10 you are going to talk because you want to protect yourself from
11 me.  Okay.  And I want to (inaudible) that cursive talking
12 because if I handed down today, it would not be what you
13 expect.  Maybe not at the end of the day but welcome to no
14 sleep.  Okay.  So why don't you go have a thoughtful
15 conversation and keep in mind, if I'm not satisfied, this case
16 is going to move no matter what, whatever I decide.  It's going
17 to get resolved in time to go to the Ninth Circuit and the
18 Supreme Court if necessary.
19         Now for the intervenors, now why don't you come on up
20 and just -- this has nothing to do with you but just these
21 timeframes are interesting.  No, just use the lectern.  You can
22 go to the lectern.  What's your name, sir?
23         **MR. DODGE:**  Christopher Dodge, Your Honor.
24         **THE COURT:**  And who do you represent?
25         **MR. DODGE:**  The NAACP, the NAACP California-Hawaii

1  Conference and SIREN.
2         **THE COURT:**  Okay.  And who are the other intervenors
3  potentially?
4         **MS. ZELPHIN:**  Good morning, Your Honor.  I'm Grace
5  Zelphin.  I represent the League of Women Voters of California.
6         **THE COURT:**  Are these some of your clients in the
7  audience?  Women voters?  Nice to have you here.
8         Sir?
9         **MR. DODGE:**  Your Honor, I'm glad to address the
10 motion to intervene or any scheduling matters --
11        **THE COURT:**  No, I don't even know who you are?
12        **MR. DODGE:**  Oh, I just introduced myself.  My name is
13 Christopher Dodge on behalf of the NAACP and SIREN.
14        **THE COURT:**  Oh, the NAACP.
15        **MR. DODGE:**  Yes.  And my colleague Max Schoening
16 here.
17        **THE COURT:**  So there's two of you on behalf of the
18 NAACP.
19        **MR. DODGE:**  This is my local counsel, Max Schoening.
20 I'm from the Elias Law Group in Washington, DC.
21        **THE COURT:**  Okay.
22        **MR. DODGE:**  I'm lead counsel on behalf of the NAACP.
23        **THE COURT:**  Well let's take a recess.  See if they
24 can work out some reasonable dates because I think the message
25 is clear.  If this doesn't proceed quickly then unfortunately

1  if they give it to me, it'll be shockingly quick.  Okay.

2           All right.  Counsel, be back in 20 minutes.

3     **(Recess taken at 9:07 a.m.; reconvened at 9:28 a.m.)**

4           **THE COURT:**  ...got all of their appearances, don't

5  you, Court Reporter?  You've got all their appearances?

6           Okay.  Counsel, your best thoughts.

7           **MR. NEFF:**  Your Honor, if the Court is amenable, all

8  the parties have stipulated to keeping the same hearing

9  schedule, with a briefing schedule of the proposed intervenors

10 filing tomorrow and the United States filing the day after.

11          **THE COURT:**  Say that to me again slowly.

12          **MR. NEFF:**  Sure.  If Your Honor is amenable, we --

13 all parties have stipulated to a briefing schedule of the

14 proposed intervenors filing something if they want to file

15 tomorrow and the United States filing the day after that so two

16 days from today while keeping the same hearing schedule.

17          **THE COURT:**  I thought we were also here for a

18 response from the government, besides the intervenors, that you

19 were responding.

20          **MR. NEFF:**  Regardless, the United States would file

21 its response in two days.  The -- all parties are amenable to

22 that if the Court is agreeable to that.

23          **THE COURT:**  Sure.  I could go along with that.

24          Now but for the intervenors, though, I am confused.

25 You've intervened on what I'm going to call -- or different

1  intervenors have intervened on the what I'm going to call "the
2  State case". But one of you -- and I forget which one --
3  intervened on Page and I'm not sure if the other intervenors
4  are going to request intervention on the Page case as well.
5  And I don't want to keep inviting you back so --
6           **MR. DODGE:** Sure. So again, Chris Dodge on behalf of
7  the NAACP Intervenors.
8           We have moved in the Weber case, the State case. We
9  have not --
10          **THE COURT:** I'm sorry?
11          **MR. DODGE:** We have moved to intervene in the State
12 case, Weber.
13          **THE COURT:** Yes, I'm aware of that.
14          **MR. DODGE:** And we, at present, do not intend to move
15 in Page, the County case.
16          **THE COURT:** Okay, fine.
17          **MR. DODGE:** But we agree with the United States that
18 we would propose -- we would file our motion to dismiss in the
19 State case tomorrow and the United States would file a response
20 the day after that at which point the motions to dismiss would
21 have -- would be --
22          **THE COURT:** You know, I'm going to -- I don't want to
23 do this to you but I've got to. I'm carrying 400 cases for
24 goodness sakes.
25          I'm going to order you back to my court on Wednesday

