ROB BONTA
Attorney General of California
R. MATTHEW WISE
SETH E. GOLDSTEIN
Supervising Deputy Attorneys General
ROBERT WILLIAM SETRAKIAN (SBN 335045)
ANNE P. BELLOWS (SBN 293722)
LISA C. EHRLICH (SBN 270842)
MICHAEL S. COHEN (SBN 339846)
KEVIN L. QUADE (SBN 285197)
WILLIAM BELLAMY (SBN 347029)
MALCOLM A. BRUDIGAM (SBN 323707)
Deputy Attorneys General
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-7873
 Fax: (916) 454-8171
 E-mail: Malcolm.Brudigam@doj.ca.gov
*Attorneys for Defendants Shirley Weber, in her official capacity as the California Secretary of State, and the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>            v.<br><br>SHIRLEY WEBER, in her official capacity as Secretary of State of the State of California, and the STATE OF CALIFORNIA,<br><br>                                  Defendants. | 2:25-cv-09149-DOC-ADS<br><br>**CALIFORNIA'S EX PARTE APPLICATION FOR AN ORDER DENYING OR DEFERRING BRIEFING ON PLAINTIFF'S MOTION FOR AN ORDER TO PRODUCE RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:            TBD<br>Time:           TBD<br>Courtroom:  10A<br>Judge:          Hon. David O. Carter<br>Action Filed: September 25, 2025 |

**EX PARTE APPLICATION FOR ORDER**

Pursuant to Local Rule 7-19, Defendants California Secretary of State Shirley Weber and the State of California ("California") submit this application for an ex parte order denying or deferring briefing on plaintiff's motion for an order to

1

produce records. ECF No. 94. Plaintiff United States of America's ("DOJ") motion is a dispositive motion—no different than summary judgment—seeking the ultimate and final relief in this case, i.e., an order requiring California to turn over a fully unredacted copy of California's voter registration list. *Compare* ECF No. 1 at 16 *with* ECF No. 94-1 at 4;[1] *see* Transcript re Hearing on Motions to Dismiss ("Tr.") 68:9–14 (DOJ informing the Court that "this litigation really boils down to" "a prompt order that California produce records"). As California argued in its prior ex parte application, ECF No. 88, DOJ's grant-first, ask-questions-later timeline deprives this Court of an adequate record to decide this important case. It also runs roughshod over due process tenets and the Federal Rules of Civil Procedure, which govern "all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1. And briefing on summary judgment before the pleadings are resolved does not serve judicial economy. The Court's inherent authority to control its docket and defer premature dispositive motions is well-established. *LA All. for Hum. Rts. v. City of Los Angeles*, 792 F. Supp. 3d 1049, 1091 (C.D. Cal. 2025); *see also* Fed. R. Civ. P. 56(d).

Accordingly, as explained more fully below, this Court should grant California's instant application for an order denying DOJ's motion without prejudice, or deferring briefing on DOJ's motion until this Court has ruled on the pending motions to dismiss and the parties have had an opportunity to develop a factual record. In the alternative, the Court should issue an order at least deferring the deadline to oppose DOJ's motion until 7 days after the Court issues its order on the motions to dismiss to allow California to brief the immediate need for and propriety of discovery on DOJ's Title III claim (assuming the Title III claim is not

///

///

---

[1] This ex parte application and memorandum of points and authorities in support cites to the ECF (or PDF) page numbers in its citations to the docket.

dismissed by the Court).[2]

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court should deny DOJ's pending motion without prejudice, or defer briefing until California has had an opportunity to develop an adequate record to oppose DOJ's dispositive motion. The Federal Rules of Civil Procedure govern this action, and the Court is not pigeon-holed into a "summary" or "special" proceeding, as DOJ argues in its pending motion. In fact, the Court requires an adequate record to fully determine whether the legal standard for a valid demand under Title III of the Civil Rights Act of 1960 ("Title III") is satisfied, and whether several affirmative defenses California seeks to develop have been established.

