| | |
|---|---|
| 1 | Lalitha D. Madduri (CA Bar No. 301236) |
| 2 | lmadduri@elias.law |
| | Jacob D. Shelly* (DC Bar No. 90010127) |
| 3 | jshelly@elias.law |
| 4 | Christopher D. Dodge* (DC Bar No. 90011587) |
| 5 | cdodge@elias.law |
| 6 | **ELIAS LAW GROUP LLP** |
| | 250 Massachusetts Ave. NW, Suite 400 |
| 7 | Washington, DC 20001 |
| 8 | T: (202) 968-4652 |
| | F: (202) 968-4498 |
| 9 | |
| 10 | Tyler L. Bishop (CA Bar No. 337546) |
| | tbishop@elias.law |
| 11 | Walker McKusick* (WA Bar No. 63205) |
| 12 | wmckusick@elias.law |
| | **ELIAS LAW GROUP LLP** |
| 13 | 1700 Seventh Avenue, Suite 2100 |
| 14 | Seattle, WA 98101 |
| | T: (206) 656-0177 |
| 15 | F: (206) 656-0180 |
| 16 | |
| 17 | Omar Qureshi (CA Bar No. 323493) |
| | omar@qureshi.law |
| 18 | Max Schoening (CA Bar No. 324643) |
| | max@qureshi.law |
| 19 | **QURESHI LAW PC** |
| 20 | 700 Flower Street, Suite 1000 |
| | Los Angeles, CA 90017 |
| 21 | T: (213) 600-6096 |
| 22 | F: (213) 277-8989 |
| 23 | *Counsel for Proposed Intervenor-* |
| 24 | *Defendants NAACP; NAACP California-* |
| | *Hawaii State Conference; and Services,* |
| 25 | *Immigrant Rights and Education Network* |
| 26 | |
| | * Admitted pro hac vice |
| 27 | |
| 28 | |

Case No. 2:25-09149-DOC-ADS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHIRLEY N. WEBER, in her official capacity as Secretary of State of California, et al.,<br><br>    Defendants. | Case No: 2:25-cv-09149-DOC-ADS<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO PRODUCE RECORDS**<br><br>Hearing Date: January 5, 2025<br><br>Time: 8:30 A.M.<br><br>Courtroom: TBD |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

BACKGROUND .................................................................................................................. 2

ARGUMENT ........................................................................................................................ 3

    I.    The Federal Rules govern DOJ's claims, including under the CRA. .......... 3

    II.    The pending motions to dismiss are the proper vehicles for either resolving this case or proceeding to any needed discovery. ........................ 8

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arizona v. Inter Tribal Council of Ariz., Inc.*,
  570 U.S. 1 (2013) ..................................................................................................8

*CFPB v. Accrediting Council for Indep. Colls. & Schs.*,
  854 F.3d 683 (D.C. Cir. 2017) ..............................................................................7

*CFPB v. Source for Pub. Data, L.P.*,
  903 F.3d 456 (5th Cir. 2018) ................................................................................7

*Colon-Marrero v. Conty-Perez*,
  No. 12-1749CCC, 2015 WL 3508142 (D.P.R. June 4, 2015) ..............................4

*In re Admin. Subpoena No. 25-1431-019*,
  No. 1:25-MC-91324-MJJ, 2025 WL 2607784 (D. Mass. Sept. 9, 2025) .......7

*Kennedy v. Lynd*,
  306 F.2d 222 (5th Cir. 1962) ............................................................................5, 6

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ................................................................................9

*Pub. Int. Legal Found., Inc. v. Bellows*,
  664 F. Supp. 3d 153 (D. Me. 2023) ......................................................................4

*Rutman Wine Co. v. E. & J. Gallo Winery*,
  829 F.2d 729 (9th Cir. 1987) ................................................................................9

*S.E.C. v. Seaboard Corp.*,
  677 F.2d 1315 (9th Cir. 1982) ..............................................................................9

*Sugarloaf Funding, LLC v. U.S. Dep't of Treasury*,
  584 F.3d 340 (1st Cir. 2009) ................................................................................7

