Lalitha D. Madduri (CA Bar No. 301236)
lmadduri@elias.law
Jacob D. Shelly* (DC Bar No. 90010127)
jshelly@elias.law
Christopher D. Dodge* (DC Bar No. 90011587)
cdodge@elias.law
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4652
F: (202) 968-4498

Tyler L. Bishop (CA Bar No. 337546)
tbishop@elias.law
Walker McKusick* (WA Bar No. 63205)
wmckusick@elias.law
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
F: (206) 656-0180

Omar Qureshi (CA Bar No. 323493)
omar@qureshi.law
Max Schoening (CA Bar No. 324643)
max@qureshi.law
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 600-6096
F: (213) 277-8989

*Counsel for Intervenor-Defendants NAACP; NAACP California-Hawaii State Conference; and Services, Immigrant Rights and Education Network*

* Admitted pro hac vice

Case No. 2:25-09149-MWF-MAR

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHIRLEY N. WEBER, in her official capacity as Secretary of State of California, et al.,<br><br>　　　　Defendants. | Case No: 2:25-cv-09149-MWF-MAR<br><br>**NAACP, NAACP CA/HI, AND SIREN'S RESPONSE TO NOTICE OF DECISION**<br><br>Honorable David O. Carter<br>United States District Judge |

**RESPONSE TO NOTICE OF DECISION**

The NAACP, NAACP CA/HI, and SIREN Intervenors (collectively, "NAACP Intervenors") respond to the Department of Justice's January 12, 2026 notice of decision (ECF No. 124) as follows:

On the substance, the district court's order in *United States v. Thomas*, No. 3:26-cv-00021 (D. Conn.) ("*Thomas* Docket"), ECF No. 10, does nothing to advance DOJ's request for relief in this case. The order did *not* order Connecticut to turn over its unredacted state voter registration list to DOJ; it merely set a briefing schedule in a one-page order that contains no legal analysis that could aid this Court. *See* ECF No. 124-1, Ex. A (Order); *see also Davis v. O'Connor*, No. 18-cv-824, 2019 WL 13255483, at *1 (S.D. Cal. Jan. 17, 2019) ("[a]n order to show cause is not a decision, it is a call for additional briefing"). Nor did the order find that DOJ has adequately stated a claim for relief under the CRA, NVRA, or HAVA—never mind proven such a claim.[1] Indeed, despite DOJ having now sued 24 different states for private voter data, not a single court in the nation has yet found DOJ's claims to be legally viable.

The Connecticut order is also not relevant to proceedings in this Court, which are at a more advanced stage and in which this Court has received the benefit of briefing and advocacy on both procedural and substantive issues. In Connecticut, in contrast, the proceedings are at their infancy and the Court issued its one-page order before the State had even appeared—indeed, before it was even served. *See generally Thomas* Docket. Beyond not speaking to the merits whatsoever, the order offers no reasoning on the

---

[1] In fact, in the Connecticut case, DOJ has abandoned both its NVRA and HAVA claims, and alleges only a single claim under the CRA (despite contending that it seeks the private voter data at issue to ascertain Connecticut's compliance with NVRA and HAVA). DOJ's sole CRA claim in that case is flawed for the same reason as its claim here, namely that it is not based on any reason to believe that Connecticut has violated any federal voting rights law. *See Thomas*, ECF No. 1.

procedural question of how these claims should proceed. In this case, in contrast, this Court has already properly deferred ruling on DOJ's similar, so-called "Request For Order to Produce Records" after the State requested deferral pending resolution of now fully briefed and argued motions to dismiss filed by the State Defendants, NAACP Intervenors, and League of Women Voters Intervenors. *See* ECF No. 114. DOJ has not renewed its legally baseless request or sought any further briefing on an order to show cause. Moreover, doing so at this stage would be highly inefficient and only delay matters—as the Court here has already held argument on the parties' earlier filed (and still pending) motions. Should this case survive the motions to dismiss, the proper path here remains proceeding to discovery, summary judgment briefing, and trial, as necessary. *See* ECF No. 113 (NAACP Intervenors explaining that the ordinary Federal Rules govern this action); *see also* ECF No. 102 at 4–5 (similar arguments from State Defendants). Nothing in the one-page order cited by DOJ—issued in a case with narrower claims and where there has not yet been any opportunity for any party to present argument to the contrary—provides reason to find otherwise.