1   morning at 9:00 o'clock.  Simple as that.  This is getting too

2   convoluted for me in a piecemeal fashion.  I don't know who's

3   really coming in on Page yet.  I thank you -- I've heard from

4   you -- but I've got other intervenors also.  I'm got

5   Immigration Rights out there, Women League of Voters.  I think

6   you filed on intervenor on Page and Weber.

7           **MS. ZELPHIN:**  Yes, Your Honor.

8           **THE COURT:**  Right?

9           **MS. ZELPHIN:**  Yes, Your Honor.

10          **THE COURT:**  I've got two NAACP counsel.  One's Hawaii

11  and the other is --

12          **MR. DODGE:**  It's actually a joint conference of the

13  California and Hawaii --

14          **THE COURT:**  Okay so think of you both -

15          **MR. DODGE:**  -- so it's one entity.  It's one entity.

16          **THE COURT:**  So think of you both as the same then.

17          **MR. DODGE:**  Correct, Your Honor.

18          **THE COURT:**  Got it.  What about the Immigration

19  Rights group?

20          **MR. DODGE:**  I also represent them.  That's SIREN.

21          **THE COURT:**  There we go.  You haven't intervened yet

22  on Page.  Are you going to?

23          **MR. DODGE:**  No.

24          **THE COURT:**  Okay.

25          **MR. DODGE:**  If it would be convenient, we would be

1  willing to do that if it would help in terms of consolidating

2  everything and aligning.

3       **THE COURT:**  It's up to you.  I'm not sure what I'm

4  going to do yet.  I'm just trying to sort out these multiple

5  filings.

6       **MR. DODGE:**  Sure.

7       **THE COURT:**  And whether one of these is going to get

8  stayed or they're both going to get consolidated or if we're

9  moving forward with discovery on some and not others or on all

10 of them.  And right now, until your appearance -- and thank you

11 -- today, I wasn't certain what the State was going to do, what

12 your position was.

13      **MR. NEFF:**  Our position is consistent with what the

14 plaintiffs stated.

15      **THE COURT:**  Okay.  Well that means you're working

16 today though and you're working tomorrow and you're ordered

17 back to my court at 9:00 o'clock on Wednesday.  And I'm going

18 to sort out intervention at that time to give you time to think

19 if that is your position in writing.  Talk to your clients.

20 And I don't know if you folks are flying back or staying here

21 but whatever you're doing, 9:00 o'clock on Friday morning it'll

22 be -- strike that -- Wednesday morning in this court.  Okay.

23      **MR. BRUDIGAM:**  Your Honor, which court are we going

24 to be meeting in on Wednesday?

25      **THE COURT:**  You know, I don't know if I've got the

1  ceremonial court at that time.  It's going to be in this
2  building because normally I'd bring you to Orange County but
3  I'm trying to make it easier for you to fly in.  LAX may be
4  easier for you in the future.  I can have you down in Orange
5  County but I schedule it here out of courtesy to you.  Okay.
6          **MR. BRUDIGAM:**  Thank you.
7          **THE COURT:**  So --
8          **THE CLERK:**  So Wednesday we'll be in Courtroom 8-A.
9          **THE COURT:**  Oh, Karlen, thank you.
10         We're going to be in Courtroom 8-A.  They just
11  assigned that to us so Courtroom 8-A, okay.  And if you want to
12  get there a little bit early, we have another matter that day
13  so if we said 8:45, how about 8:45, okay.  Let's get started
14  with you first.  It's a contempt hearing involving the City of
15  Los Angeles and that can take a while.
16         So we'll see you at 8:45 then on Wednesday.  And as
17  quickly as you can get to this it may save coming back on
18  Thursday.  And now we're going to be in continuous session
19  until we get all these filings in and then we'll decide the
20  intervention.  So have a good day.
21         **(Attorneys thank the Court)**
22         **(Proceeding adjourned at 9:34 a.m.)**
23
24
25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

| | |
|---|---|
| _____ | December 5, 2025 |
| Signed | Dated |

*TONI HUDSON, TRANSCRIBER*