**A.   DOJ's Motion May Be Mooted by the Pending Motions to Dismiss**

The parties have fully briefed and argued California's and Intervenors' motions to dismiss. ECF Nos. 37, 62-1, 67. At the hearing last week, the Court indicated that it may rule on those motions within a matter of weeks. If granted, the motions would moot DOJ's pending motion. Forcing the parties to brief a dispositive motion when that motion may be mooted would needlessly waste taxpayer and judicial resources. Even if the Court denies the motions to dismiss, its order will clarify important legal issues related to DOJ's novel claim brought under Title III, and the parties should be afforded the opportunity to focus their briefing on the legally salient issues in light of that order. Accordingly, the Court should exercise its inherent control over the proceedings to ensure that any briefing on DOJ's pending dispositive motion is deferred until after the Court's forthcoming

///

///

---

[2] Before filing this ex parte application, California proposed a stipulation to DOJ that would adopt this briefing schedule, but it declined. Declaration of Malcolm A. Brudigam In Support Of Ex Parte Application to Deny or Defer Briefing on Plaintiff's Motion for an Order to Produce Records, filed with the instant application, ("Brudigam Decl.") ¶ 3, Ex. 1.

order on the submitted motions to dismiss.[3]

### B. The Federal Rules of Civil Procedure Govern This Action

In DOJ's pending motion, it argues that Title III "displaces the Federal Rules of Civil Procedure by creating a 'special statutory proceeding.'" ECF No. 94-2 at 6 (quoting *Kennedy v. Lynd*, 306 F.2d 222, 225 (5th Cir. 1962)). DOJ makes this novel argument based on "caselaw confined to courts within the Fifth Circuit in the early years following the CRA's enactment." *Id.* at 5 n.1. That precedent—which DOJ asks this Court to adopt in a vacuum—is not binding on this Court, is inconsistent with Title III's text, and has been overruled. It is also an argument that DOJ raised in opposition to California's motion to dismiss and is thus before the Court on the submitted motions. ECF Nos. 64-1 at 11, 78 at 7.

To start, Title III's text states only that a district court "shall have jurisdiction *by appropriate process* to compel the production of such record or paper." 52 U.S.C. § 20705 (emphasis added). There is no mention of "a special statutory proceeding" or any abbreviated procedure that diminishes the Court's role to merely issuing rubber-stamped approval. And in the years since Title III was enacted, the Supreme Court confirmed that the Federal Rules of Civil Procedure govern document demands by the federal government. *Becker v. United States*, 451 U.S. 1306, 1307–08 (1981); *see also* Fed. R. Civ. P. 1, 81(a)(5). In fact, two years after the Fifth Circuit's decision in *Kennedy v. Lynd*, the Supreme Court held that the Federal Rules of Procedure govern proceedings instituted by a similarly worded statute, which, like Title III, contained "no provision specifying the procedure to be followed in invoking the court's jurisdiction." *United States v. Powell*, 379 U.S. 48, 57–58 & n.18 (1964) (citing 26 U.S.C. § 7604(a)); *compare* 26 U.S.C. § 7604(a) ("[T]he United States district court for the district in which such person resides or is

---

[3] Indeed, DOJ has already acknowledged that this is the proper order of events in this action. In its meet and confer before filing its first motion for an order to produce records, DOJ said it would only be appropriate for the Court to consider its motion "*If* the Motion to Dismiss is denied." ECF No. 88-1 at 8 (emphasis added); *see also* Brudigam Decl. ¶ 3, Ex. 1 (pointing this out to DOJ's counsel).

found *shall have jurisdiction by appropriate process* to compel such attendance, testimony, or production of books, papers, records, or other data[.]" (emphasis added)) *with* 52 U.S.C. § 20705 ("The United States district court for the district in which a demand is made . . .or in which a record or paper so demanded is located, *shall have jurisdiction by appropriate process* to compel the production of such record or paper." (emphasis added)). At bottom, DOJ's proposed summary proceeding is based wholly on *Kennedy v. Lynd*, but that case has been overruled on this point by the Supreme Court in *United States v. Powell*.

Thus, the Federal Rules of Civil Procedure govern these proceedings, and DOJ cannot bypass the pleadings stage when it has filed a civil action in federal court.