*United States v. Powell*,
  379 U.S. 48 (1964) .......................................................................................5, 6, 7

**Constitutional Provisions, Statutes, and Rules**

U.S. Const. art. I, §4, cl. 1 ................................................................................8

26 U.S.C. § 7604(a) ............................................................................................7

29 U.S.C. § 161 ..................................................................................................4

52 U.S.C. § 20507(i) ..........................................................................................6

52 U.S.C. § 20510(a) .........................................................................................4

52 U.S.C. § 20705 ......................................................................................1, 5, 7

52 U.S.C. § 21111 ..............................................................................................4

Cal. Elec. Code § 2194(b)(1) .............................................................................6

Fed. R. Civ. P. 1 ..............................................................................................1, 3

Fed. R. Civ. P. 81(a) ..........................................................................................3

**Other Authorities**

H.R. Rep. No. 107-329 (2001) ..........................................................................8

**INTRODUCTION**

The Federal Rules of Civil Procedure lay out the typical lifecycle of a civil action: start with Rule 12(b) motions and then—if Plaintiffs have stated a claim and established jurisdiction—proceed to discovery, summary judgment, and trial if necessary. Throughout that process, a defendant has multiple opportunities to test the legal and factual bases of the plaintiff's claims and to build any necessary record. The Federal Rules also provide courts with familiar governing standards at each step, all with an eye toward the ordered and efficient resolution of disputes.

The U.S. Department of Justice (DOJ) asks this Court to sweep all of that aside- and instead put the onus on the *defendants* to resist a "motion for order to produce records" at the very start of the case, which would effectively grant DOJ the final relief it seeks in this action. That is not how civil litigation works. Nothing in the Federal Rules or the statutes underlying DOJ's claims authorize this departure from the regular course of proceeding or permit DOJ to short-circuit the Rules for its own convenience. And contrary to DOJ's suggestion, Title III of the Civil Rights Act of 1960 (CRA) does not "displace" the Rules or create a "special statutory proceeding" when DOJ demands voting records. Indeed, the term "special statutory proceeding" appears nowhere in the CRA, which merely states that district courts "shall have jurisdiction by appropriate process" to grant relief under that law. 52 U.S.C. § 20705. The Federal Rules set forth that process. *See* Fed. R. Civ. P. 1. Finding nothing in the text of Title III to support this theory, DOJ relies instead on a single out-of-circuit case from 1962—but that case is distinguishable many times over, is displaced by intervening Supreme Court authority, and, in any event, cannot trump the Federal Rules.

The Court should thus reject DOJ's effort to leapfrog the prescribed stages of litigation it apparently finds bothersome and should instead let the action unfold as prescribed by the Rules—starting by resolving the fully briefed, argued, and now

pending motions to dismiss. *See* Defs.' Mot. Dismiss ECF No. 37; Intervenors' Mots. Dismiss, ECF Nos. 62, 67; Mins. of Mot. Hr'g, ECF No. 97.

## BACKGROUND

DOJ filed this suit on September 25, seeking to compel California to turn over its full statewide voter registration list without redacting sensitive information protected from disclosure by state law. *See* Pl.'s Compl. at 16, ECF No. 1. DOJ cites three federal statutes in support: the NVRA, HAVA, and the CRA. None supports DOJ's sweeping and novel demand, as NAACP-SIREN Intervenors explain more thoroughly in their motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See generally* Intervenors' Mot. to Dismiss, ECF No. 62. Far from supporting DOJ's claims, the NVRA and HAVA confirm that states—not DOJ—are responsible for creating and maintaining voter lists and have reasonable discretion in how they do so; neither law compels states to produce unredacted copies of those lists to anyone, including the federal government. *See* NAACP-SIREN Intervenors' Mot. Dismiss Background § I; Argument §§ I.A.–I.B., ECF No. 62-1. Nor can the CRA be used as a blank check to permit the federal government to broadly demand the private data of every voter in the state purportedly to "ascertain" compliance—not with the CRA (which DOJ does not even attempt to allege has been substantively violated), but the NVRA and HAVA—entirely different statutes. *Id.* Argument § I.C.2. The State Defendants and other intervenors have also moved to dismiss. Defs.' Mot. Dismiss, ECF No. 37; League of Women Voters of Cal. Mot. Dismiss, ECF. No. 67. Intervenors' and the State Defendants' motions to dismiss have been fully briefed and the Court took them under submission at its December 4, 2025, hearing. Mins. of Mot. Hr'g, ECF No. 97. Now, the Court has before it a host of dispositive arguments that can—and should—resolve this suit.