Finally, to the extent the Connecticut order endorses a different procedure than those ordinarily applied in civil actions (*i.e.*, the Federal Rules)—and given the early stage of the Connecticut proceedings, it is not yet clear that it does—it is legally flawed. DOJ has now sued 24 states seeking nearly-identical relief and filed motions for an order to show cause (or similar) in many of those cases. The Connecticut action—filed on January 6, 2026—is one of the newest. But so far Connecticut is the *only* court to issue an order to show cause shifting the burden to Defendants to explain why DOJ should not prevail on its claims.[2] In contrast, other courts are proceeding with Rule 12

---

[2] In *United States v. Raffensperger*—the Georgia equivalent of this case—the district court issued an order to show cause as to why jurisdiction was proper in the Middle District of Georgia. *See* Order, Case No. 5:25-cv-548-CAR (M.D. Ga. Dec. 22, 2025),

briefing—with such briefing complete in California, Oregon, and Michigan, with Maine and Pennsylvania to follow within the week. These latter courts have the right of it—Rule 12 is the proper gatekeeping procedure to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). These courts, moreover, have had the benefit of advocacy on the question of what rules apply to this case, as well as on the merits.

As noted, in the Connecticut case, the state was only served days after the Court's order to show cause issued, meaning that the court lacked adversarial briefing on the propriety of issuing its order. *See generally Thomas* Docket. With the benefit of briefing, the court may have well determined that, because the Civil Rights Act of 1960 "contains no provision specifying the procedure to be followed in invoking the court's jurisdiction, the Federal Rules of Civil Procedure apply." *United States v. Powell*, 379 U.S. 48, 58 n.18 (1964) (interpreting a similar provision to 52 U.S.C. § 20705 to require proceeding under the Federal Rules). This Court—which has the benefit of fully briefed motions to dismiss before it—correctly rejected DOJ's attempt to circumvent the Federal Rules when it declined to entertain DOJ's request to obtain relief in parallel or in advance of determining whether this case should even proceed past the pleading stage. Nothing in the Connecticut order provides reason to find otherwise.

---

ECF No. 9. But no court across the two dozen suits filed by DOJ seeking statewide voter registration lists has yet issued an order to show cause like the one in Connecticut.

| | | |
|---|---|---|
| 1 | Dated: January 13, 2026 | Respectfully submitted, |
| 2 | | */s/ Lalitha Madduri* |
| | | Lalitha D. Madduri (CA Bar No. 301236) |
| 3 | | Jacob D. Shelly* (DC Bar No. 90010127) |
| 4 | | Christopher D. Dodge* (DC Bar No. 90011587) |
| 5 | | **ELIAS LAW GROUP LLP** |
| 6 | | 250 Massachusetts Ave. NW, Suite 400 |
| 7 | | Washington, DC 20001 |
| | | T: (202) 968-4652 |
| 8 | | F: (202) 968-4498 |
| | | lmadduri@elias.law |
| 9 | | jshelly@elias.law |
| 10 | | cdodge@elias.law |

Tyler L. Bishop (CA Bar No. 337546)
Walker McKusick* (WA Bar No. 63205)
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
T: (206) 656-0177
tbishop@elias.law
wmckusick@elias.law

Omar Qureshi (CA Bar No. 323493)
Max Schoening (CA Bar No. 324643)
**QURESHI LAW PC**
700 Flower Street, Suite 1000
Los Angeles, CA 90017
T: (213) 600-6096
omar@qureshi.law
max@qureshi.law

*Counsel for Intervenor-Defendants NAACP; NAACP California-Hawaii State Conference; and Services, Immigrant Rights and Education Network*

* *Admitted pro hac vice*