### C. The Court Requires an Adequate Record To Decide This Case

Assuming this Court denies California's pending motion to dismiss, it requires an adequate record to rule on DOJ's dispositive motion. An adequate record is necessary to both assess whether DOJ has complied with the requirements of Title III, and to evaluate whether several affirmative defenses to the records demand have been established.

#### 1. The Court should deny or defer DOJ's motion because California is entitled to develop an adequate record to oppose a dispositive motion.

Because DOJ's pending motion is dispositive to this case, and this proceeding is governed by the Federal Rules of Civil Procedure, Rule 56(d) is instructive for providing a framework for denying or DOJ's pending motion, which is akin to summary judgment. *See Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 642 (N.D. Cal. 2020). "To prevail on a Rule 56(d) request, the party seeking relief must show that '(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Id.* (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).)

///

Title III requires that a valid demand for records "contain a statement of the basis and the purpose therefor." 52 U.S.C. § 20703. As set forth in the attached declaration, California seeks discovery on whether DOJ has adequately satisfied the legal standard for issuing a proper demand under Title III. Brudigam Decl. ¶ 4; *see also* ECF Nos. 37-1 at 16–19, 78 at 7–8 (articulating proper legal standard for "a statement of the basis and the purpose"). Not only must DOJ's investigation be related to civil rights violations in voting, but DOJ must offer "the basis" and "the purpose" for the investigation—not "*a* basis" or "*a* purpose." *Compare* ECF No. 64-1 at 13–14 *with Lynd*, 306 F.2d at 231 n.6.

The record presently before the Court shows that DOJ has provided varied and differing reasons for why it is seeking California's unredacted statewide voter registration list. Brudigam Decl. ¶ 4. DOJ initially claimed that California's entire voter registration list was needed "to assist in our determination of whether California's list maintenance program complies with the NVRA." ECF No. 37-2 at 21. However, at the hearing on the motions to dismiss DOJ also claimed it needed the records to ensure compliance with the Help America Vote Act's requirement of collecting social security numbers and driver's license numbers.[4] Tr. 76:7–21 (explaining that "this data is necessary for the United States to conduct its HAVA operation"), 81:8–10, 118:25–119:10; *see also* 70:6–9, 77:7–10 (indicating other purposes). More troubling still is that DOJ invokes the President's unlawful[5] Executive Order in its Complaint, ECF No. 1 at 1–2, which this lawsuit appears to be a pretext to enforcing. Specifically, that Executive Order provides that "the Department of Homeland Security, in coordination with the DOGE Administrator, shall review each State's publicly available voter registration list and available

---

[4] As explained in our pending motion to dismiss, this rationale also does not make sense upon a reading of HAVA's text. ECF No. 37-1 at 18–19.

[5] Key provisions of the Executive Order, not relevant to this case, have been enjoined by two different federal courts. *See California v. Trump*, 786 F. Supp. 3d 359, 395–96 (D. Mass. 2025); *League of United Latin Am. Citizens v. Exec. Off. of President*, --- F. Supp. 3d ---, 2025 WL 3042704, at *32 (D.D.C. Oct. 31, 2025).

records concerning voter list maintenance activities as required by 52 U.S.C. 20507, alongside Federal immigration databases and State records requested, including through subpoena where necessary and authorized by law, for consistency with Federal requirements." *Preserving and Protecting the Integrity of American Elections*, 90 Fed. Reg. 14005, 14006–07 (Mar. 25, 2025). Indeed, at the hearing on the motion dismiss, DOJ referenced a "Federal immigration database" maintained by the Department of Homeland Security, Tr. 120:19–121:2,[6] further suggesting that its true intent is to obtain the requested records for reasons that DOJ has not disclosed to California or the Court.

Collectively, these facts indicate that either there are several inconsistent reasons underlying DOJ's records demand, or that the reasons given so far are pretext to do something else. In either event, the facts California seeks to develop through discovery exist in the minds and records of DOJ's investigators, would defeat summary judgment under Title III's legal standard,[7] and could be determined through discovery—something California has not been afforded an opportunity to conduct. *Huynh*, 508 F. Supp. 3d at 642; Brudigam Decl. ¶ 6.