At that same December 4 hearing, the Court denied as premature a similar motion by DOJ for an order to produce records. *See id.* (denying Pl.'s Mot. for Order to Produce

Records, ECF No. 87). Immediately after that hearing and denial, DOJ filed the instant motion, once again seeking to supplant the ordinary litigation process and jump right to dispositive relief. Pl.'s Mot. for Order to Produce Records, ECF No. 94. Defendants' Application for an Order Denying or Deferring Briefing on Plaintiff's Motion, ECF No. 102, remains pending.

## ARGUMENT

The Federal Rules of Civil Procedure govern this civil action and provide a roadmap for how this case—just like nearly all other civil actions—must proceed. Nothing in the CRA's text or Federal Rules supports DOJ's contention that the CRA "displaces" the Rules or authorizes a "special statutory proceeding." Mem. at 6. Nor does anything in the Rules authorize courts to award dispositive relief—and effectively final judgment—via an ex parte application for a so-called "order to produce records." The Court should thus deny DOJ's motion and permit this litigation to unfold under the normal course— starting with resolving the fully-briefed and pending motions to dismiss DOJ's baseless claims.

**I.    The Federal Rules govern DOJ's claims, including under the CRA.**

The Court should reject DOJ's request to sweep aside the Federal Rules in this case in pursuit of a non-existent "summary proceeding for obtaining Federal election records." Mem. at 15. The Federal Rules "govern the procedure in *all civil actions and proceedings* in the United States district courts, except as stated in Rule 81." Fed. R. Civ. P. 1 (emphasis added). This case plainly falls within the Rules' scope. While Rule 81 sets out a narrow set of cases—such as certain admiralty or bankruptcy actions—that are exempt from the ordinary rules, none involves the NVRA, HAVA, or Title III of the CRA. *See* Fed. R. Civ. P. 81(a). Indeed, Rule 81(a)(5) affirms that the Federal Rules generally apply to actions for "the production of documents through a subpoena . . . except as otherwise provided by statute, by local rule, or by court order in the proceedings"—a limited exception that does not apply here because the statutes

3

underlying DOJ's claims do not authorize it to issue subpoenas for compliance. Congress knows how to create subpoena power and special proceedings to enforce those subpoenas, *see, e.g.*, 29 U.S.C. § 161(1)-(2) (authorizing National Labor Relations Board to issue subpoenas and seek "court aid" in compelling compliance under threat of contempt), but it simply did not do so for the NVRA, HAVA, or Title III. And, in any event, DOJ itself does not cite Rule 81(a)(5) in support of its motion for an order to produce records. Accordingly, based on the plain text of Rule 1, this action must be governed by the Federal Rules of Civil Procedure, just like all other civil actions that lack special carveouts in statute or the Federal Rules themselves.

Nothing in the statutes DOJ cites in its complaint supports departing from the Federal Rules. The NVRA, for example, authorizes the Attorney General to "bring a civil action in an appropriate district court for such declaratory or injunctive relief as is necessary to carry out this chapter," 52 U.S.C. § 20510(a), but it makes no mention of exempting those actions from the Federal Rules. The same goes for HAVA. *See* 52 U.S.C. § 21111 (authorizing the Attorney General to "bring a civil action against any State or jurisdiction in an appropriate United States District Court" for declaratory or injunctive relief under certain sections of HAVA). Indeed, district courts regularly hear NVRA and HAVA cases under the Federal Rules. *See, e.g., Pub. Int. Legal Found., Inc. v. Bellows*, 664 F. Supp. 3d 153 (D. Me. 2023), *aff'd*, 92 F.4th 36 (1st Cir. 2024); *Colon-Marrero v. Conty-Perez*, No. 12-1749CCC, 2015 WL 3508142, at *1 (D.P.R. June 4, 2015), *aff'd sub nom. Colon-Marrero v. Velez*, 813 F.3d 1 (1st Cir. 2016). Despite the large volume of NVRA and HAVA cases in federal district courts, DOJ does not identify *any* that have been resolved outside of the Federal Rules.[1] Proposed Intervenors are