Accordingly, the Court should deny DOJ's motion without prejudice, or defer briefing on DOJ's motion until the Court has ruled on the pending motions to dismiss and an adequate records has been developed.

///

///

---

[6] DOJ references the "SAVE" database, which is the Systematic Alien Verification for Entitlements, managed by the Department of Homeland Security. *See Homeland Security's "SAVE" Program Exacerbates Risks to Voters*, Brennan Center for Justice (July 21, 2025), https://www.brennancenter.org/our-work/research-reports/homeland-securitys-save-program-exacerbates-risks-voters; *League of Women Voters v. U.S. Dep't of Homeland Sec.*, No. 25-cv-3501-SLS, 2025 WL 3198970, at *1 (D.D.C. Nov. 17, 2025) (describing pending lawsuit challenging recent changes to SAVE database by current administration).

[7] A further reason to defer ruling on DOJ's pending motion is to determine what legal standard governs a Title III proceeding. That critical question is before the Court on the motions to dismiss and would be instructive in deciding what discovery would be relevant for California's opposition.

## 2. The Court should deny or defer DOJ's motion because California seeks discovery on several affirmative defenses.

The Court also requires an adequate record to determine whether various affirmative defenses California intends to raise have been established. Brudigam Decl. ¶ 5.

The Supreme Court held that a demand for records by the federal government may be challenged at a hearing "on any appropriate ground" and that "the court [may] inquire into the underlying reasons" for the demand to ensure the court's process is not abused. *Powell*, 379 U.S. at 58. Such abuse includes issuing a demand for records for an "improper purpose" or "any other purpose reflecting on the good faith of an investigation." *Id.*

Here, as argued extensively in the motions to dismiss, there is no plausible reason why DOJ would require the entire unredacted statewide voter registration list to assess California's compliance with the NVRA's list maintenance requirements, which was DOJ's initial argument for why it needed the information. ECF No. 37-1 at 16, 78 at 2–4. As the Intervenor-Defendants and Amici Curae have made the Court aware, DOJ's true purpose appears to be sharing the data with other federal agencies and building a nationwide voter list. *See* ECF No. 44 at 3–4 ("DOJ has publicly confirmed that it is sharing lists it receives with the Department of Homeland Security (DHS), and reporting indicates that DOJ is developing a national voter file."), ECF 62-1 at 14 n.2 & 3, 19 n.9 ("[An] attorney in DOJ's voting rights section told *The New York Times* that DOJ was 'dishonest' in describing the purpose for its requests for state voter data."). That activity is not permitted by the Constitution or federal law, *see generally* ECF No. ECF 84-2 at 16–22 (arguing that "states, not the federal government, are charged with administering federal elections"), and thus strongly indicative that DOJ has demanded the voter registration records from California for an improper purpose. At minimum, discovery into the reasons for this expansive data collection is

1 warranted to determine whether DOJ is demanding information improperly. *See*
2 *United States v. Church of Scientology of California*, 520 F.2d 818, 824 (9th Cir.
3 1975); *Reich v. Montana Sulphur & Chem. Co.*, 32 F.3d 440, 449 (9th Cir. 1994).

4     Beyond an "improper purpose," California intends to raise, and seek
5 discovery on, a number of other affirmative defenses including: overbreadth, *Peters*
6 *v. United States*, 853 F.2d 699–70 (9th Cir. 1988); the Privacy Act and other federal
7 privacy laws, *N.L.R.B. v. N. Bay Plumbing, Inc.*, 102 F.3d 1005, 1009 (9th Cir.
8 1996); whether DOJ's real reasons for collecting the information are constitutional,
9 *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 208–09 (2020) (raising
10 constitutional defense in response to investigative subpoena); whether DOJ is
11 collecting voter registration records for another agency, *United States v. LaSalle*
12 *Nat. Bank*, 437 U.S. 298, 317 (1978); and whether DOJ's record demand satisfies
13 the reasonableness requirement under the Fourth Amendment, *Reich*, 32 F.3d at
14 444 n.5.[8] At bottom, to consider these defenses—many of which are already
15 colorable based on materials before the Court—an adequate record is required.