---

[1] Since courts hearing NVRA claims consistently apply the Federal Rules to such claims, DOJ's suggestion that the NVRA must be read in conjunction with the Civil Rights Act

aware of none.

DOJ pins its request for an "order to produce records" on the CRA, claiming that statute "displaces" the Federal Rules and creates a "special statutory proceeding." Mem. at 6. But the CRA similarly fails to justify departing from the Federal Rules. To the contrary, the statute merely assigns jurisdiction to hear Title III disputes to "[t]he United States district court for the district in which a demand is made," and provides that such courts may "by appropriate process" compel the production of covered records. 52 U.S.C. § 20705. Nothing in that unremarkable grant of jurisdiction says that Title III cases are exempt from the Federal Rules or immune from searching judicial review, as DOJ insists. Nor does the term "summary proceeding" appear anywhere in the law.

Instead of the statutory text, DOJ relies solely on one Fifth Circuit opinion from 1962 that describes an action to enforce Title III of the Civil Rights Act of 1960 as a "special statutory proceeding" with minimal judicial involvement. Mem. at 6 (quoting *Kennedy v. Lynd*, 306 F.2d 222, 225 (5th Cir. 1962)). But *Lynd*'s conclusion on that score finds no support in the statutory text and is fundamentally incompatible with modern jurisprudence. Just two years after *Lynd*, the Supreme Court squarely rejected similar arguments in *United States v. Powell*, 379 U.S. 48, 57–58 (1964). *Powell* concerned a government request for a district court to enforce a tax subpoena under a statute materially similar to Title III. *See id.* The Supreme Court held that to invoke the powers of a federal court to enforce the subpoena, the government must show its investigation "will be conducted pursuant to a legitimate purpose" and that "the inquiry may be relevant to the purpose," notwithstanding broad statutory language underlying the subpoena in that case. *See id.* This required showing does not "make meaningless the adversary hearing." *Id.* at 58. As *Powell* explained, "[i]t is the court's process which

---

of 1960, Mem. at 13, cuts *against* their request for a special statutory proceeding for their Civil Rights Act claim.

is invoked to enforce the administrative summons and a court may not permit its process to be abused." *Id.* (noting "an abuse would take place if the summons had been used for an improper purpose"). To the extent *Lynd* refused to engage in judicial review of government document requests, that is simply not the law.[2]

For the same reasons, *Powell* also rebuffed the government's attempt to depart from proceeding under the Federal Rules, holding instead that because the statute at

---

[2] The procedure and facts before *Lynd* also differ starkly from those here. To start, that appeal consolidated five separate cases from two different states and two judicial districts. *Lynd*, 306 F.2d at 225. The precise procedures—whether pursuant to the Federal Rules or not—are not detailed for each case, nor did the Fifth Circuit question them. There is nothing in *Lynd* that supports the procedural maneuver DOJ tries here.