16     **3.    Proposed Course of Proceedings**

17     Based on the preliminary showing by Intervenors, Amici, the DOJ's own
18 comments at the hearing on the motions to dismiss, and the instant application, the
19 minimal record before the Court is already cause for significant concern about
20 DOJ's reasons for seeking voter registration data and what they intend to do with it.
21 This preliminary showing indicates that California's desire for discovery and
22 record-building is well-founded. Thus, California believes that the most efficient
23 course of action would be for the Court to deny DOJ's motion without prejudice, or
24 defer briefing on the motion until after a reasonable discovery period, the length of
25 which should be discussed at a scheduling conference under Federal Rule of Civil
26 Procedure 16. In the alternative, California proposes that the Court at least defer the

---

[8] This list of affirmative defenses is not exhaustive, and California reserves its right to raise other defenses too.

9

deadline to oppose the DOJ's motion until 7 days after the Court issues its order on the motion to dismiss (should the Court decline to dismiss the Title III claim) and allow California to brief the need for and propriety of discovery at that point. *See Church of Scientology*, 520 F.2d at 824 (holding that the need for discovery in IRS summons enforcement cases should be determined after briefing and evidentiary hearing on a motion to enforce the summons).

Accordingly, because DOJ's pending motion deprives the Court of such a record and seeks to dispose of this case without any meaningful judicial review, the Court should grant this application.

### D. This Ex Parte Application is Proper

California presents this application ex parte because DOJ's actions in filing this dispositive motion for hearing do not leave time for California to seek relief on an ordinary schedule. Under Local Rule 7-9, and DOJ's noticed hearing date, California must prepare its opposition by December 15, 2025.

Earlier today, California notified counsel for DOJ and all other parties in the case of its plans to file this ex parte application. Pursuant to Local Rule 7-19, California provides the name, phone number, and email address for DOJ's counsel:

Eric Vincent Neff, 202-532-3628, Eric.Neff@usdoj.gov

Julie Ann Hamill, 213-894-2464, julie.hamill@usdoj.gov

Maureen S. Riordan, 202-702-6110, maureen.riordan2@usdoj.gov

Brittany E Bennett, 202-704-5430, brittany.bennett@usdoj.gov

In response to California's notice of the instant application, Intervenor Defendants have indicated that they consent to this application and DOJ indicated that they oppose. Brudigam Decl. ¶ 7, Ex. 2.

## CONCLUSION

The Court should grant this ex parte application and issue an order denying DOJ's motion, or deferring briefing on DOJ's motion until this Court has ruled on the pending motions to dismiss and the parties have had an opportunity to develop a

factual record. In the alternative, the Court should issue an order at least deferring the deadline to oppose DOJ's motion until 7 days after the Court issues its order on the motions to dismiss to allow California to brief the immediate need for and propriety of discovery on DOJ's Title III claim (assuming the Title III claim is not dismissed by the Court).

Dated: December 8, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
SETH E. GOLDSTEIN
Supervising Deputy Attorneys General

/s/ Malcolm A. Brudigam
_____
MALCOLM A. BRUDIGAM
ROBERT WILLIAM SETRAKIAN
ANNE P. BELLOWS
LISA C. EHRLICH
MICHAEL S. COHEN
KEVIN L. QUADE
WILLIAM BELLAMY
Deputy Attorneys General
*Attorneys for Defendants Shirley Weber, in her official capacity as the California Secretary of State, and State of California*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Secretary of State Shirley Weber and the State of California, certifies that this brief contains 3,571 words and 11 pages, which:

__ complies with the word limit of L.R. 11-6.1.

_X_ complies with the page limit set by the Procedures page on the Court's website.

Dated: December 8, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
SETH E. GOLDSTEIN
Supervising Deputy Attorneys General

/s/ Malcolm A. Brudigam
_____
MALCOLM A. BRUDIGAM
ROBERT WILLIAM SETRAKIAN
ANNE P. BELLOWS
LISA C. EHRLICH
MICHAEL S. COHEN
KEVIN L. QUADE
WILLIAM BELLAMY
Deputy Attorneys General
*Attorneys for Defendants Shirley Weber, in her official capacity as the California Secretary of State, and State of California*