*Lynd* also had no reason to doubt that DOJ invoked Title III for a valid purpose. As the court explained, Title III's "clearest purpose" is to permit investigations "concerning infringement or denial of . . . voting rights." 306 F.2d at 228. In *Lynd*, DOJ was doing just that: demanding voter records from counties in Mississippi and parishes in Louisiana "based upon information in the possession of the Attorney General tending to show that distinctions on the basis of race or color have been made with respect to registration and voting within your jurisdiction." *id.* at 229 n.6. In stark contrast, here DOJ purports to invoke Title III to "ascertain" *whether California has complied with voter list maintenance obligations under the NVRA and HAVA*. Mem. at 5–7. In other words, DOJ seeks to jury-rig Title III to enforce statutes that were passed long after the CRA, that have nothing to do with the denial of the right to vote, and (as to the NVRA) have their own distinct disclosure rules enacted by Congress. *See* 52 U.SC. § 20507(i). Also unlike here, *Lynd* involved no question that the records sought fell within the scope of Title III. *See* NAACP-SIREN Intervenors' Mot. Dismiss at 12–16, ECF No. 62-1. Even *Lynd* acknowledged that if there *were* a "genuine dispute" about whether records sought fell under Title III, *then* the court must "be open for its determination." 306 F.2d at 226. And *Lynd* emphasized that the DOJ in the case before it did *not* seek "confidential, private" records, *id.* at 231, whereas DOJ here demands sensitive voter information deemed "confidential" and protected from disclosure under California law, *see* Cal. Elec. Code § 2194(b)(1).

1  issue "contains no provision specifying the procedure to be followed in invoking the
2  court's jurisdiction, *the Federal Rules of Civil Procedure apply*." 379 U.S. at 58 n.18
3  (emphasis added). The jurisdictional provision in the subpoena statute interpreted by
4  *Powell* closely parallels the Civil Rights Act of 1960. *Compare* 26 U.S.C. § 7604(a)
5  ("[T]he United States district court for the district in which such person resides or is
6  found *shall have jurisdiction by appropriate process* to compel such attendance,
7  testimony, or production of books, papers, records, or other data[.]" (emphasis added))
8  *with* 52 U.S.C. § 20705 ("The United States district court for the district in which a
9  demand is made . . .or in which a record or paper so demanded is located, *shall have*
10 *jurisdiction by appropriate process* to compel the production of such record or paper."
11 (emphasis added)). The Supreme Court made clear that claimants could not evade the
12 Federal Rules under such a provision. The reasoning of *Powell*—which, unlike the Fifth
13 Circuit's in *Lynd*, binds this Court—forecloses any notion that Title III's simple
14 jurisdictional grant and reference to "appropriate process" requires departing from the
15 Federal Rules for some non-existent summary or special proceeding of DOJ's own
16 invention.

17       Since *Powell*, courts—including the circuit court that issued *Lynd*—have
18 regularly engaged in meaningful judicial review of government document requests
19 under the Rules. *E.g.*, *Sugarloaf Funding, LLC v. U.S. Dep't of Treasury*, 584 F.3d 340,
20 347–50 (1st Cir. 2009) (allowing summons recipient opportunity to rebut government's
21 prima facie case); *CFPB v. Source for Pub. Data, L.P.*, 903 F.3d 456, 458–60 (5th Cir.
22 2018) (reversing order to enforce civil investigative demand after inquiry into the
23 sufficiency of the purpose and basis of demand); *CFPB v. Accrediting Council for*
24 *Indep. Colls. & Schs.*, 854 F.3d 683, 690 (D.C. Cir. 2017) (rejecting "perfunctory"
25 statement of purpose in issuing civil investigative demand, reasoning agencies are "not
26 afforded unfettered authority to cast about for potential wrongdoing"); *In re Admin.*
27 *Subpoena No. 25-1431-019*, No. 1:25-MC-91324-MJJ, 2025 WL 2607784, at *5 (D.
28

Mass. Sept. 9, 2025) (quashing subpoena when DOJ "failed to show proper purpose" under the statutory scheme, rejecting notion that "the Government's self-proclaimed say-so" is sufficient to "preclude any form of judicial review"). Since nothing in its text exempts Title III enforcement actions from judicial review or the Federal Rules, there is no reason why Title III should be treated any differently.

This Court should thus reject DOJ's suggestion that Title III "displaces the Federal Rules of Civil Procedure," Mem. at 6, and should instead apply those Federal Rules as it does in nearly every other civil action. That starts with resolving the parties' motions to dismiss before proceeding to any necessary discovery period and summary judgment briefing.

## II. The pending motions to dismiss are the proper vehicles for either resolving this case or proceeding to any needed discovery.

Consistent with the above, the Court can and should resolve this case via the fully briefed and pending motions to dismiss, not through a "motion for an order to produce records" that is not sanctioned by the Federal Rules or any statute. That is particularly so because, as the NAACP-SIREN intervenors explain in their motion to dismiss and reply, DOJ's claims in this case are legally deficient and must be dismissed. *See generally* NAACP-SIREN Intervenors' Mot. Dismiss, ECF No. 62-1, Reply in Supp. of NAACP-SIREN Intervenors' Mot. Dismiss, ECF No. 86. As stressed at the hearing on the motions to dismiss, the Executive Branch has *no authority* to meddle in state voter registration activities absent a valid grant from Congress to do so. See U.S. Const. art. I, § 4, cl. 1; *Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 17 (2013); H.R. Rep. No. 107-329, at 31–32, 36 (2001). Here, none of the purported statutory bases for DOJ's demand—the NVRA, HAVA, or CRA—provide the authority it claims. *See* NAACP-SIREN Mot. Dismiss 7–20, ECF No. 62-1. The Court is now well positioned to resolve that legal question, which has been extensively briefed in the motions to dismiss now under submission.

Resolving those fully-briefed Rule 12(b) motions—and not DOJ's self-styled "motion for an order to produce records"—is the appropriate next step in this case. After all, the Federal Rules provide for early motions to dismiss for a simple and sound reason: to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Motions to dismiss thus serve a crucial gatekeeping function: "The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) Accordingly, "if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent and abdication of our judicial responsibility." *Id.* In light of the fatal legal deficiencies in DOJ's complaint, resolving its motion to compel production first would get things backwards, depriving the Intervenors and State Defendants of their opportunity to test the legal sufficiency of DOJ's claims at the outset, as the Rules envision. The motions to dismiss are thus the proper mechanism to resolve DOJ's claims.

Even if the Court denies the motions to dismiss in whole or in part, the next step would be to permit discovery on DOJ's claims, including its assertions regarding its intended uses of the data it seeks—which are contradicted by public reporting, *see* NAACP-SIREN Intervenors' Mot. Dismiss, Background § III, ECF No. 62-1—and its dubious allegation that it would abide by federal privacy laws. Granting DOJ the final relief it seeks before discovery occurs would be premature. *See S.E.C. v. Seaboard Corp.*, 677 F.2d 1315, 1317 (9th Cir. 1982) (abrogated on other grounds) (recognizing "what amounts to summary judgment should not be granted until the opposing party has been afforded discovery").

# CONCLUSION

NAACP-SIREN Intervenors respectfully request that this Court deny the motion to compel production.[3]

Dated: December 15, 2025

Respectfully submitted,

*/s/ Lalitha D. Madduri*
Lalitha D. Madduri (CA Bar No. 301236)
Jacob D. Shelly* (DC Bar No. 90010127)
Christopher D. Dodge* (DC Bar No. 90011587)
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
F: (202) 968-4498
lmadduri@elias.law
jshelly@elias.law
cdodge@elias.law

---

[3] Alternatively, the Court need not resolve this motion if it grants State Defendants' motion to defer briefing on DOJ's request until after ruling on the pending motions to dismiss, which may moot DOJ's motion. Mot., ECF No. 102, at 2. Intervenors do not object to such a deferral.

Tyler L. Bishop (CA Bar No. 337546)
Walker McKusick* (WA Bar No. 63205)
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
tbishop@elias.law
wmckusick@elias.law

Omar Qureshi (CA Bar No. 323493)
Max Schoening (CA Bar No. 324643)
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 600-6096
omar@qureshi.law
max@qureshi.law

*Counsel for Proposed Intervenor-Defendants NAACP; NAACP California-Hawaii State Conference; and Services, Immigrant Rights and Education Network*

* *Admitted pro hac vice*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Intervenor Defendants NAACP, NAACP-CA/HI, and SIREN certifies that this brief contains 3,218 words, which complies with the word limit of Local Rule 11-6.1.

Dated: December 15, 2025        */s/ Lalitha D. Madduri*
                                                  Lalitha D. Madduri